UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN LUNDY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK INC.,<br><br>Defendant. | Case No. 18-cv-06793-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 135 |

This order resolves defendant Facebook's motion to dismiss the second amended complaint by plaintiff users, which challenges Facebook's collection of personal location data. Dkt. No. 135. The parties' familiarity with the record is assumed.

Dismissal on timeliness grounds is denied. The claims of the four new plaintiffs are timely because they relate back to the original complaint under Federal Rule of Civil Procedure 15(c). The new plaintiffs were members of the putative class proposed in the original complaint; their claims arise out of the same conduct set out in that pleading; and relation back will not unfairly prejudice Facebook. *See Bebault v. DMG Mori USA, Inc.*, No. 18-cv-02373-JD, 2020 WL 2065646, at *3 (N.D. Cal. Apr. 29, 2020).

Dismissal of all of the unjust enrichment claims as untimely is also denied. As Facebook acknowledges, the limitations issue raises factual questions about when plaintiffs discovered the alleged wrongs. Dkt. No. 135 at 7. These factual questions are ill-suited for resolution on a motion to dismiss, *see In re Capacitors Antitrust Litig.*, 106 F. Supp. 3d 1051, 1065 (N.D. Cal. 2015), and Facebook has not demonstrated that they can be decided as a matter of law here.

The Court declines to revisit its prior conclusions about plaintiffs' standing and injury in fact. The Court decided this issue against Facebook, *see* Dkt. No. 130 at 9-12, and Facebook has

not presented a good reason for reconsideration of plaintiffs' Article III standing to proceed with this case.

Dismissal of the fraud claims is denied. As the Court previously held, plaintiffs have adequately pleaded a misrepresentation or omission. A user may reasonably have concluded from the language identified by plaintiffs that Facebook would not collect device locations or IP addresses without user consent. Plaintiffs have also plausibly alleged that Facebook failed to disclose its use of enhanced location determination techniques. This was information that was exclusively known to Facebook and not the plaintiffs, and plaintiffs have plausibly alleged that Facebook made partial representations that were made misleading by its alleged omission. *See LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997).

For the element of reliance, which the Court had expressed some concern about, *see* Dkt. No. 130 at 14, plaintiffs Lundy and Watkins no longer assert fraud claims. New plaintiffs Agnitti, Hodge and Jolly allege that they "read the Effective Privacy Policy," "adjusted the Location Services settings on their devices" and "turned their Location History setting off," and "used Facebook from their devices with the understanding that Facebook would not collect and use their location information." Dkt. No. 132 ¶¶ 223-24. They also allege that they "would not have used the Facebook App . . . had they known that Facebook would collect their location information." *Id*. ¶ 225. And "[a]fter learning that Facebook will continue tracking them regardless of whether they turn off Location Services or Location History," plaintiffs Agnitti and Jolly "have not used Facebook when they do not want Facebook to know their location," and Hodge has "removed the Facebook App from her device" altogether. *Id*. ¶ 226. These allegations plausibly allege reliance. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (plausibility analysis is "context-specific" and not only invites, but "requires the reviewing court to draw on its judicial experience and common sense").

For the damages element of plaintiffs' contract and quasi-contract claims, plaintiffs have adequately pleaded claims for disgorgement and nominal damages. Dkt. No. 132 ¶¶ 167, 175. These types of damages are not covered by the limitation of liability provision Facebook points to in its motion to dismiss. Dkt. No. 135 at 12. Nominal damages may be recovered for a breach of

1  contract under California law. *See Mission Beverage Co. v. Pabst Brewing Co.*, 15 Cal. App. 5th
2  686, 710-711 (2017) ("A plaintiff suing for breach of contract is entitled to recover . . . nominal
3  damages."); *Tribeca Cos. v. First Am. Title Ins. Co.*, 239 Cal. App. 4th 1088, 1103 n.12 (2015)
4  ("Generally, a plaintiff who proves a breach of duty (including breach of contract) but fails to
5  show any appreciable detriment -- *i.e.*, damages -- nevertheless may recover nominal damages.")
6  (cleaned up). These state court cases post-date the circuit case Facebook cited for the opposite
7  proposition. *See* Dkt. No. 135 at 13. In addition, our circuit has more recently indicated, albeit in
8  an unpublished decision, that an inability to show actual damages does not preclude recovery for
9  breach of contract under California law. *See Raiser v. Ventura Coll. of L.*, 488 F. App'x 219, 222
10 (9th Cir. 2012) (unpublished). Plaintiffs have also adequately pleaded disgorgement. "California
11 law recognizes a right to disgorgement of profits resulting from unjust enrichment, even where an
12 individual has not suffered a corresponding loss." *In re Facebook, Inc. Internet Tracking Litig.*,
13 956 F.3d 589, 599-600 (9th Cir. 2020) (citing *Cnty. of San Bernadino v. Walsh*, 158 Cal. App. 4th
14 533, 542 (2007)).

15 For the breach of contract claim more broadly, Facebook says that "plaintiffs' breach of
16 contract claim also fails because plaintiffs cannot establish any breach. Facebook's practices are
17 entirely consistent with its disclosed policies." Dkt. No. 135 at 13. The point is not well taken
18 because the Court has already rejected its misrepresentation underpinnings, and because the
19 contention raises a factual dispute outside the scope of a pleadings motion. Facebook has also
20 challenged plaintiffs for "insist[ing] that Facebook breached the contract *not* because it collected
21 information, but rather because it" stored, used, and monetized plaintiffs' location data, which
22 Facebook did not "promise[] not to do." *Id.* at 14 (emphasis in original). That is not what
23 plaintiffs have actually alleged. The complaint states, "[d]uring the Class Period, Facebook
24 breached its contractual obligation to respect Plaintiffs' and Class members' privacy settings and
25 not to *collect*, store and use and monetize their location data derived from their IP addresses in
26 connection with targeted advertising." Dkt. No. 132 ¶ 162 (emphasis added).

27 Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is
28 dismissed as superfluous. There are no allegations that reach beyond the actual terms of the

3

Privacy Policy. "Where breach of an actual term is alleged, a separate implied covenant claim, based on the same breach, is superfluous." *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 327 (2000). This dismissal is without prejudice to possible renewal of the claim at a later stage of the case, if warranted by developments.

The Court declines to dismiss plaintiffs' unjust enrichment claim at this stage of the case. The status of unjust enrichment as an independent cause of action under California law is not clear, *see ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016), and plaintiffs have presented it as both a claim and a remedy. Facebook is not prejudiced by the presence of the alternative claim, which is permitted by the rules in any event. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.").

Facebook's request to strike plaintiffs' nationwide class allegations under Rule 12(f), Dkt. No. 135 at 15, is denied. To be sure, the Court has expressed doubts about nationwide class allegations under California law in other contexts, *see*, *e.g.*, *Freedline v. O Organics*, No. 19-cv-01945-JD, 2020 WL 6290352, at *2 (N.D. Cal. Oct. 27, 2020), but the better course here is to take up the argument at the Rule 23 stage. *See Milan v. Clif Bar & Co.*, No. 18-cv-02354-JD, 2019 WL 3934918, at *3 (N.D. Cal. Aug. 20, 2019).

**IT IS SO ORDERED.**

Dated: September 30, 2021

JAMES DONATO
United States District Judge