1  FRANKLIN D. AZAR (*pro hac vice*)
   azarf@fdazar.com
2  PAUL R. WOOD (*pro hac vice*)
   woodp@fdazar.com
3  MICHAEL D. MURPHY (*pro hac vice*)
   murphym@fdazar.com
4  **FRANKLIN D. AZAR & ASSOCIATES,**
   **P.C.**
5  14426 East Evans Avenue
   Aurora, CO 80014
6  Telephone:    (303) 757-3300
   Facsimile:    (720) 213-5131
7
8
   *Attorneys for Plaintiffs Brendan Lundy,*
9  *Elizabeth Childers, Michelle Agnitti, Robin*
   *Hodge, William Jolly, and the Proposed Class*
10

BARRETT J. VAHLE (*pro hac vice*)
vahle@stuevesiegel.com
JILLIAN R. DENT (*pro hac vice*)
dent@stuevesiegel.com
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714 7101

SABITA J. SONEJI (SBN 224262)
ssoneji@tzlegal.com
**TYCKO & ZAVAREEI LLP**
The Tower Building
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808
Facsimile: (202) 973-0950

*Attorneys for all Plaintiffs and the Proposed*
*Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

BRENDAN LUNDY, AN INDIVIDUAL
AND COLORADO RESIDENT, MYRIAH
WATKINS, AN INDIVIDUAL AND
COLORADO RESIDENT, ELIZABETH
CHILDERS, AN INDIVIDUAL AND
CALIFORNIA RESIDENT, MICHELLE
AGNITTI, AN INDIVIDUAL AND SOUTH
CAROLINA RESIDENT, ROBIN HODGE,
AN INDIVIDUAL AND GEORGIA
RESIDENT AND WILLIAM JOLLY, AN
INDIVIDUAL AND TEXAS RESIDENT,

      Plaintiffs,

vs.

META PLATFORMS, INC.,

      Defendant.

Case No.: 3:18-cv-06793-JD

**NOTICE OF MOTION AND MOTION**
**FOR VOLUNTARY DISMISSAL OF**
**PLAINTIFF WILLIAM JOLLY**
**PURSUANT TO FED. R. CIV. P. 41(a)(2)**

Judge:         James Donato
Courtroom:  11
Date:          June 16, 2022
Time:          10:00 a.m.

1

## NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL

2

PLEASE TAKE NOTICE THAT on June 16, 2022, at 10:00 a.m. or as soon thereafter as

3

the matter may be heard, in Courtroom 11, 19th Floor of the above-captioned Court, Plaintiffs will

4

move the Court, pursuant to Fed. R. Civ. P. 41(a)(2), for an Order allowing Plaintiff William Jolly

5

("Jolly") to dismiss, with prejudice, his individual claims against Meta Platforms, Inc. (f/k/a

6

Facebook, Inc.) ("Meta") in this case, and that he be allowed to withdraw as a named plaintiff. This

7

Motion is based on this notice, the following memorandum of points and authorities, further

8

argument as may be presented at or before the time of the hearing on this Motion, and any other

9

matters the Court may properly consider.

10

## STATEMENT OF RELIEF SOUGHT

11

Plaintiffs seek an order, pursuant to Rule 41(a)(2), allowing Jolly to dismiss, with

12

prejudice, his individual claims against Meta in this case, and terminate him as a named plaintiff,

13

without conditions, costs, or fees to any party.

14

## MEMORANDUM OF POINTS AND AUTHORITIES

15

### I.    INTRODUCTION

16

Plaintiff Jolly is among six putative class representatives in this class action against Meta in

17

connection with Meta's improper collection and use of their IP addresses, without their

18

authorization, to determine their location and to send them targeted advertising. Meta has noticed

19

Jolly's deposition for May 10, 2022. After his deposition was noticed, Jolly decided that he no longer

20

wants to pursue his claim against Meta in any capacity due to his concerns for his privacy, as well

21

as pressing demands at his place of employment, and Jolly requests that the Court dismiss, with

22

prejudice, his individual claims against Meta.

23

Counsel for Plaintiffs met and conferred with Meta's counsel on May 6, 2022 to see if Meta

24

would stipulate to dismiss Jolly from this case, but counsel for Meta refused to agree to Jolly's

25

dismissal unless Plaintiffs agree to Jolly's deposition. Thus, simultaneously with the filing of this

26

Motion, Plaintiffs have filed a Motion for a Protective Order seeking to vacate his deposition.

27

28

CASE NO.: 3:18-cv-06793-JD
NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF
WILLIAM JOLLY

1

It is not uncommon for a named plaintiff to decide they no longer wish to be under the spotlight of class action litigation, subjected to discovery and its concomitant intrusion into one's privacy, and the demands of having to continue to commit their time to monitoring the prosecution of the action, particularly when pressed with onerous work-related demands. Plaintiffs Brendan Lundy, Myriah Watkins, Elizabeth Childers, Michelle Agnitti and Robin Hodge, the other named plaintiffs in this case, are all willing to continue to pursue this litigation on behalf of the putative class and their depositions are scheduled to be completed by June 3, 2022. These five other Plaintiffs will continue to represent themselves and the putative class, and they intend to vigorously prosecute this lawsuit. Thus, the interests of the putative class members will be fully protected by the voluntary dismissal of Jolly from this case.

The Court should grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant will be prejudiced. Meta cannot demonstrate that it would suffer any legal prejudice as to any legal interest, legal claim, or legal argument as a result of Jolly's voluntary dismissal, particularly where Jolly requests that his claims against Meta be dismissed with prejudice.

Accordingly, this Court should grant Plaintiffs' Motion, allowing Jolly to be removed as a named plaintiff and dismissing, with prejudice, his individual claims against Meta in this case, and without costs or fees to any party.

## II.    RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On January 21, 2022, Plaintiffs filed their Second Amended Complaint ("SAC"), adding Plaintiffs Childers, Agnitti, Hodge, and Jolly as potential class representatives. ECF 132. In the SAC, all putative class representatives allege claims, individually, and on behalf of a nationwide class, against Meta for breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment. Plaintiffs Agnitti, Hodge and Jolly also allege claims against Meta, individually, and on behalf of a nationwide subclass, for intentional misrepresentation and omission, deceit by concealment or omission under Cal. Civ. Code §§ 1709 & 1710.

On April 26, 2022, Facebook noticed the depositions of all Plaintiffs and set Jolly's deposition for May 10, 2022. *See* Declaration of Michael D. Murphy (Murphy Decl.), filed

herewith, ¶ 3. On May 3, 2022, Jolly advised Plaintiffs' counsel, for the first time, that he no longer desired to be a named plaintiff in this case and that he wanted to dismiss his claims against Meta. *Id.*, ¶¶ 4-5; *see also* Declaration of William Jolly ("Jolly Decl."), filed herewith, ¶ 2 (stating that he no longer wishes to serve as a named plaintiff in this case, that he would like to be dismissed with prejudice from the case, and that he does not wish to be a class member in this case should a class be certified). Jolly no longer has the time to dedicate the hours necessary to adequately serve as a putative class representative in this case, as he recently has had a large influx of obligations at his job. Jolly Decl., ¶ 3. Jolly also does not want Facebook delving into his personal life and inquiring about matters he considers to be private. Jolly Decl., ¶ 4.

On May 4, 2022, counsel for Jolly informed Meta's counsel that Jolly wanted to dismiss his claims and asked that his deposition be vacated. Meta's counsel refused to vacate the deposition.

In accordance with Jolly's instructions, Plaintiffs' counsel now move to dismiss Jolly's claims in this case with prejudice and also moves separately for a protective order regarding his deposition.

III.   **ARGUMENT**

A.     **The Court Should Allow Jolly to Voluntarily Dismiss, with Prejudice, Pursuant to Rule 41(a)(2), His Individual Claims Against Facebook.**

Rule 41 of the Federal Rules of Civil Procedure governs the voluntary dismissal of federal claims. After a defendant has served an answer, as is the case here, unless the parties stipulate, Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The decision to grant or deny a voluntary dismissal pursuant to Rule 41(a)(2) is within "the sound discretion of the District Court," including whether the dismissal is with or without prejudice. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982); *Diamond State Ins. Co. v. Genesis Ins. Co.*, 379 F. App'x 671, 673 (9th Cir. 2010).

In deciding a motion for voluntary dismissal under Rule 41(a)(2), the Court must decide: (1) whether to allow the dismissal; (2) whether the dismissal should be with or without prejudice;

and, (3) what terms and conditions, if any, should be imposed. *See* Fed. R. Civ. P. 41(a)(2); *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 59 (N.D. Cal. 2005).

"A court should grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant will 'suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts.'" *Gonzalez v. Proctor & Gamble Co.*, No. 06cv869 WQH (WMc), 2008 WL 612746, at *3 (S.D. Cal. Mar. 4, 2008) (quoting *Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 984, 986 (5th Cir. 1989)). Furthermore, the "Ninth Circuit interprets 'legal prejudice' to mean 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)). This threshold is not satisfied merely because the defendant would be inconvenienced. *Hamilton*, 679 F.2d at 145.

**B. Facebook Will Not Be Prejudiced If the Court Allows Jolly to Voluntarily Dismiss, with Prejudice, His Individual Claims Against Facebook.**

"When considering whether to permit a named plaintiff to withdraw from a class action, courts have observed that '[a]bsent a good reason . . . a plaintiff should not be compelled to litigate if [he] doesn't wish to.'" *Roberts v. Electrolux Home Prods., Inc.*, No. 12-1644 CAS (VBKx), 2013 WL 4239050, at *2 (C.D. Cal. Aug. 14, 2013) (citation omitted); *see also U.S. ex rel. Meyer v. Horizon Health Corp.*, No. C 00-1303, 2006 WL 1490216, at *1 (N.D. Cal. May 25, 2006) (Armstrong, J.); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (stating that potential class representatives must be able to "vigorously" pursue claims on behalf of the class). Accordingly, "a district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987). And since "the requested dismissal here does not dispose of the entire case, the Court [should] consider[] the effect of the dismissal on other parties to the litigation." *Fraley v. Facebook, Inc.*, No. 11-CV-01726-LHK, 2012 WL 893152, at *2 (N.D. Cal. Mar. 13, 2012) (collecting cases).

Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice." *Westlands*,

CASE NO.: 3:18-cv-06793-JD
NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF WILLIAM JOLLY

4

100 F.3d at 97. Likewise, "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Id.*

Here, there is no "legal prejudice" to Meta as to any such legal interest, legal claim, or legal argument if Jolly is permitted to voluntarily dismiss, with prejudice, his individual claims against Meta. There is no reason for the Court to demand that Jolly continue litigating a case from which he has decided to withdraw. The putative class action case will continue without Jolly, and Meta has had, and will continue to have, ample time in which to prepare a defense against the class claims alleged against it by Plaintiffs Lundy, Watkins, Childers, Agnitti and Hodge, who remain as named plaintiffs. Jolly will gain no tactical advantage because his claims will be dismissed with prejudice, precluding him from refiling them.

The discovery Plaintiffs served on Meta is class-wide in nature and propounded by Plaintiffs collectively; the discovery is not specifically directed toward any of the named plaintiffs, including Jolly. Moreover, Meta will not be unfairly prejudiced by the voluntary dismissal of Jolly because the dismissal of his claims are not dispositive of this case, or any cause of action in the case, and Facebook's defenses otherwise remain intact. *Allen on Behalf of Glens Falls Bldg. & Constr. Trades Council v. Indeck Corinth Ltd. P'ship*, 161 F.R.D. 233, 236 (N.D.N.Y. 1995) ("defendants' effort and expense in preparing for trial will not be wasted, as there are still several plaintiffs pursuing this action, and a dismissal with prejudice alleviates any concerns about duplicative litigation"). Meta cannot realistically contend that it has spent substantial effort and expense preparing for deposition of Jolly individually, as opposed to the case as a whole brought by the putative class representatives as a collective group, where they were informed approximately one week before the deposition that Jolly wanted to dismiss his claims. No allegations unique to Jolly form any fundamental part of the record. And any testimony, discovery responses, or documents Jolly possesses are equally available from the other named plaintiffs.

In cases involving similar circumstances, unconditional dismissals are routinely granted. *See Roberts*, 2013 WL 4239050, at *2 (declining to require discovery as a condition of

dismissal where withdrawal was sought before summary judgment or class certification, minimal resources were expended preparing for the plaintiffs' depositions, and another plaintiff continued to represent the class); *In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL-DJW, 2006 WL 8096533, at *2 (D. Kan. June 9, 2006) (denying motion to compel withdrawing plaintiff's deposition, in part, because "[t]he information Defendants need regarding class certification issues may be obtained from the remaining class representatives").

The lack of any prejudice to Meta is particularly compelling in these circumstances where Jolly seeks to dismiss his claims against Meta with prejudice. *See, e.g.*, *Sec. & Exch. Comm'n v. Am. Bd. of Trade, Inc.*, 750 F. Supp. 100, 105 (S.D.N.Y. 1990) ("Because the dismissal will be with prejudice, there can be no adverse effect on defendants here."). Not only would dismissing Jolly not cause Meta legal prejudice, it would also benefit Meta by saving it the cost of preparing and taking his deposition.

### C. There Is No Prejudice to the Putative Class If the Court Allows Jolly to Voluntarily Dismiss, With Prejudice, His Individual Claims Against Meta.

The putative class will not be prejudiced if the Court allows Jolly to voluntarily dismiss his claims against Meta with prejudice. The putative class has not yet been certified. Consequently, the requirement under Rule 23(e) of the Federal Rules of Civil Procedure, requiring the Court's consent to settlement, voluntary dismissal, or compromise as to claims of a "certified class," does not apply here.

Moreover, if the Court allows Jolly to voluntarily dismiss his claims against Meta, five other putative class representatives will remain in this case, *viz.*, Plaintiffs Lundy, Watkins, Childers, Agnitti and Hodge – all of whom will be deposed in the next three weeks, and all of whom have responded to document requests, and produced documents. These five putative class representatives all allege claims against Meta for breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment. Plaintiffs Agnitti and Hodge also allege claims against Meta for intentional misrepresentation and omission, deceit by concealment or omission under Cal. Civ. Code §§ 1709 & 1710. Thus, the same causes of action will continue

to be maintained as those alleged by Jolly against Meta. In these circumstances, there is no prejudice to any claims of the putative class members if the court allows Jolly to be voluntarily dismissed, and there is no reason why Jolly should not be allowed to step down from his role as a named plaintiff in this case.

### D. The Dismissal Should Be Without Conditions or Costs.

As noted above, Meta was willing to stipulate to a dismissal if Plaintiffs had been willing to submit Jolly for deposition. Jolly's claims are not factually unique from those of the other Plaintiffs; all claims are based on contracts and statements made by Meta in its policies and other documents to all users. Taking Jolly's deposition will not make any of those facts more or less likely as they apply to the class, or establish any defense of Meta's that is unique to Jolly. Since Jolly is dismissing his claims with prejudice, a deposition is not needed to protect Meta from future claims by Jolly.

There is no reason for Meta to recover any costs if it was willing to forgo them in exchange for Jolly's deposition. There is also no prejudice to Meta in terms of wasted time that would justify the imposition of costs, as all or the vast majority of Meta's costs to date were equally applicable to defenses that will be in play as to the remaining named plaintiffs and putative class, and Meta was informed approximately one week before his deposition that Jolly intends to dismiss his claims.

Moreover, in view of Jolly's request that his voluntary dismissal be with prejudice, no costs or fees should be awarded to Meta. "District courts in the Ninth Circuit have determined that the payment of fees and costs ordinarily should not be imposed as a condition for voluntary dismissal *with* prejudice." *Chang v. Pomeroy*, No. CIV S-08-0657, 2011 WL 618192, at *1 (E.D. Cal. Feb. 10, 2011) (emphasis by the court) (citing *Chavez v. Northland Grp.,* No. CV–09–2521–PHX–LOA, 2011 WL 317482, at *4 (D. Ariz. Feb.1, 2011)) (granting plaintiff's motion to dismiss with prejudice and denying defendant's request for attorney fees and costs); *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal.1993) , *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co., Inc.*, 72 F.3d 766 (9th Cir. 1995) (declining to award costs

and attorney fees where dismissal was with prejudice). *Cf. Steinert v. Winn Group, Inc.,* 440 F.3d 1214, 1222 (10th Cir. 2006) (holding that attorneys' fees may be imposed under Rule 41(a)(2) only in exceptional circumstances where dismissal is with prejudice). As one California district court has put it, "[a] plaintiff faced with the imposition of attorneys' fees and costs as a condition of voluntary dismissal may request that the action be dismissed with prejudice to avoid payment." *Gonzalez*, 2008 WL 612746, at *3 ("An award of costs and attorneys' fees should generally be denied if the voluntary dismissal is granted with prejudice.").[1]

## IV.   CONCLUSION

For all of the foregoing reasons and authorities, Plaintiffs respectfully request that Jolly's individual claims be dismissed, with prejudice, and that he be allowed to withdraw as a named plaintiff from the present action, without costs or fees to any party.


DATED: May 6, 2022                                     Respectfully submitted,

                                                       **FRANKLIN D. AZAR & ASSOCIATES, P.C.**

                                                       *s/ Michael D. Murphy*
                                                       Franklin D. Azar (*pro hac vice*)
                                                       Michael D. Murphy (*pro hac vice*)
                                                       Paul R. Wood (*pro hac vice*)

                                                       *Attorneys for Plaintiffs Brendan Lundy,*
                                                       *Elizabeth Childers, Michelle Agnitti, Robin*

---

[1] Although fees and costs should not be awarded in view of Jolly seeking a voluntary dismissal with prejudice, fees and costs should not be awarded even if the Court applies the following factors generally considered in determining whether a dismissal should be with or without prejudice: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Williams*, 227 F.R.D. at 540 (citation omitted). As set forth above, Meta has not devoted any substantial time uniquely directed to Jolly's claims because Jolly's claims are not unique from the other putative class representatives. Moreover, Meta cannot assert that Plaintiffs have not diligently prosecuted this action. Moreover, as set forth above, Jolly has sufficiently explained his request for voluntary dismissal with prejudice.

1
2

*Hodge, William Jolly, and the Proposed Class*

3

**TYCKO & ZAVAREEI LLP**
Sabita J. Soneji (SBN 224262)

4
5

**STUEVE SIEGEL HANSON LLP**
Barrett J. Vahle (*pro hac vice*)
Jillian R. Dent (*pro hac vice*)

6
7

*Attorneys for Plaintiffs and the Proposed Class*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO.: 3:18-cv-06793-JD
NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF
WILLIAM JOLLY

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I, Michael D. Murphy, hereby certify that on May 6, 2022 I authorized the electronic filing of the foregoing, using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List maintained by this Court.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 6, 2022, at Aurora, Colorado.

By:     <u>*/s/ Michael D. Murphy*</u>
        Michael D. Murphy

CASE NO.: 3:18-cv-06793-JD
NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF
WILLIAM JOLLY