# EXHIBIT 1

ROSEMARIE T. RING, SBN 220769
rring@gibsondunn.com
PETER C. SQUERI, SBN 286249
psqueri@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

CHRISTOPHER CHORBA, SBN 216692
cchorba@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA,
SBN 254433
dmanthripragada@gibsondunn.com
ANDREW M. KASABIAN, SBN 313210
akasabian@gibsondunn.com
EMILY SAUER, SBN 324695
esauer@gibsondunn.com
ADRIENNE LIU, SBN 331262
aliu@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

*Attorneys for Defendant Meta Platforms, Inc.
(formerly known as Facebook, Inc.)*

SABITA J. SONEJI (SBN 224262)
ssoneji@tzlegal.com
TYCKO & ZAVAREEI LLP
The Tower Building
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: 510.254.6808

BARRETT J. VAHLE (*pro hac vice*)
vahle@stuevesiegel.com
JILLIAN R. DENT (*pro hac vice*)
dent@stuevesiegel.com
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: 816.714.7100

PAUL R. WOOD (*pro hac vice*)
woodp@fdazar.com
MICHAEL D. MURPHY (*pro hac vice*)
murphym@fdazar.com
FRANKLIN D. AZAR & ASSOCIATES, P.C.
14426 East Evans Avenue
Aurora, CO 80014
Telephone: 303.757.3300

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BRENDAN LUNDY, MYRIAH WATKINS, ELIZABETH CHILDERS, MICHELLE AGNITTI, ROBIN HODGE, and WILLIAM JOLLY,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | CASE NO. 3:18-cv-06793-JD<br><br>**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**<br><br>Hon. James Donato |

# **TABLE OF CONTENTS**

Page

I.    RECITALS.................................................................................................................. 1

II.   DEFINITIONS............................................................................................................ 4

III.  SETTLEMENT CLASS CERTIFICATION .............................................................. 8

IV.   SETTLEMENT CONSIDERATION........................................................................... 9

V.    SUBMISSION OF SETTLEMENT AGREEMENT TO COURT FOR REVIEW AND
      APPROVAL.............................................................................................................. 11

VI.   RELEASES AND DISMISSAL OF ACTION ......................................................... 14

VII.  MOTION FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS ....... 17

VIII. NOTICE AND SETTLEMENT ADMINISTRATION ............................................ 17

IX.   OPT-OUTS ............................................................................................................... 21

X.    OBJECTIONS ........................................................................................................... 22

XI.   MODIFICATION OR TERMINATION OF SETTLEMENT AND RESERVATION
      OF RIGHTS .............................................................................................................. 23

XII.  CAFA NOTICE PURSUANT TO 28 U.S.C. § 1715 ............................................... 25

XIII. MISCELLANEOUS PROVISIONS ......................................................................... 25

**EXHIBIT LIST**

| | |
|---|---|
| **Exhibit A** | **Proposed Preliminary Approval Order** |
| **Exhibit B** | **Settlement Administration Protocol & Notice Plan** |
| **Exhibit C** | **Summary Notice** |
| **Exhibit D** | **Class Notice** |
| **Exhibit E** | **Claim Form** |

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

This Class Action Settlement Agreement and Release, including Exhibits A–E hereto ("Settlement Agreement"), is made and entered into by, between, and among plaintiffs Brendan Lundy, Myriah Watkins, Elizabeth Childers, Michelle Agnitti, and Robin Hodge (together, "Settlement Class Representatives"), on behalf of themselves and the Settlement Class as defined below, and Defendant Meta Platforms, Inc. ("Defendant").   Settlement Class Representatives, the Settlement Class, and Defendant (collectively, the "Parties") enter into this Settlement Agreement to effect a full and final settlement and dismissal of *Lundy, et al. v. Meta Platforms, Inc.*, Case No. 18-cv-06793-JD (N.D. Cal.) (the "Action").

## I.    RECITALS

1.    WHEREAS, on October 19, 2018, plaintiff Brett Heeger had filed a class action complaint against Defendant in the United States District Court for the Northern District of California asserting the following claims:   alleged violations of CIPA; alleged violations of California's constitutional right to privacy; intrusion upon seclusion; alleged violations of the Stored Communications Act (18 U.S.C. §§ 2701, *et seq.*); and alleged violations of the CLRA (*Heeger, et al. v. Facebook, Inc.*, Case No. 18-cv-06399-JD, Dkt. 1);

2.    WHEREAS, on November 8, 2018, plaintiffs Lundy and Watkins filed a class action complaint against Defendant, Apple, Google, and its parent company, Alphabet, in the United States District Court for the Northern District of California asserting claims that related to, *inter alia*, the collection, storage, and use of users' location information, on behalf of a putative nationwide class of consumers (Dkt. 1);

3.    WHEREAS, on August 16, 2019, plaintiffs Lundy and Watkins filed a motion to voluntarily dismiss, without prejudice, their claims against Apple, Google, and Alphabet (Dkt. 72), which was granted (Dkt. 77);

4.    WHEREAS, on September 27, 2019, plaintiffs Lundy and Watkins filed a First Amended Complaint against only Defendant, asserting claims for intrusion upon seclusion, violation of California's constitutional right to privacy, intentional misrepresentation and omission, and unjust enrichment, and adding the following claims:   deceit by concealment or omission, Cal. Civ. Code

1

§§ 1709, 1710; breach of contract; breach of the implied covenant of good faith and fair dealing; and negligent misrepresentation (Dkt. 80);

5.    WHEREAS, on November 8, 2019, the Court held that the *Lundy* case was related to the *Heeger* case (*Heeger*, Dkt. 62), and the Action was reassigned to the Honorable Judge James Donato (Dkt. 81);

6.    WHEREAS, on December 27, 2019, Defendant's motion to dismiss the *Heeger* complaint was denied under Rule 12(b)(1), but granted under Rules 8 and 12(b)(6) (*Heeger*, Dkt. 70), after which, on February 10, 2020, plaintiff Heeger filed a First Amended Complaint that named additional plaintiffs (Zach Henderson, Caleb Rappaport, and Elizabeth Pomiak), and that realleged claims for violation of CIPA, California's constitutional right to privacy, and intrusion upon seclusion, and added a claim for unjust enrichment (*Heeger*, Dkt. 74);

7.    WHEREAS, on December 24, 2020, the Court issued an order resolving the motions to dismiss both the *Heeger* and *Lundy* complaints, dismissing the *Heeger* complaint in its entirety, with leave to amend, for lack of Article III standing, and dismissing the *Lundy* complaint, with leave to amend, for failure to state a claim (Dkt. 130);

8.    WHEREAS, on January 21, 2021, plaintiffs Lundy and Watkins filed the Second Amended Complaint, which is the operative pleading in the Action, adding former *Heeger* plaintiff Elizabeth Childers (formerly known as Elizabeth Pomiak) and Michelle Agnitti, Robin Hodge, and William Jolly as plaintiffs (Dkt. 132); in this complaint, all plaintiffs alleged claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment, and plaintiffs Agnitti, Hodge, and Jolly also alleged claims for intentional misrepresentation and omission, and deceit by concealment or omission under Cal. Civ. Code §§ 1709 & 1710 (*id.*);

9.    WHEREAS, on September 30, 2021, the Court issued an order granting in part and denying in part Defendant's motion to dismiss the *Lundy* Second Amended Complaint, dismissing the claim for breach of the implied covenant of good faith and fair dealing, and allowing the other claims to proceed (Dkt. 145);

10.    WHEREAS, on May 6, 2022, plaintiff William Jolly moved to voluntarily dismiss his claims with prejudice and stated he no longer wanted to serve as a class representative (Dkt. 169), and

on May 20, 2022, Defendant opposed dismissal prior to Mr. Jolly completing his previously noticed deposition (Dkt. 171); this motion was not yet resolved when the parties reached a tentative settlement agreement;

11.     WHEREAS, the Parties engaged in extensive discovery, including the production of over one hundred thousand pages of documents and other electronic discovery; dozens of informal conferences and discussions; discovery motion practice; the exchange of hundreds of pages of written discovery requests and responses; and fact depositions of four witnesses and one corporate representative (with nine more pending prior to settlement);

12.     WHEREAS, Settlement Class Representatives are seeking monetary relief relating to Defendant's challenged practice of inferring location through IP addresses in connection with their breach of contract and unjust enrichment claims, which the Court found were adequately pleaded in its Order denying Defendant's motion to dismiss (Dkt. 145 at 2–3);

13.     WHEREAS, Defendant has argued that obtaining classwide monetary relief would be exceedingly difficult in this case, because, *inter alia*, certain Settlement Class Representatives changed their Location Services setting throughout the class period, and others disclosed certain of their locations on Facebook during the class period;

14.     WHEREAS, on June 7, 2022, following substantial discovery, the Parties mediated their dispute through an in-person mediation session with Randall W. Wulff;

15.     WHEREAS, before entering into this Settlement Agreement, Settlement Class Representatives, through their respective counsel, conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims and potential claims to determine the strength of liability, potential remedies, and all defenses thereto;

16.     WHEREAS, Settlement Class Representatives believe that their claims are meritorious and that they would be successful at trial, but nevertheless agreed to resolve the Action on the terms set forth in this Settlement Agreement solely to eliminate the uncertainties, burden, expense, and delay of further protracted litigation;

17.     WHEREAS, Defendant denies the allegations in the pleadings in these actions, denies that it has engaged in any wrongdoing, denies that the Settlement Class Representatives' allegations

state valid claims, denies that Plaintiffs can maintain a class action for purposes of litigation, and vigorously disputes that Settlement Class Representatives and the Settlement Class are entitled to any relief, but Defendant nevertheless agreed to resolve the Action on the terms set forth in this Settlement Agreement solely to eliminate the uncertainties, burden, expense, and delay of further protracted litigation;

18.     WHEREAS, Defendant has agreed to class action treatment of the claims alleged in this Action solely for the purpose of compromising and settling those claims on a classwide basis as set forth herein.

19.     WHEREAS, the Parties intend for this Settlement Agreement fully and finally to compromise, resolve, discharge, and settle the Released Claims, as defined and on the terms set forth below, and to the full extent reflected herein, subject to approval of the Court; and

20.     NOW THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO, AND AGREED, by the Settlement Class Representatives, for themselves and on behalf of the Settlement Class, and by Defendant that, subject to the approval of the Court, the Action shall be settled, compromised, and dismissed, on the merits and with prejudice, and the Released Claims shall be finally and fully compromised, settled, and dismissed as to the Released Parties, in the manner and upon the terms and conditions hereafter set forth in this Settlement Agreement.

## II.     DEFINITIONS

21.     In addition to the terms defined elsewhere in the Settlement Agreement, the following terms used in this Settlement Agreement shall have the meanings specified below.

22.     "Action" means the class action lawsuit entitled *Brendan Lundy, et al. v. Meta Platforms Inc.*, Case No. 18-cv-06793-JD, pending in the United States District Court for the Northern District of California.

23.     "Attorneys' Fees and Expenses Award" means such funds as may be awarded by the Court to Class Counsel to compensate Class Counsel for its fees, costs, and expenses in connection with the Action and the Settlement, as described in Paragraphs 78–79.

24.     "Claim Form" means the proof of claim and release form(s) substantially in the form attached as Exhibit E.

25.    "Claims Submission Deadline" means the date by which Claim Forms must be postmarked or electronically submitted to be considered timely. The Claims Submission Deadline shall be sixty (60) days after the Notice Date.

26.    "Class Counsel" means Sabita J. Soneji of Tycko & Zavareei LLP and Barrett J. Vahle of Stueve Siegel Hanson LLP, who have any and all authority and capacity necessary to execute this Settlement Agreement and bind all of the Settlement Class Representatives who have not personally signed this Settlement Agreement, as if each of those individuals had personally executed this Settlement Agreement.

27.    "Class Notice" means the Notice of Proposed Settlement of Class Action, substantially in the form attached as Exhibit D.

28.    "Class Period" means the time period of January 30, 2015 through April 18, 2018, inclusive, as contained in the Settlement Class definition.

29.    "Court" means the United States District Court for the Northern District of California.

30.    "Defense Counsel" means the law firm of Gibson, Dunn & Crutcher LLP and all of Defendant's attorneys of record in the Action.

31.    "Effective Date" means seven (7) days after which both of the following events have occurred:  (1) the Final Approval Order and Final Judgment have been entered and (2) the Final Approval Order and Final Judgment have become Final.

32.    "Final" means, with respect to any judicial ruling or order, that:  (1) if no appeal, motion for reconsideration, reargument and/or rehearing, or petition for writ of certiorari has been filed, the time has expired to file such an appeal, motion, and/or petition; or (2) if an appeal, motion for reconsideration, reargument and/or rehearing, or petition for a writ of certiorari has been filed, the judicial ruling or order has been affirmed with no further right of review, or such appeal, motion, and/or petition has been denied or dismissed with no further right of review.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any application for attorneys' fees or expenses will not in any way delay or preclude the judgment from becoming Final.

33.    "Final Approval Hearing" means the hearing that is to take place after the entry of the Preliminary Approval Order and after the Notice Date for purposes of:  (a) entering a Final Approval

Order and Final Judgment and dismissing the Action with prejudice; (b) determining whether the Settlement should be approved as fair, reasonable, and adequate; (c) ruling upon an application for a Service Award by the Settlement Class Representatives; (d) ruling upon an application by Class Counsel for an Attorneys' Fees and Expenses Award; and (e) entering any final order providing for an Attorneys' Fees and Expenses Award and Service Award.  The Parties shall request that the Court schedule the Final Approval Hearing for a date that is in compliance with the provisions of 28 U.S.C. § 1715(d).

34.     "Final Approval Motion Deadline" means the date by which Class Counsel shall file the motion seeking final approval of the Settlement.  The Final Approval Motion Deadline shall be 30 days after the Claims Submission Deadline, such date being subject to approval or modification by the Court.

35.     "Final Approval Order and Final Judgment" means the order finally approving the terms of this Settlement Agreement and a separate judgment to be entered by the Court, pursuant to Federal Rule of Civil Procedure 58(a), dismissing the Action with prejudice.

36.     "Meta" or "Defendant" means Meta Platforms, Inc., formerly known as Facebook, Inc., as well as all of Meta's current and former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, divisions, branches, units, shareholders, investors, successors, predecessors, and assigns, and all other individuals and entities acting on Meta's behalf.

37.     "Notice Date" means the first date upon which the Class Notice is disseminated.

38.     "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement in accordance with Paragraphs 100–103 of this Settlement Agreement in order to qualify them to be able to object to the Settlement.  The Objection Deadline shall be sixty (60) days after the Notice Date, such date being subject to approval or modification by the Court.

39.     "Opt-Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request to Opt-Out must be filed in writing with the Settlement Administrator in accordance with Paragraphs 94–99 of this Settlement Agreement in order for a potential Settlement

Class Member to be excluded from the Settlement Class.  The Opt-Out Deadline shall be sixty (60) days after the Notice Date, such date being subject to approval or modification by the Court.

40.     "Preliminary Approval Order" means the order preliminarily approving the Settlement, providing for notice to the Settlement Class, and other related matters, without material variation from, Exhibit A.

41.     "Releases," "Released Parties," "Releasing Parties," and "Released Claims" shall have the meanings as set forth in Section VI of the Settlement Agreement.

42.     "Request to Opt-Out" means a written request from a potential Settlement Class Member that seeks to opt out of the potential Settlement Class Member from the Settlement Class and complies with all requirements in Paragraphs 94–99 of this Settlement Agreement.

43.     "Service Award(s)" means the incentive/service awards for the Settlement Class Representatives as approved by the Court, as set forth in Paragraph 80.

44.     "Settlement" means the settlement embodied in this agreement, including all attached Exhibits (which are an integral part of this agreement and are incorporated in their entirety by reference).

45.     "Settlement Administrator" means the firm Angeion Group, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, which shall provide settlement notice and administration services pursuant to the terms of the Settlement Agreement.

46.     "Settlement Class" includes "All natural persons residing in the United States who used Facebook between January 30, 2015 and April 18, 2018, inclusive, and whose iOS or Android Location Services setting for the Facebook application was turned off at any point during that period, but whose location information was inferred by Facebook via the user's IP Addresses."  Subject to the limitations set forth in Defendant's supplemental responses to certain interrogatories, Defendant estimates that the settlement class may contain approximately 70 million United States-based accounts that had Location Services turned "off" on any particular day during the Class Period.  Excluded from the Settlement Class are (i) all persons who are directors, officers, and agents of Defendant or its subsidiaries and affiliated companies or are designated by Defendant as employees of Defendant or its subsidiaries and affiliated companies; (ii) the Court, the Court's immediate family, and Court staff, as well as any

7

appellate court to which this matter is ever assigned, and its immediate family and staff; and (iii) eligible persons who elect to opt out of the Settlement Class as provided in Paragraphs 94–99.

47.     "Settlement Class Member(s)" means any and all persons who fall within the definition of the Settlement Class.

48.     "Settlement Class Representatives" means plaintiffs Brendan Lundy, Myriah Watkins, Elizabeth Childers, Michelle Agnitti, and Robin Hodge.

49.     "Settlement Fund" means the non-reversionary cash fund of thirty-seven million, five hundred thousand dollars ($37,500,000), which represents the full amount to be deposited by Defendant into the Escrow Account, as that term is defined in Paragraph 62, in accordance with the terms of this Settlement Agreement, plus all interest earned thereon.

50.     "Settlement Website" means an Internet website that the Settlement Administrator shall establish to inform the Settlement Class of the terms of this Settlement, their rights, dates, deadlines, and related information.

51.     "Summary Notice" means the Summary Notice of Settlement, substantially in the form attached as Exhibit C.

## III.     SETTLEMENT CLASS CERTIFICATION

52.     For purposes of settlement only, the Parties agree to seek provisional certification of the Settlement Class, pursuant to Federal Rule of Civil Procedure 23(b)(3).

53.     The Parties further agree that the Court should make preliminary findings and enter the Preliminary Approval Order granting provisional certification of the Settlement Class subject to the final findings and approval in the Final Approval Order and Final Judgment, and appointing the Settlement Class Representatives as the representatives of the Settlement Class and Class Counsel as counsel for the Settlement Class.

54.     For purposes of the provisional certification, the Settlement Class shall be defined as follows:

> All natural persons residing in the United States who used Facebook between January 30, 2015 and April 18, 2018, inclusive, and whose iOS or Android Location Services setting for the Facebook application was turned off at any point during that period, but whose location information was inferred by Facebook via the user's IP Addresses.

8

55. Excluded from the Settlement Class are (i) all persons who are directors, officers, and agents of Defendant or its subsidiaries and affiliated companies or are designated by Defendant as employees of Defendant or its subsidiaries and affiliated companies; (ii) the Court, the Court's immediate family, and Court staff, as well as any appellate court to which this matter is ever assigned, and its immediate family and staff; and (iii) eligible persons who elect to opt out of the Settlement Class as provided in Paragraphs 94–99.

56. Defendant does not consent to certification of the Settlement Class (or to the propriety of class treatment) for any purpose other than to effectuate the settlement of this Action. Defendant's agreement to provisional certification does not constitute an admission of wrongdoing, fault, liability, or damage of any kind to the Settlement Class Representatives or any of the provisional Settlement Class Members.

57. If this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Settlement Class for purposes of effectuating the Settlement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall return to the procedural posture on June 23, 2022, in accordance with this Paragraph. No Party nor counsel shall refer to or invoke the vacated findings and/or order relating to class settlement or Rule 23 of the Federal Rules of Civil Procedure if this Settlement Agreement is not consummated and the Action is later litigated and contested by Defendant under Rule 23 of the Federal Rules of Civil Procedure.

## IV.   SETTLEMENT CONSIDERATION

58. In consideration for the dismissal of the Action with prejudice and the Releases provided in this Settlement Agreement, Defendant agrees to pay the sum of thirty-seven million, five hundred thousand Dollars ($37,500,000) to create a non-reversionary Settlement Fund for the benefit of Settlement Class Members pursuant to this Settlement Agreement. Within twenty-one (21) calendar days after the entry of the Preliminary Approval Order, Defendant shall pay a sum to be determined

and sufficient to effectuate the Notice Plan to the Settlement Administrator for the notice and administration expenses ("Initial Deposit") that will be incurred to provide notice to the Settlement Class Members. This amount will be credited towards the amount Defendant must pay into the Settlement Fund. This deadline may be extended by mutual consent of the Parties.

59. All valid claims paid to Settlement Class Members, costs of notice and administration, Service Awards to the Settlement Class Representatives approved by the Court, and the Attorneys' Fees and Expenses Award (in the amount determined by the Court), shall be paid from the Settlement Fund. The Parties agree that Defendant's payment of the Settlement Fund shall be the full extent of Defendant's payment obligation under this Settlement Agreement. In no event shall Defendant be liable for payment of any costs, expenses, or claims beyond its Initial Deposit, any Periodic Payment(s), and payment of the Settlement Fund into the Escrow Account.

60. The total amount distributed to the Settlement Class Members shall be the Settlement Fund, less the cost of settlement notice and administration, Attorneys' Fees and Expenses Award, and Service Awards (the "Net Settlement Fund"). The entire Net Settlement Fund will be distributed to Settlement Class Members who submit valid claims. Each Settlement Class Member who submits a valid claim shall be provided with an equal *pro rata* share of the Net Settlement Fund. The actual amount provided to each Settlement Class Member who submits a valid claim may be increased or decreased on a *pro rata* basis based on the size of the Net Settlement Fund and the number of Settlement Class Members who submit valid claims. Accordingly, the actual amount recovered by each Settlement Class Member who submits a valid claim may not be determined until after the Effective Date.

61. Following entry of the Preliminary Approval Order, and after payment of the Initial Deposit, Defendant shall, if necessary, pay subsequent amounts invoiced by the Settlement Administrator for notice and administration expenses and approved by Class Counsel (the "Periodic Payment(s)") within thirty (30) calendar days after the submission of an invoice by the Settlement Administrator. This amount will be credited towards the amount Defendant must pay into the Settlement Fund. This deadline may be extended by mutual consent of the Parties. Notwithstanding the foregoing: (i) in no event shall Defendant be obligated to pay more than $37,500,000, which reflects its total liability, including to the Settlement Fund and for the Initial Deposit and any Periodic

Payment(s); and (ii) in no event shall the Settlement Administrator disseminate notice in any manner materially different from that set forth in the Notice Plan, attached hereto as Exhibit B, unless the Parties agree in writing to authorize such forms of notice.

62.     No later than twenty-one (21) calendar days after the Effective Date, Defendant shall pay an amount equal to the Settlement Fund less the sum of the Initial Deposit and any Periodic Payment(s) into an escrow account (the "Escrow Account") to be administered by the Settlement Administrator pursuant to the terms of this Settlement Agreement.

## V.     SUBMISSION OF SETTLEMENT AGREEMENT TO COURT FOR REVIEW AND APPROVAL

63.     Solely for purposes of implementing this Settlement Agreement and effectuating the proposed Settlement, the Parties agree and stipulate that Class Counsel shall submit to the Court a motion for preliminary approval of the Settlement together with the Preliminary Approval Order (Exhibit A).

64.     Among other things, Class Counsel will seek a Preliminary Approval Order that shall:

a.     Approve the Class Notice, substantially in the form set forth at Exhibits C-D;

b.     Find that the requirements for provisional certification of the Settlement Class have been satisfied, appoint the Settlement Class Representatives as the representatives of the provisional Settlement Class and Class Counsel as counsel for the provisional Settlement Class, and preliminarily approve the Settlement as being within the range of reasonableness such that the Class Notice should be provided pursuant to this Settlement Agreement;

c.     Find that the CAFA notice sent by Defendant complies with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005;

d.     Determine that the Notice Plan, as set forth in this Settlement Agreement, complies with all legal requirements, including but not limited to the Due Process Clause of the United States Constitution;

e.     Appoint the Settlement Administrator;

11

f.  Direct that Class Notice shall be given to the Class as provided in Paragraphs 82–93 of this Settlement Agreement;

g.  Provide that Settlement Class Members will have until the Claims Submission Deadline to submit Claim Forms;

h.  Provide that any objections by any Settlement Class Member to the certification of the Settlement Class and the proposed Settlement contained in this Settlement Agreement, and/or the entry of the Final Approval Order and Final Judgment, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection Deadline, such objector files with the Court a written objection and notice of the objector's intention to appear, and otherwise complies with the requirements in Paragraphs 100–103 of this Settlement Agreement;

i.  Establish dates by which the Parties shall file and serve all papers in support of the application for final approval of the Settlement and/or in response to any valid and timely objections;

j.  Schedule the Final Approval Hearing on a date ordered by the Court, to be provided in the Preliminary Approval Order, and in compliance with applicable law, to determine whether the Settlement should be approved as fair, reasonable, and adequate, and to determine whether a Final Approval Order and Final Judgment should be entered dismissing the Action with prejudice except as to such Settlement Class Members who timely file valid written Requests to Opt-Out in accordance with this Settlement Agreement and the Class Notice;

k.  Provide that all Settlement Class Members will be bound by the Final Approval Order and Final Judgment dismissing the Action with prejudice, except Settlement Class Members who timely file valid written Requests to Opt-Out in accordance with this Settlement Agreement and the Class Notice; and

12

l.     Pending the Final Approval Hearing, stay all proceedings in the Action, other than the proceedings necessary to carry out or enforce the terms and conditions of this Settlement Agreement and Preliminary Approval Order.

65.     Following the entry of the Preliminary Approval Order, the Class Notice shall be given and published in the manner set forth in Section VIII of the Settlement Agreement and approved by the Court.

66.     By the Final Approval Motion Deadline, Class Counsel shall file a motion seeking final approval of the Settlement.  Unless otherwise agreed by the parties, Class Counsel shall request entry of a Final Approval Order and Final Judgment that shall, among other things:

a.     Find that the Court has personal jurisdiction over all Settlement Class Members, that the Court has subject matter jurisdiction over the claims asserted in the Action, and that the venue is proper;

b.     Finally approve this Settlement Agreement and the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c.     Certify the Settlement Class under Federal Rule of Civil Procedure 23(b)(3) for purposes of settlement only;

d.     Find that the Class Notice complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution;

e.     Incorporate the Releases set forth in this Settlement Agreement and make the Releases effective as of the Effective Date;

f.     Authorize the Parties to implement the terms of the Settlement;

g.     Dismiss the Action with prejudice and enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure; and

h.     Determine that the Settlement Agreement and the Settlement provided for herein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party of liability or nonliability or of the certifiability or non-certifiability of a litigation class, or of any misrepresentation

13

or omission in any statement or written document approved or made by any Party; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement, as further set forth in this Settlement Agreement.

     i.     Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of this Settlement Agreement, the Final Approval Order and Final Judgment, any final order approving the Attorneys' Fees and Expenses Award and Service Awards, and for any other necessary purpose.

67.     The Parties agree that the Notice Plan contemplated by this Settlement Agreement is valid and effective, that if effectuated, it would provide reasonable notice to the Class, and that it represents the best practicable notice under the circumstances.

## VI.    RELEASES AND DISMISSAL OF ACTION

68.     "Releases" mean the releases and waivers set forth in this Settlement Agreement and in the Final Approval Order and Final Judgment.

69.     "Released Parties" means Meta and as well as all of Meta's current and former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, divisions, branches, units, shareholders, investors, successors, predecessors, and assigns, and all other individuals and entities acting on Meta's behalf.

70.     Upon the Effective Date of the Settlement Agreement, the Settlement Class Representatives and all Settlement Class Members (and each of their heirs, estates, trustees, principals, beneficiaries, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns and/or anyone claiming through them or acting or purporting to act for them or on their behalf) ("Releasing Parties") shall be deemed to have, and by operation of the Final Approval Order and Final Judgment in this Action shall have, fully, finally and forever released, relinquished, and discharged any and all claims, demands, rights, damages, arbitrations, liabilities, obligations, suits, debts, liens, and causes of action pursuant to any theory of

recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, or regulation) of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims as of the Notice Date by all of the Releasing Parties that result from, arise out of, are based on, or relate to the practices and claims that were alleged in the Action ("Released Claims") against the Released Parties.

71.     The Released Claims shall be construed as broadly as possible to effect complete finality over this Action involving claims that result from, arise out of, are based on, or relate to the practices and claims that were alleged in the Action.  The scope of the Released Claims is a material part of the Settlement for Defendant.

72.     Upon the Effective Date, Defendant shall be deemed to have, and by operation of the Final Approval Order and Final Judgment shall have fully, finally, and forever released, relinquished, and discharged any and all claims, demands, rights, damages, arbitrations, liabilities, obligations, suits, debts, liens, and causes of action pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, or regulation) against the Releasing Parties that result from, arise out of, are based on, or relate to the practices and claims that were alleged in the Action ("Plaintiff Released Claims"). This Release does not limit Defendant's right to terminate any accounts of Plaintiffs that violate Defendant's applicable policies or terms of service.  Nothing in this Settlement Agreement is intended to alter the standard terms and conditions for the use of Defendant's products or services by its users, or Defendant's enforcement of the standard terms and conditions for the use of its products or services.  To the extent any conflict exists between the terms and conditions of this Settlement Agreement and the Defendant's standard terms and conditions, the terms and conditions of the Settlement Agreement shall control.

73.     Individuals who have opted out of the Settlement by the Opt-Out Deadline do not release their claims and will not obtain any benefits of the Settlement.

74.     After entering into this Settlement Agreement, the Parties may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the claims released by this Settlement Agreement.  The Released Claims and the Plaintiff Released Claims include

known and unknown claims relating to the Action, and this Settlement Agreement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder.  The Parties hereby expressly, knowingly, and voluntarily waive any and all provisions, rights, and benefits conferred by California Civil Code Section 1542 and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

75.     In connection with such waiver and relinquishment, the Parties hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to the Released Claims and the Plaintiff Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims and the Plaintiff Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties.

76.     In furtherance of such intention, the Release herein given to the Released Parties shall be and remain in effect as a full and complete general release of the Released Claims notwithstanding the discovery or existence of any such additional different claims or facts.  Each of the Parties expressly acknowledges that he/she/it has been advised by his/her/its attorney of the contents and effect of Section 1542, and with knowledge, each of the Parties hereby expressly waives whatever benefits he/she/it may have had pursuant to such section.  The Settlement Class Representatives acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Approval Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this Release is a part.

77.     Upon the Effective Date:  (a) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Settlement Class Representatives and Settlement Class Members; and (b) Settlement Class Representatives and Settlement Class Members stipulate to be and shall be

permanently barred by Court order from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.

## VII.     MOTION FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS

78.     Class Counsel may apply to the Court for an award of reasonable attorneys' fees expressed as a percentage of the value conferred on the Settlement Class of no more than 30% of the Settlement Fund, and for reimbursement of costs and expenses incurred in the case to be paid from the Settlement Fund. Defendant expressly reserves the right to oppose the application seeking an Attorneys' Fees and Expenses Award for any reason, at its discretion.  Defendant agrees to pay the amount of fees and costs determined by the Court, which will be paid from the Settlement Fund.

79.     Class Counsel shall have the sole and absolute discretion to allocate the Attorneys' Fees and Expenses Award amongst Class Counsel and any other attorneys.  Defendant shall have no liability or other responsibility for allocation of any such Attorneys' Fees and Expenses Award.  The amount ordered by the Court shall be the sole monetary obligation for attorneys' fees and expenses to be paid by Defendant pursuant to this Settlement Agreement.

80.     The Parties agree that Class Counsel may apply on behalf of the Settlement Class Representatives to the Court for a Service Award to each of them not to exceed $5,000, for their services as Settlement Class Representatives, to be paid from the Settlement Fund.  The Parties agree that the decision whether or not to award any such payment, and the amount of that payment, rests in the exclusive discretion of the Court.

81.     The settlement was reached as the result of a mediation conducted before third-party neutral, Randall Wulff.  The Parties did not discuss service award payments or attorneys' fees and expenses while negotiating the material terms of the Settlement Agreement, and they have made no agreements in connection with the Settlement Class Representatives' requests for service award payments or Class Counsel's attorneys' fees and expenses.

## VIII.   NOTICE AND SETTLEMENT ADMINISTRATION

82.     The Settlement Administrator's fees and costs, including the costs of notice, will be paid from the Settlement Fund as described in Paragraphs 58–62.

83.     The Settlement Administrator will execute a confidentiality and non-disclosure agreement with Defendant and Class Counsel and will take all reasonable steps to ensure that any information provided to it by Settlement Class Members will be used solely for the purpose of effecting this Settlement.

84.     In fulfilling its responsibilities in providing notice to the Settlement Class Members, the Settlement Administrator shall be responsible for, without limitation, consulting on and designing the notice to the Settlement Class via various forms of media, including implementing the publication-based notice program set forth in the Notice Plan.  The Parties shall confer on the form and content of the notice contemplated in the Notice Plan, which must be substantially consistent with the Notice of Proposed Settlement of Class Action attached as Exhibit D.  The Parties reserve the right to approve the proposed Notice Plan by the Settlement Administrator prior to submitting the Notice Plan to the Court for approval.

85.     A copy of this Settlement Agreement and exhibits hereto, the motions for preliminary approval, Attorneys' Fees and Expenses Award, Final Approval, and related papers, and Court orders pertaining to the Settlement, shall be posted once available for download on the Settlement Website maintained by the Settlement Administrator.  The information shall remain available on the Settlement Website until after the Effective Date and distribution of all settlement benefits.

86.     Settlement Class Members who wish to receive a cash payment will be required to submit a Claim Form.  The Claim Form shall, among other things, require the Settlement Class Member to certify, under penalty of perjury, that (a) they had Location Services disabled on their iOS or Android-based device(s) as to the Facebook application at any point in time between January 30, 2015 and April 18, 2018, inclusive; and (b) they accessed Facebook while Location Services was disabled. The Claim Forms shall be submitted to the Settlement Administrator via U.S. mail or electronically through the Settlement Website.  To be valid, Claim Forms must be received by the Settlement Administrator by the Claims Submission Deadline.

87.     The Class Notice shall set forth the procedure detailed in Section IX of the Settlement Agreement *supra* whereby members of the Settlement Class may exclude themselves from the Settlement by submitting a Request to Opt-Out to the Settlement Administrator.  Requests to Opt-Out

must be submitted by the Opt-Out Deadline.  Any member of the Settlement Class who does not timely and validly Request to Opt-Out shall be bound by the terms of this Settlement.  As soon as practicable after the Opt-Out Deadline, the Settlement Administrator shall provide the Court with a list of the individuals who timely and validly requested to opt-out from the Settlement.  Any member of the Settlement Class who submits a timely Request to Opt-Out may not file an objection to the Settlement and shall be deemed to have waived any and all rights and benefits under this Settlement.

88.     The Class Notice shall set forth the procedure detailed in Section X of the Agreement *supra* whereby Settlement Class Members may object to the Settlement.  Objections shall be filed with the Court and served on Class Counsel and Defense Counsel by the Objection Deadline.

89.     The Settlement Administrator shall determine whether a submitted Claim Form meets the requirements set forth in this Settlement Agreement.  Each Claim Form shall be submitted to and reviewed by the Settlement Administrator, who shall determine whether each claim shall be allowed. The Settlement Administrator shall use best practices and all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims, including, without limitation, indexing all payments provided to the Settlement Class Members.

90.     Claim Forms that do not meet the requirements set forth in this Settlement and/or in the Claim Form instructions shall be rejected.   Where a good faith basis exists, the Settlement Administrator may reject a Claim Form for, among other reasons, the following:  (a) the Claim Form is not fully complete and/or signed; (b) the Claim Form is illegible; (c) the Claim Form is fraudulent; (d) the Claim Form is duplicative of another Claim Form; (e) the person submitting the Claim Form is not a Settlement Class Member; (f) the person submitting the Claim Form requests that payment be made to a person or entity other than the Settlement Class Member for whom the Claim Form is submitted; (g) the Claim Form is not timely submitted; or (h) the Claim Form otherwise does not meet the requirements of this Settlement Agreement.  Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator.   The Settlement Administrator shall have thirty (30) days from the Claims Submission Deadline to exercise the right of rejection.  The Settlement Administrator shall notify the claimant of the rejection using the contact information provided in the Claim Form.  Class Counsel and Defense Counsel shall be provided with

copies of all such notifications of rejection, provided that the copies do not contain the name, email address, mailing address, or other personal identifying information of the claimant.  If any claimant whose Claim Form has been rejected, in whole or in part, desires to contest such rejection, the claimant must, within ten (10) days from receipt of the rejection, transmit to the Settlement Administrator by email or U.S. mail a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting further review by the Settlement Administrator, in consultation with Class Counsel and Defense Counsel, of the denial of the claim.  If Class Counsel and Defense Counsel cannot agree on a resolution of the claimant's notice contesting the rejection, the decision of the Settlement Administrator shall be final.  No person shall have any claim against Defendant, Defense Counsel, Settlement Class Representatives, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

91.  The Settlement Administrator will provide information as agreed between Class Counsel and the Settlement Administrator, including weekly reports on the submissions of claims, objections, and Requests to Opt-Out.

92.  As soon as reasonably possible after the Claims Submission Deadline, but no later than fifteen (15) days from the Claims Submission Deadline, the Settlement Administrator shall provide Class Counsel and Defense Counsel with a spreadsheet that contains information sufficient to determine:  (a) the number of Settlement Class Members that submitted a claim; (b) the number of submitted Claim Forms that are valid and timely, and the number that are not; (c) the number of submitted Claim Forms the Settlement Administrator intends to treat as approved claims; and (d) the number of submitted Claim Forms the Settlement Administrator has denied.  The materials that the Settlement Administrator provides to Class Counsel pursuant to this Paragraph shall not contain the names, email addresses, mailing addresses, or other personal identifying information of the Settlement Class Members.

93.  Defendant may, in its sole discretion, terminate this Settlement Agreement if more than a specified number of individuals submit valid and timely requests to exclude themselves from the Settlement, as agreed to by the Parties and submitted to the Court for in camera review.  If Defendant

elects to terminate the Settlement pursuant to this provision of the Settlement Agreement, it shall provide written notice within ten (10) business days following the date the Settlement Administrator informs Defendant of the number of Settlement Class Members who have requested to opt out of the Settlement pursuant to the provisions set forth above.  If Defendant rescinds the Settlement pursuant to this section of the Agreement, it shall have no further obligations to pay the Settlement Fund and shall be responsible for only the fees and expenses actually incurred by the Settlement Administrator, for which the Settlement Class Representatives and Class Counsel are not liable.

## IX.    OPT-OUTS

94.    Any individual who wishes to exclude themselves from the Settlement must submit a written request for exclusion to the Settlement Administrator, which shall be postmarked no later than the Opt-Out Deadline or submitted online through the claims portal and verified no later than the Opt-Out Deadline.

95.    The written Request to Opt-Out must:

(i)    Identify the case name of the Action;

(ii)    Identify the name and current address of the individual seeking exclusion from the Settlement;

(iii)    Be personally signed by the individual seeking exclusion;

(iv)    Include a statement clearly indicating the individual's intent to be excluded from the Settlement;

(v)    Request exclusion only for that one individual whose personal signature appears on the request;

(vi)    Include the Facebook account URL (if reasonably available) and the email address and telephone number associated with the Facebook account of the individual seeking exclusion; and

(vii)    State that the individual seeking exclusion (a) had Location Services disabled on their iOS or Android-based device(s) as to the Facebook application at any point in time between January 30, 2015 and April 18, 2018, inclusive; and (b) accessed Facebook while Location Services was disabled.

96.    To be effective and valid, opt-out requests submitted online must verify the Request to Opt-Out no later than the Opt-Out Deadline using the link sent to the individual who submitted the

1    request for exclusion.

2        97.    Opt-out requests seeking exclusion on behalf of more than one individual shall be

3    deemed invalid by the Settlement Administrator.

4        98.    Any individual who submits a valid and timely Request to Opt-Out in the manner

5    described herein shall not:  (i) be bound by any orders or judgments entered in connection with the

6    Settlement; (ii) be entitled to any relief under, or be affected by, the Agreement; (iii) gain any rights by

7    virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

8        99.    Any individual who does not submit a valid and timely request for exclusion in the

9    manner described herein shall be deemed to be a Settlement Class Member upon expiration of the Opt-

10   Out Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to

11   the Settlement Class.

12   **X.    OBJECTIONS**

13       100.    Any Settlement Class Member who wishes to object to the Settlement must submit a

14   written objection to the Court and Class Counsel on or before the Objection Deadline, as specified in

15   the Preliminary Approval Order.

16       101.    The written objection must include:

17       (i)     The case name and number of the Action;

18       (ii)    The full name, address, telephone number, and email address of the objecting
19               Settlement Class Member and, if represented by counsel, of his/her counsel;

20       (iii)   The Facebook account URL (if reasonably available) and the email address and
                 telephone number associated with the objector's Facebook account;
21
         (iv)    A statement that the objector (a) had Location Services disabled on their iOS or
22               Android-based device(s) as to the Facebook application at any point in time
                 between January 30, 2015 and April 18, 2018, inclusive; and (b) accessed
23               Facebook while Location Services was disabled;

24       (v)     A statement of whether the objection applies only to the objector, to a specific
25               subset of the class, or to the entire class;

26       (vi)    A statement of the number of times in which the objector (and, where applicable,
                 objector's counsel) has objected to a class action settlement within the three
27               years preceding the date that the objector files the objection, along with the
                 caption of each case in which the objector has made such objection;
28

(vii)   A statement of the specific grounds for the objection, including any legal and factual support and any evidence in support of the objection;

(viii)  A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel; and

(ix)    The objector's signature.

102.    In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

103.    Any Settlement Class Member who fails to object to the Settlement in the manner described in this Settlement Agreement and in the notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Settlement Agreement by appeal or any other means.

## XI.    MODIFICATION OR TERMINATION OF SETTLEMENT AND RESERVATION OF RIGHTS

104.    This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest and approval of the Court; provided, however that, after entry of the Final Approval Order and Final Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including all Exhibits hereto) without further approval by the Court if such changes are consistent with the Court's Final Approval Order and Final Judgment and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Settlement Agreement.

105.    This Settlement Agreement and any Exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to

23

any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized in such documents.

106.    In the event the terms or conditions of this Settlement Agreement are modified by (or to comply with) any court order as described in this Paragraph, any Party in its sole discretion to be exercised within thirty (30) days after such modification may declare this Settlement Agreement null and void.  For purposes of this Paragraph, modifications include any modifications to (a) the definition of the Settlement Class, Settlement Class Members, Released Parties, or Released Claims; and/or (b) the terms of the Settlement consideration described in Section IV; and/or (c) material changes to the proposed notice, including methods of distributing notice, to the Settlement Class.  In the event of qualifying modification by any court, and in the event the Parties do not exercise their unilateral option to withdraw from this Settlement Agreement pursuant to this Paragraph, the Parties shall meet and confer within seven (7) days of such ruling to attempt to reach an agreement as to how best to effectuate the court-ordered modification.

107.    In the event that a Party exercises his/her/its option to withdraw from and terminate this Settlement Agreement, then the Settlement proposed herein shall become null and void and shall have no force or effect, the Parties shall not be bound by this Settlement Agreement, and the Parties will be returned to their respective positions existing on June 23, 2022.

108.    If this Settlement Agreement is not approved by the Court or the Settlement Agreement is terminated or fails to become effective in accordance with the terms of this Settlement Agreement, the Parties will be restored to their respective positions in the Action on June 23, 2022.  In such event, the terms and provisions of this Settlement Agreement will have no further force and effect with respect to the Parties and will not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Settlement Agreement will be treated as vacated.

109.    The Parties agree that the effectiveness of this Settlement Agreement is not contingent upon the Court's approval of the payment of any Attorneys' Fees or Expenses or Service Awards.  If the Court declines to approve, in whole or in part, a request for Attorneys' Fees or Expenses or Service Awards, all remaining provisions in this Settlement Agreement shall remain in full force and effect.

No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Attorneys' Fees or Expenses or Service Awards, or the amount thereof, shall be grounds for cancellation or termination of this Settlement Agreement.

110.    Defendant denies the material factual allegations and legal claims asserted in the Action, including any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Similarly, this Settlement Agreement provides for no admission of wrongdoing or liability by any of the Released Parties.  This Settlement is entered into solely to eliminate the uncertainties, burdens, and expenses of protracted litigation.  If this Settlement Agreement is terminated pursuant to its terms, or the Effective Date for any reason does not occur, Defendant reserves the right to challenge the certifiability of any class claims certified in the Action and/or to seek to decertify any such class claims.  Defendant's agreement to this Settlement does not constitute an admission that certification is appropriate outside of the context of this Settlement.  Class Counsel shall not refer to or invoke Defendant's decision to accept the certified class for purposes of settlement if the Effective Date does not occur and the Action is later litigated and certification is contested by Defendant under Rule 23 of the Federal Rules of Civil Procedure.

## XII.    CAFA NOTICE PURSUANT TO 28 U.S.C. § 1715

111.    Defendant shall serve notice of the Settlement Agreement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials no later than ten (10) days following the filing of this Settlement Agreement with the Court.

## XIII.   MISCELLANEOUS PROVISIONS

112.     The Parties intend the Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement Agreement compromises claims that are contested and will not be deemed an admission by Defendant or Settlement Class Representatives as to the merits of any claim or defense.

113.    Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the Settlement Class Representatives and the Settlement Class:

Sabita J. Soneji
Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612

Barrett J. Vahle
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112

With a Copy to:
Paul R. Wood
Franklin D. Azar & Associates, P.C.
14426 East Evans Avenue
Aurora, CO 80014

To Counsel for Meta:
Rosemary Ring
Gibson, Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921

Christopher Chorba
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071

With a Copy to Meta
Scott Tucker
Vice President & Deputy General Counsel, Global Litigation
Meta Platforms, Inc.
1601 Willow Road
Menlo Park, CA 94025

114. All of the Exhibits to this Settlement Agreement are an integral part of the Settlement and are incorporated by reference as though fully set forth herein.

115. The Parties agree that the Recitals are contractual in nature and form a material part of this Settlement Agreement.

116. No extrinsic evidence or parol evidence shall be used to interpret, explain, construe, contradict, or clarify this Settlement Agreement, its terms, the intent of the Parties or their counsel, or the circumstances under which this Settlement Agreement was made or executed. This Settlement

Agreement supersedes all prior negotiations and agreements. The Parties expressly agree that the terms and conditions of this Settlement Agreement will control over any other written or oral agreements.

117.    Unless otherwise noted, all references to "days" in this Settlement Agreement shall be to calendar days. In the event any date or deadline set forth in this Settlement Agreement falls on a weekend or federal legal holiday, such date or deadline shall be on the first business day thereafter.

118.    The Settlement Agreement, the Settlement, all documents, orders, and other evidence relating to the Settlement, the fact of their existence, any of their terms, any press release or other statement or report by the Parties or by others concerning the Settlement Agreement, the Settlement, their existence, or their terms, any negotiations, proceedings, acts performed, or documents drafted or executed pursuant to or in furtherance of the Settlement Agreement or the Settlement shall not be offered, received, deemed to be, used as, construed as, and do not constitute a presumption, concession, admission, or evidence of (i) the validity of any Released Claims or of any liability, culpability, negligence, or wrongdoing on the part of the Released Parties; (ii) any fact alleged, defense asserted, or any fault, misrepresentation, or omission by the Released Parties; (iii) the propriety of certifying a litigation class or any decision by any court regarding the certification of a class, and/or (iv) whether the consideration to be given in this Settlement Agreement represents the relief that could or would have been obtained through trial in the Action, in any trial, civil, criminal, administrative, or other proceeding of the Action or any other action or proceeding in any court, administrative agency, or other tribunal.

119.    The Parties to this Action or any other Released Parties shall have the right to file the Settlement Agreement and/or the Final Approval Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

120.    The Parties agree that the consideration provided to the Settlement Class and the other terms of the Settlement Agreement were negotiated at arm's length, in good faith by the Parties, and reflect a settlement that was reached voluntarily, after consultation with competent legal counsel, and with the assistance of an independent, neutral mediator.

121.    The Settlement Class Representatives and Class Counsel have concluded that the Settlement set forth herein constitutes a fair, reasonable, and adequate resolution of the claims that the Settlement Class Representatives asserted against Defendant, including the claims on behalf of the Settlement Class, and that it promotes the best interests of the Settlement Class.

122.    To the extent permitted by law, all agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Settlement Agreement.

123.    The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

124.    This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument. Signatures submitted by email or facsimile shall also be considered originals.  The date of execution shall be the latest date on which any Party signs this Settlement Agreement.

125.    The Parties hereto and their respective counsel agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Settlement Agreement, including to obtain a Final Approval Order and Final Judgment approving the Settlement.

126.    This Settlement Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize, each of which is entitled to enforce this Settlement Agreement.

127.    This Settlement Agreement was jointly drafted by the Parties.  Settlement Class Representatives, Settlement Class Members, and Defendant shall not be deemed to be the drafters of this Settlement Agreement or of any particular provision, nor shall they argue that any particular provision should be construed against its drafter or otherwise resort to the *contra proferentem* canon of construction.  Accordingly, this Settlement Agreement should not be construed in favor of or against one Party as the drafter, and the Parties agree that the provisions of California Civil Code § 1654 and common law principles of construing ambiguities against the drafter shall have no application.

128.   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to choice of law principles.

129.   The headings used in this Settlement Agreement are inserted merely for the convenience of the reader, and shall not affect the meaning or interpretation of this Settlement Agreement.

130.   In construing this Settlement Agreement, the use of the singular includes the plural (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

131.   Settlement Class Representatives and Class Counsel agree not to make disparaging public statements about Meta and/or Defense Counsel out-of-court related to the Settlement or the allegations in the Action.  Settlement Class Representatives and Class Counsel are free to (a) respond in a truthful and non-disparaging manner to Class Member inquiries regarding the Action and/or Settlement; and (b) state they served as legal counsel in this lawsuit and discuss the terms and amount of the Settlement on their firm websites, biographies, or similar marketing materials, and in connection with speaking engagements and future applications to serve as interim-class or lead counsel, or as otherwise required by law.  Meta and Defense Counsel agree not to make disparaging public statements about Settlement Class Representatives and Class Counsel related to the Settlement or the allegations in the Action.  Meta and Defense Counsel are free to (a) respond in a truthful and non-disparaging manner to user inquiries regarding the Action and/or Settlement; and (b) state they served as legal counsel in this lawsuit and discuss the terms and amount of the Settlement on their firm websites, biographies, or similar marketing materials, and in connection with speaking engagements, or as otherwise required by law.

132.   The provision of the confidentiality agreement entered into with respect to the mediation process concerning this matter is waived for the limited purpose of permitting the Parties to confirm that they participated in the mediation and that the mediation process was successful.

133.   The Settlement Class Representatives further acknowledge, agree, and understand that: (i) each has read and understands the terms of this Settlement Agreement; (ii) each has been advised in writing to consult with an attorney before executing this Settlement Agreement; and (iii) each has obtained and considered such legal counsel as he deems necessary.

134.    All of the Parties warrant and represent that they are agreeing to the terms of this Settlement Agreement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Settlement Agreement with their attorneys, and that the terms and conditions of this document are fully understood and voluntarily accepted.

135.    Each Party to this Settlement Agreement warrants that he/she/it is acting upon his/her/its independent judgment and upon the advice of his/her/its counsel, and not in reliance upon any warranty or representation, express or implied, of any nature or any kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

136.    Each counsel or other person executing this Settlement Agreement or any of its Exhibits on behalf of any Party hereby warrants that such person has the full authority to do so.  Class Counsel, on behalf of the Settlement Class, is expressly authorized by the Settlement Class Representatives to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Settlement Agreement to effectuate its terms, and is expressly authorized to enter into any modifications or amendments to this Settlement Agreement on behalf of the Settlement Class that Class Counsel and the Settlement Class Representatives deem appropriate.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound hereby, have duly executed this Settlement Agreement as of the date set forth below.

DATED: _____August 21__, 2022

Meta Platforms, Inc.

**PLAINTIFFS' COUNSEL on behalf of the Settlement Class Representatives (who have specifically assented to the terms of this Settlement Agreement) and the Settlement Classes:**

DATED:  August 21, 2022

Sabita J. Soneji
Tycko & Zavareei LLP
Attorneys for Plaintiffs

DATED:  August 21, 2022

Barrett J. Vahle
Stueve Siegel Hanson LLP
Attorneys for Plaintiffs

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

BRENDAN LUNDY, MYRIAH WATKINS, ELIZABETH CHILDERS, MICHELLE AGNITTI, and ROBIN HODGE,

               Plaintiffs,

    v.

META PLATFORMS, INC.,

               Defendant.

CASE NO. 3:18-cv-06793-JD

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**Date:** September 29, 2022
**Time:** 10 a.m.
**Place:** Courtroom 11, San Francisco, 19th Floor
**Judge**: Hon. James Donato

**WHEREAS**, plaintiffs Brendan Lundy, Myriah Watkins, Elizabeth Childers, Michelle Agnitti, and Robin Hodge ("Settlement Class Representatives"), on behalf of themselves and the Settlement Class as defined below, and Defendant Meta Platforms, Inc. ("Defendant") (collectively, the "Parties") entered into a Settlement Agreement on August 22, 2022, which sets forth the terms and conditions for a proposed settlement of this Action and for its dismissal with prejudice upon the terms and conditions set forth therein;

**WHEREAS**, Plaintiffs have moved the Court for an order (i) preliminarily approving the Settlement under Federal Rule of Civil Procedure 23, (ii) finding that the Court will likely be able to certify the Settlement Class after the Final Approval Hearing, and (iii) directing notice as set forth herein;

**WHEREAS**, the Settlement appears to be the product of informed, arms' length settlement negotiation conducted before the mediator Randall W. Wulff;

**WHEREAS**, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, the Memorandum of Points and Authorities in Support Thereof, and the supporting Declarations, and has found good cause for entering the following Order; and

**WHEREAS**, unless otherwise specified, all capitalized terms used herein have the same meaning as set forth in the Settlement Agreement.

**NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows**:

1.      The Court finds that it has jurisdiction over the subject matter of this Action and over all Parties to the Action.

2.      The Parties have moved the Court for an order approving the Settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed Settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the Parties, hereby preliminarily approves the Settlement Agreement in its entirety, subject to the Final Approval Hearing referred to in Paragraph 10 of this Order.

3.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement,

including the exhibits attached thereto, is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class defined below.

4.   The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal.  The Court also finds that the Settlement Agreement:  (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act, 28 U.S.C. § 1715, the United States Constitution, and the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements; and (d) is not a finding or admission of liability by Defendant or any other person(s), nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

5.   **Certification of the Settlement Class**.  For purposes of settlement only:  (a) Sabita J. Soneji of Tycko & Zavareei LLP and Barrett J. Vahle of Stueve Siegel Hanson LLP are appointed as Class Counsel for the Settlement Class; and (b) plaintiffs Brendan Lundy, Myriah Watkins, Elizabeth Childers, Michelle Agnitti, and Robin Hodge are appointed Settlement Class Representatives for the Settlement Class.  The Court finds that these attorneys are competent and capable of exercising the responsibilities of Settlement Class Counsel and that Settlement Class Representatives will adequately protect the interests of the Settlement Class defined below.

For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> "All natural persons residing in the United States who used Facebook between January 30, 2015 and April 18, 2018, inclusive, and whose iOS or Android Location Services setting for the Facebook application was turned off at any point during that period, but whose location information was inferred by Facebook via the user's IP Addresses."

Excluded from the Settlement Class are:  (i) all persons who are directors, officers, and agents of Defendant or its subsidiaries and affiliated companies or are designated by Defendant as employees

of Defendant or its subsidiaries and affiliated companies; (ii) the Court, the Court's immediate family, and Court staff, as well as any appellate court to which this matter is ever assigned, and its immediate family and staff; and (iii) eligible persons who elect to opt out of the Settlement Class.

The Court finds, subject to the Final Approval Hearing referred to in Paragraph 10 below, that, within the context of and for the purposes of settlement only, the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that:  (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of fact and law common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of the claims of the members of the Settlement Class; (d) the Settlement Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; (d) common questions of law or fact predominate over questions affecting individual members; and (e) a class action is a superior method for fairly and efficiently adjudicating the Action.

If the Settlement Agreement does not receive the Court's final approval, if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of conditional class certification of the Settlement Class shall be vacated, the Parties shall revert to their positions in the Action as they existed on June 23, 2022, and the Class Representatives and the Settlement Class Members will once again bear the burden to prove the propriety of class certification and the merits of their claims at trial.

6.  **Notice and Administration**.  Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that it has sufficient information to enable it to determine whether to give notice of the proposed Settlement to the Settlement Class.  The Court further finds that the proposed Settlement and Notice Plan meet the requirements of Rule 23(e) and that the Court will likely be able to certify the Settlement Class for purposes of judgment on the Settlement.

The Notice Plan submitted with the Motion for Preliminary Approval and the forms of notice attached thereto satisfy the requirements of Federal Rule of Civil Procedure 23 and are approved.  Non-material modifications to the notices and claim form may be made by the Settlement Administrator without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement Agreement and this Order.  The Settlement Administrator is

3

directed to carry out the Notice Plan in conformance with the Settlement Agreement and the below-stated schedule, and to perform all other tasks that the Settlement Agreement requires.  Prior to the Final Approval Hearing, Class Counsel shall cause to be filed with the Court an appropriate declaration by the Settlement Administrator with respect to complying with the provisions of the Notice Plan.

The Court further finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan submitted with the Motion for Preliminary Approval:  (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights to object to the Settlement and to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements.  The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.  The Court further finds that the Notice Plan fully complies with the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements.

The Parties have selected a reputable settlement administration company, Angeion Group, to serve as the Settlement Administrator.  The Court hereby appoints and authorizes Angeion Group to be the Settlement Administrator, and thereby to perform and execute the notice responsibilities set forth in the Settlement Agreement.

The Settlement Administrator shall act in compliance with the Stipulated Protective Order (ECF Nos. 119, 120), including but not limited to making all necessary efforts and precautions to ensure the security and privacy of Settlement Class Member information and protect it from loss, misuse, unauthorized access and disclosure, and to protect against any reasonably anticipated threats or hazards to the security of Settlement Class Member information; not using the information provided by Defendant or Class Counsel in connection with the Settlement or this Notice Plan for any purposes other than providing notice or conducting claims administration; and not sharing Settlement Class Member information with any third parties without advance consent from the Parties.

4

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 3:18-CV-06793-JD

The Court finds that Angeion Group will comply with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, as described in the Declaration of Steven Weisbrot in Support of Notice Plan.

The Court orders Angeion Group to commence the Notice Plan to potential Settlement Class Members within 15 days after entry of this Preliminary Approval Order, and that notice be effectuated by the Notice Date, which is 60 days after entry of this Preliminary Approval Order. Angeion will further provide a declaration that Notice has been effectuated at least 35 days prior to the Final Approval Hearing ("Proof of Notice Date").

7.      **Submission of Claims**.  Settlement Class Members will have sixty (60) calendar days from the Notice Date to submit their claim forms ("Claims Deadline"), which is adequate and sufficient time.  Settlement Class Members who submit a valid claim form approved by the Settlement Administrator within sixty (60) days of the Notice Date may qualify to receive benefits of the Settlement.  Class Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Settlement Administrator, so long as processing does not materially delay distribution of compensation to Settlement Class Members.  No person shall have any claim against Class Counsel or the Settlement Administrator by reason of the decision to exercise discretion whether to accept late-submitted claims.

8.      **Opting-Out from Settlement Class**.  Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class.  Any such person who desires to opt out must submit written notice of such intent online through the claims portal or via United States mail to the designated address established by the Settlement Administrator.  The written notice must (i) identify the case name of the Action; (ii) identify the name and current address of the individual seeking exclusion from the Settlement; (iii) be personally signed by the individual seeking exclusion; (iv) include a statement clearly indicating the individual's intent to be excluded from the Settlement; (v) request exclusion only for that one individual whose personal signature appears on the request; (vi) include the Facebook account URL (if reasonably available) and the email address and telephone number associated with the Facebook account of the individual seeking exclusion; (vii) state that the individual seeking exclusion (a) had Location Services disabled on their

5

iOS or Android-based device(s) as to the Facebook application at any point in time between January 30, 2015 and April 18, 2018, inclusive; and (b) accessed Facebook while Location Services was disabled.

Opt-out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator.  To be effective, the written notice shall be postmarked no later than the Opt-Out Deadline or submitted online through the claims portal and verified no later than the Opt-Out Deadline in accordance with the Settlement.  All those persons submitting valid and timely notices of opt out shall not be entitled to receive any benefits of the Settlement.

Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement.  If final judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of opt out from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the Releases set forth in the Settlement Agreement and incorporated in the judgment.

9.    **Objections and Appearances**.    Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If a Settlement Class Member does not enter an appearance, they will be represented by Class Counsel. Any Settlement Class Member who wishes to object to the Settlement, the benefits of the Settlement, Service Awards, and/or the Attorneys' Fees and Expenses Award, or to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a Final Approval Order and Judgment should not be entered thereon, why the benefits of the Settlement should not be approved, or why the Service Awards and/or the Attorneys' Fees and Expenses Award should not be granted, may do so, but must proceed as set forth in this paragraph.  No Settlement Class Member will be heard on such matters unless they have filed in this Action the objection, together with any briefs, papers, statements, or other materials the Settlement Class Member wishes the Court to consider, within sixty (60) calendar days following the Notice Date.  Any objection must include:  (i) the case name and number of the Action; (ii) the full name, address, telephone number and email address of the objecting Settlement Class Member, and if represented by counsel, of his/her counsel; (iii) the Facebook account URL (if reasonably available)

6

and the email address and telephone number associated with the objector's Facebook account; (iv) a statement that the objector (a) had Location Services disabled on their iOS or Android-based device(s) as to the Facebook application at any point in time between January 30, 2015 and April 18, 2018, inclusive; and (b) accessed Facebook while Location Services was disabled; (v) a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (vi) a statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection; (vii) a statement of the specific grounds for the objection; (viii) a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel; and (ix) the objector's signature.

In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Settlement Agreement and in the notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or any other means.

10.   **Final Approval Hearing**. A hearing will be held by this Court in the Courtroom of The Honorable James Donato, United States District Court for the Northern District of California, United States Courthouse, Courtroom 11 on the 19th Floor, 450 Golden Gate Avenue, San Francisco, CA, at _____ __.m. on _____, 2023 ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether a Final Approval Order and Judgment should be entered; (c) whether the Settlement benefits as proposed in the Settlement Agreement should be approved as fair, reasonable, and adequate;

7

(d) whether to approve the application for Service Awards for the Settlement Class Representatives and an Attorneys' Fees and Expenses Award; and (e) any other matters that may properly be brought before the Court in connection with the Settlement.  The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

11.   **Final Approval Briefing**.  Settlement Class Representatives and Class Counsel shall file their motion seeking final approval of the Settlement by no later than thirty (30) days after the Claims Submission Deadline.  All briefing and supporting documents in support of a motion for Attorneys' Fees and Expenses and Service Awards must be filed thirty-five (35) days prior to the Objection Deadline.

12.   **Reasonable Procedures**.  Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the notices and other exhibits that they jointly agree are reasonable or necessary to further the purpose of effectuating the Settlement Agreement.

13.   **Extension of Deadlines**.  Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Settlement Class.  Settlement Class Members must check the Settlement website ( _____ ) regularly for updates and further details regarding extensions of these deadlines.  The Court reserves the right to adjourn or continue the Final Approval Hearing, and/or to extend the deadlines set forth in this Order, without further notice of any kind to the Settlement Class.

14.   **Termination of the Settlement and Use of this Order**.  This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing as of June 23, 2022, if the Effective Date does not occur or the Settlement is otherwise terminated in accordance with the terms of the Settlement.  In such an event, the Settlement shall become null and void and shall be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.  For the avoidance of doubt, if the

8

Effective Date does not occur or the Settlement is otherwise terminated in accordance with the terms of the Settlement, then neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be:  (1) construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class; (2) construed or used as an admission, concession, or declaration by or against the Settlement Class Representatives or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, or unavailable; or (3) construed or used as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

15. **Related Orders**.  All further proceedings in the Action are ordered stayed until entry of the Final Approval Order or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

16. For the sake of clarity, the Court enters the following deadlines:

| ACTION | DATE |
|---|---|
| Notice Commences | Within 15 days following entry of this Order |
| Notice Date | 60 days following entry of this Order |
| Motion for Attorneys' Fees and Expenses and Service Awards | 35 days prior to the Objection Deadline |
| Opt-Out Deadline | 60 days after Notice Date |
| Objection Deadline | 60 days after Notice Date |
| Claims Submission Deadline | 60 days after Notice Date |
| Final Approval Brief and Response to Objections Due | 30 days after Claims Submission Deadline |
| Proof of Notice Submitted | At least 35 days prior to the Final Approval Hearing |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 3:18-CV-06793-JD

| Final Approval Hearing | (To be scheduled no less than 35 days after the filing of the Final Approval Brief and Response to Objections) |
| --- | --- |

**IT IS SO ORDERED.**

DATED: September _____ , 2022                    _____

HON. JAMES DONATO
U.S. DISTRICT COURT JUDGE

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BRENDAN LUNDY, MYRIAH WATKINS, ELIZABETH CHILDERS, MICHELLE AGNITTI, AND ROBIN HODGE, | Case No. 3:18-cv-06793-JD |
| Plaintiffs, | **DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP, LLC RE: PROPOSED NOTICE PLAN** |
| v. | |
| META PLATFORMS, INC., | |
| Defendant. | |

I, Steven Weisbrot, Esq., declare under penalty of perjury as follows:

1.     I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). Angeion specializes in designing, developing, analyzing, and implementing large-scale, unbiased, legal notification plans.

2.     I have personal knowledge of the matters stated herein. In forming my opinions regarding notice in this action, I have drawn from my extensive class action experience, as described below.

3.     I have been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs, including some of the largest and most complex notice plans in recent history. I have taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, as well as Claims Administration, generally. I am the author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class Action and Derivative Section Newsletter, and I am a frequent speaker on notice issues at conferences throughout the United States and internationally.

4.     I was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB") and I am co-author of the Digital Media section of Duke Law's *Guidelines and Best Practices—Implementing 2018 Amendments to Rule 23* and the soon to be published George Washington Law School Best Practices Guide to Class Action Litigation.

5.     I have given public comment and written guidance to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media, and print publication, in effecting Due Process notice, and I have met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 and offered an educational curriculum for the judiciary concerning notice procedures.

6.     Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants, an experienced notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice.

---

DECLARATION OF STEVEN WEISBROT

7.     My notice work comprises a wide range of class actions that include data breach, mass disasters, product defect, false advertising, employment discrimination, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases.

8.     I have been at the forefront of infusing digital media, as well as big data and advanced targeting, into class action notice programs. Courts have repeatedly recognized my work in the design of class action notice programs. A comprehensive summary of judicial recognition Angeion has received is attached hereto as **Exhibit A**.

9.     By way of background, Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $15 billion to Settlement Class Members. The executive profiles as well as the company overview are available at https://www.angeiongroup.com/our_team.php.

10.    As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of class actions and claims processing services. Notably, Angeion was appointed to serve as the Settlement Administrator in the *In re Facebook Internet Tracking Litigation*, Case No. 5:12-md-02314 (N.D. Cal.).

11.    This declaration will describe the Notice Plan that, if approved by the Court, we will implement in this matter, including the considerations that informed the development of the plan and why it will provide due process to the Settlement Class.

## SUMMARY OF THE NOTICE PLAN

12.    The proposed Notice Plan provides for a robust media campaign consisting of state-of-the-art targeted internet notice, social media notice, a paid search campaign, and sponsored listings on class action settlement websites. The Notice Plan also provides for the implementation of a dedicated Settlement Website and a toll-free telephone line where Settlement Class Members can learn more about their rights and options pursuant to the terms of the Settlement.

13.    As discussed in greater detail below, the media campaign component of the Notice Plan is designed to deliver an approximate 80.69% reach with an average frequency of 3.01 times. This

---

DECLARATION OF STEVEN WEISBROT

number is calculated using objective syndicated advertising data relied upon by most advertising agencies and brand advertisers. It is further verified by sophisticated media software and calculation engines that cross reference which media is being purchased with the media habits of our specific Target Audience, which is defined below in Paragraph 17. What this means in practice is that 80.69% of our Target Audience will see a digital advertisement concerning the Settlement an average of 3.01 times each. The 80.69% reach does not include the dedicated Settlement Website and toll-free telephone line, which are difficult to measure in terms of reach percentage but will nonetheless provide awareness and further diffuse news of the Settlement to Settlement Class Members.

14.     The Federal Judicial Center states that a publication notice plan that reaches 70% of class members is one that reaches a "high percentage" and is within the "norm." Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, "Managing Class Action Litigation: A Pocket Guide or Judges", at 27 (3d Ed. 2010).

## MEDIA NOTICE

### Publication

15.     The Notice Plan includes publication in *People* magazine. Notice of the settlement would be published in a half page, black and white ad. A chart showing the circulation of *People* and its total audience is below:

| Publication | Circulation | Total Audience |
|-------------|-------------|----------------|
| *People* | 2.5 million | 24.6 million |

### Programmatic Display Advertising

16.     Angeion will utilize a form of internet advertising known as Programmatic Display Advertising, which is the leading method of buying digital advertisements in the United States to provide notice of the Settlement to Settlement Class Members.[1] The media notice outlined below is

---

[1] Programmatic Display Advertising is a trusted method specifically utilized to reach defined target audiences. It has been reported that U.S. advertisers spent nearly $65.74 billion on programmatic display advertising in 2020, and it is estimated that almost 86.5%, or $81.58 billion, of all U.S. digital display ad dollars will transact programmatically in 2021. *See* https://www.emarketer.com/content/us-programmatic-digital-display-advertising-outlook-2021. In laypeople's terms, programmatic display advertising is a method of advertising where an algorithm identifies and examines demographic profiles and uses advanced technology to place advertisements on the websites where members of the audience are most likely to visit (these websites are accessible on computers, mobile phones and tablets

---

DECLARATION OF STEVEN WEISBROT

strategically designed to provide notice of the Settlement to Settlement Class Members by driving them to the dedicated Settlement Website where they can learn more about the Settlement, including their rights and options.

17.     To develop the media notice campaign and to verify its effectiveness, our media team analyzed data from 2022 comScore Multi-Platform/MRI Simmons USA Fusion[2] to profile the Settlement Class and arrive at an appropriate Target Audience based on criteria pertinent to this Settlement. Specifically, the following syndicated research definition was used to profile potential Settlement Class Members: "Social Media- Mmx 30-Day Net: Facebook". In short, this means the number of individuals who used Facebook in the last thirty (30) days.

18.     Using data from the last thirty (30) days is consistent with media buying best practices, as it allows the buyer to confirm that the targeting data is current and accurate. It further allows certainty in confirming that certain data, such as IP addresses, have not been recycled and that members of the Target Audience are likely to be in the class.

19.     Based on the Target Audience definition used, the size of the Target Audience is approximately 74,182,000 individuals in the United States. It is important to note that the Target Audience is distinct from the class definition, as is commonplace in class action notice plans. Utilizing an overinclusive proxy audience maximizes the efficacy of the Notice Plan and is considered a best practice among media planners and class action notice experts alike. Using proxy audiences is also commonplace in both class action litigation and advertising generally[3].

20.     Additionally, the Target Audience is based on objective syndicated data, which is routinely used by advertising agencies and experts to understand the demographics, shopping habits and

---

[2] GfK MediaMark Research and Intelligence LLC ("GfK MRI") provides demographic, brand preference and media-use habits, and captures in-depth information on consumer media choices, attitudes, and consumption of products and services in nearly 600 categories. comSCORE, Inc. ("comSCORE") is a leading cross-platform measurement and analytics company that precisely measures audiences, brands, and consumer behavior, capturing 1.9 trillion global interactions monthly. comSCORE's proprietary digital audience measurement methodology allows marketers to calculate audience reach in a manner not affected by variables such as cookie deletion and cookie blocking/rejection, allowing these audiences to be reach more effectively. comSCORE operates in more than 75 countries, including the United States, serving over 3,200 clients worldwide.

[3] If the total population base (or number of class members) is unknown, it is accepted advertising and communication practice to use a proxy-media definition, which is based on accepted media research tools and methods that will allow the notice expert to establish that number. The percentage of the population reached by supporting media can then be established. Duke Law School, GUIDELINES AND BEST PRACTICES IMPLEMENTING 2018 AMENDMENTS TO RULE 23 CLASS ACTION SETTLEMENT PROVISIONS, at 56.

---

DECLARATION OF STEVEN WEISBROT

attitudes of the consumers that they are seeking to reach[4]. Using this form of objective data will allow the Parties to report the reach and frequency to the Court with confidence that the reach percentage and the number of exposure opportunities comply with due process and exceed the Federal Judicial Center's threshold as to reasonableness in notification programs. Virtually all professional advertising agencies and commercial media departments use objective syndicated data tools, like the ones described above, to quantify net reach. Sources like these guarantee that advertising placements can be measured against an objective basis and confirm that the reporting statistics are not overstated. Objective syndicated data tools are ubiquitous tools in a media planner's arsenal and are regularly accepted by courts in evaluating the efficacy of a media plan or its component parts. Understanding the socioeconomic characteristics, interests and practices of a target group aids in the proper selection of media to reach that target. Here, the Target Audience has been reported to have the following characteristics:

- 49.46% are ages 35-64, with a median age of 48.7 years old
- 50.33% are male
- 54.34% are now married
- 33.63% have children
- 41.34% have received a bachelor's or post-graduate degree
- 48.51% are currently employed full time
- The average household income is $91,650
- 95.01% have used social media in the last 30 days

21.     To identify the best vehicles to deliver messaging to the Target Audience, the media quintiles, which measure the degree to which an audience uses media relative to the general population, were reviewed. Here, the objective syndicated data shows that members of the Target Audience spend an average of approximately 31.1 hours per month on the internet.

22.     Given the strength of digital advertising, as well as our Target Audience's consistent internet

---

[4] The notice plan should include an analysis of the makeup of the class. The target audience should be defined and quantified. This can be established through using a known group of customers, or it can be based on a proxy-media definition. Both methods have been accepted by the courts and, more generally, by the advertising industry, to determine a population base. *Id.* at 56.

use, we recommend utilizing a robust internet advertising campaign to reach Settlement Class Members. This media schedule will allow us to deliver an effective reach level and frequency, which will provide due and proper notice to the Settlement Class.

23.     Multiple targeting layers will be implemented into the programmatic campaign to help ensure delivery to the most appropriate users, inclusive of the following tactics:

- <u>Look-a-like Modeling</u>: This technique utilizes data methods to build a look-a-like audience against known Settlement Class Members.

- <u>Predictive Targeting</u>: This technique allows technology to "predict" which users will be served by the advertisements about the Settlement.

- <u>Audience Targeting</u>: This technique utilizes technology and data to serve the impressions to the intended audience based on demographics, purchase behaviors and interests.

- <u>Site Retargeting</u>: This technique is a targeting method used to reach potential Settlement Class Members who have already visited the dedicated Settlement Website while they browsed other pages. This allows Angeion to provide a potential Settlement Class Member sufficient exposure to an advertisement about the Settlement.

- <u>Geotargeting</u>: The campaign will be targeted nationwide. If sufficient data is available, the campaign will leverage a weighted delivery based on the geographic spread of the Target Audience throughout the country.

24.     To combat the possibility of non-human viewership of the digital advertisements and to verify effective unique placements, Angeion employs Oracle's BlueKai, Adobe's Audience Manger and/or Lotame, which are demand management platforms ("DMP"). DMPs allow Angeion to learn more about the online audiences that are being reached. Further, online ad verification and security providers such as Comscore Content Activation, DoubleVerify, Grapeshot, Peer39 and Moat will be deployed to provide a higher quality of service to ad performance.

**Paid Search Campaign**

25.     The Notice Plan also includes a paid search campaign on Google to help drive Settlement Class Members who are actively searching for information about the Settlement to the dedicated Settlement Website. Paid search ads will complement the programmatic and social media campaigns, as search

---

DECLARATION OF STEVEN WEISBROT

engines are frequently used to locate a specific website, rather than a person typing in the URL. Search terms would relate to not only the Settlement itself but also the subject matter of the litigation. In other words, the paid search ads are driven by the individual user's search activity, such that if that individual searches for (or has recently searched for) the Settlement, litigation or other terms related to the Settlement, that individual could be served with an advertisement directing them to the Settlement Website.

**Sponsored Class Action Website Listings**

26.     Notice of the Settlement will be promoted via sponsored listings on two leading class action settlement websites: www.topclassactions.com and www.classaction.org.  These sites are known to create awareness of pending settlements among consumers and, while not measured in terms of the reported reach percentage, will be instrumental in seeding and disbursing news of the underlying Settlement. Top Class Actions averages 3 million monthly visitors, has approximately 900,000 newsletter subscribers and 145,000 Facebook followers. ClassAction.org averages 100,000 page-views per month and has approximately 130,000 newsletter subscribers. Representative samples of listings on Top Class Actions and ClassAction.org can be viewed on their respective websites.

27.     The promotion on these websites is not capable of precise reach calculations and are thus not included in the reach and frequency figures presented to the Court. Nonetheless, this mechanism will serve an important function in that it will help stimulate interest in the Settlement and drive Settlement Class Members to the dedicated Settlement Website to read and understand their rights and options under the Settlement.

**Social Media**

28.     The Notice Plan also includes a social media campaign utilizing Facebook and Instagram, two of the leading social media platforms[5] in the United States. The social media campaign uses an interest-based approach which focuses on the interests that users exhibit while on these social media platforms.

29.     The social media campaign will engage with the Target Audience desktop sites, mobile sites,

---

[5] In the United States in 2021, Facebook had approximately 302.28 million users; Instagram had approximately 118.9 million users; See:
https://www.statista.com/statistics/408971/number-of-us-facebook-users/
https://www.statista.com/statistics/293771/number-of-us-instagram-users/

---

and mobile apps. Additionally, specific tactics will be implemented to further qualify and deliver impressions to the Target Audience. *Look-a-like modeling* allows the use of consumer characteristics to serve ads. Based on these characteristics, we can build different consumer profile segments to ensure the Notice Plan messaging is delivered to the proper audience. *Conquesting* allows ads to be served in relevant placements to further alert potential Settlement Class Members. The social media ads will further be geo-targeted with a weighted delivery to account for the geographics of the Target Audience if this information is available.

30.     The social media campaign will coincide with the programmatic display advertising portion of the Notice Plan. Combined, the media notice efforts are designed to deliver approximately 172 million impressions. To track campaign success, we will implement conversion pixels throughout the Settlement Website to understand audience behavior better and identify those most likely to convert. The programmatic algorithm will change based on success and failure to generate conversions throughout the process in order to provide the most effective messaging.

31.     Further, Angeion continually monitors the media results and real-time adjustments are made throughout the campaign to ensure that the notice is being delivered to the desired audience. Angeion adjusts for which website types, times of day, banner ad locations, and banner ad sizes are most effective. As we continue to intake data and adjust for those variables, the program continues to be optimized for effective performance.

### SETTLEMENT WEBSITE & TOLL-FREE TELEPHONE SUPPORT

32.     The Notice Plan will also implement the creation of a case-specific Settlement Website, where Settlement Class Members can easily view general information about this Settlement, review relevant Court documents, and view important dates and deadlines pertinent to the Settlement. The Settlement Website will be designed to be user-friendly and make it easy for Settlement Class Members to find information about this case. The Settlement Website will also have a "Contact Us" page whereby Settlement Class Members can send an email with any additional questions to a dedicated email address. Likewise, Settlement Class Members will also be able to submit a claim form online via the Settlement Website. The Long-Form notice posted on the website will be available in English, Spanish and French.

33.     A toll-free hotline devoted to this case will be implemented to further apprise Settlement Class Members of their rights and options pursuant to the terms of the Settlement. The toll-free hotline will utilize an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the Settlement. This hotline will be accessible 24 hours a day, 7 days a week in English, Spanish and French. Additionally, Settlement Class Members will be able to request a copy of the Long-Form Notice or Claim Form via the toll-free hotline.

### REACH AND FREQUENCY

34.     This declaration describes the reach and frequency evidence which courts systemically rely upon in reviewing class action publication notice programs for adequacy. The reach percentage exceeds the guidelines as set forth in the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide to effectuate a notice program which reaches a high degree of Settlement Class Members.

35.     Specifically, the comprehensive media campaign is designed to deliver an approximate 80.69% reach with an average frequency of 3.01 times each. It should be noted that the 80.69% reach approximation does not include impressions garnered through listings on class action websites, the dedicated Settlement Website, or the toll-free hotline, which are difficult to measure in terms of reach percentage but will nonetheless provide awareness and further diffuse news of the Settlement to Settlement Class Members. While there is often the opportunity to increase reach and frequency of the notice program with the use of paid media, this plan exceeds the Federal Judicial Center's guidelines as to reasonableness in paid media programs and is also in excess of the reach relied upon in many similar settlements. Additionally, this settlement is nearly certain to generate a tremendous amount of press in the national media, which is not quantified in the stated reach percentage. The reach and frequency metrics included herewith allow the Parties to objectively prove the Notice Plan reached a high percentage of the Target Audience. Furthermore, Angeion will monitor and report to the Court on any subsequent earned media that is published regarding the settlement, which will likely prove to be substantial and will increase the number of Settlement Class Members who are made aware of the settlement and their rights under it.

**NOTICE PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005**

36.     Within ten days of the filing of the Class Action Settlement Agreement and Release with this Court, notice will be disseminated to the appropriate state and federal officials pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. §1715.

**PLAIN LANGUAGE NOTICE DESIGN**

37.     The proposed Notice forms used in this matter are designed to be "noticed," reviewed, and by presenting the information in plain language, understood by members of the Settlement Class. The design of the notices follows the principles embodied in the Federal Judicial Center's illustrative "model" notices posted at www.fjc.gov. The notice forms contain plain-language summaries of key information about the rights and options of members of the Settlement Class pursuant to the Settlement. Consistent with normal practice, prior to being delivered and published, all notice documents will undergo a final edit for accuracy.

38.     Rule 23(c)(2) of the Federal Rules of Civil Procedure requires class action notices to be written in "plain, easily understood language." Angeion Group maintains a strong commitment to adhering to this requirement, drawing on its experience and expertise to craft notices that effectively convey the necessary information to Settlement Class Members in plain language.

**CLAIMS ADMINISTRATION**

**Claim Form Submissions**

39.     Pursuant to the terms of the Class Action Settlement Agreement and Release ("Agreement"), Angeion will receive, and process claim form submissions. Specifically, Angeion will evaluate claim form submissions for completeness and determine whether submitted claim forms meet the requirements set forth in the Agreement. Claim Forms that do not meet the requirements set forth in the Agreement shall be rejected[6].

40.     Angeion will notify Settlement Class Members whose claim form is rejected, either in whole

---

[6] A claim form may be rejected for, among other reasons, the following: (a) the Claim Form is not fully complete and/or signed; (b) the Claim Form is illegible; (c) the Claim Form is fraudulent; (d) the Claim Form is duplicative of another Claim Form; (e) the person submitting the Claim Form is not a Settlement Class Member; (f) the person submitting the Claim Form requests that payment be made to a person or entity other than the Settlement Class Member for whom the Claim Form is submitted; (g) the Claim Form is not timely submitted; or (h) the Claim Form otherwise does not meet the requirements of the Agreement.

---

or in part, and inform Settlement Class Members of their option to contest their rejection and instructions on how to do so. Angeion will review any contested rejections with Class Counsel and Defense Counsel. If Class Counsel and Defense Counsel cannot agree on a resolution of the claimant's notice contesting the rejection, the Settlement Administrator shall have the discretion that it will exercise in good faith to assess the validity of the disputed claim.

**Duplicative Submissions and Fraud Review**

41.     Angeion maintains a robust, multi-tiered fraud detection system to identify and prevent fraudulent claims submissions. By way of example, we employ an elaborate technical process to identify potential claim duplication. Specifically, a series of database-driven searches are used to find duplicate names and addresses in our claims database. Normally, both the claimant's name and associated nicknames, as well as the standardized addresses, are compared in the database for purposes of claim duplication detection. However, we may use additional data points, depending on what information, if any, Facebook can provide to Angeion.

**Distribution of Settlement Benefits**

42.     Settlement Class Members are able to select from a variety of digital payment options, such as PayPal, Venmo, Zelle, ACH transfers, and virtual pre-paid cards. Angeion will also accommodate Settlement Class Members who request that a traditional check be mailed to them in lieu of one of the digital payment options.

## CONCLUSION

43.     The Notice Plan outlined herein provides for a robust media campaign consisting of state-of-the-art internet advertising, a comprehensive social media campaign, a paid search campaign and sponsored listings on two leading class action websites. The Notice Plan also includes the implementation of a dedicated Settlement Website and toll-free hotline to further inform Settlement Class Members of their rights and options in the Settlement.

44.     In my professional opinion, the Notice Plan described herein will provide full and proper notice to Settlement Class Members before the claims, opt-out, and objection deadlines. Moreover, it is my opinion that the Notice Plan is the best notice that is practicable under the circumstances and fully comports with due process and Fed. R. Civ. P. 23. After the Notice Plan has been executed, Angeion

will provide a final report verifying its effective implementation to this Court.


      I hereby declare under penalty of perjury that the foregoing is true and correct.


Dated:  August 21, 2022

STEVEN WEISBROT

---

DECLARATION OF STEVEN WEISBROT

# Exhibit A
# to Declaration of Steven Weisbrot



# INNOVATION
## IT'S PART OF OUR DNA

class action | mass tort | legal noticing | litigation support



Changing the Rules

# Judicial Recognition

© Angeion Group, LLC

*IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION*
### Case No. 5:18-md-02827

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 17, 2021):  Angeion undertook a comprehensive notice campaign...The notice program was well executed, far-reaching, and exceeded both Federal Rule of Civil Procedure 23(c)(2)(B)'s requirement to provide the "best notice that is practicable under the circumstances" and Rule 23(e)(1)(B)'s requirement to provide "direct notice in a reasonable manner."

*IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION*
### Case No. 1:20-cv-04699

The Honorable John Z. Lee, United States District Court, Northern District of Illinois (October 1, 2021):  The Court approves, as to form and content, the proposed Class Notices submitted to the Court. The Court finds that the Settlement Class Notice Program outlined in the Declaration of Steven Weisbrot on Settlement Notices and Notice Plan (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all requirements of applicable law, Federal Rule of Civil Procedure 23, and due process.

*IN RE: GOOGLE PLUS PROFILE LITIGATION*
### Case No. 5:18-cv-06164

The Honorable Edward J. Davila, United States District Court, Northern District of California (January 25, 2021):  The Court further finds that the program for disseminating notice to Settlement Class Members provided for in the Settlement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and such Notice Program, including the approved forms of notice, is reasonable and appropriate and satisfies all applicable due process and other requirements, and constitutes best notice reasonably calculated under the circumstances to apprise Settlement Class Members...

*IN RE: FACEBOOK INTERNET TRACKING LITIGATION*
### Case No. 5:12-md-02314

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 31, 2022): The Court approves the Notice Plan, Notice of Proposed Class Action Settlement, Claim Form, and Opt-Out Form, which are attached to the Settlement Agreement as Exhibits B-E, and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Actions, the effect of the proposed Settlement (including the releases contained therein), the anticipated Motion for a Fee and Expense Award and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

# JUDICIAL RECOGNITION



### CITY OF LONG BEACH v. MONSANTO COMPANY
### Case No. 2:16-cv-03493

The Honorable Fernando M. Olguin, United States District Court, Central District of California (March 14, 2022): The court approves the form, substance, and requirements of the class Notice, (Dkt.278-2, Settlement Agreement, Exh. I). The proposed manner of notice of the settlement set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and complies with the requirements of due process.

### STEWART v. LEXISNEXIS RISK DATA RETRIEVAL SERVICES, LLC
### Case No. 3:20-cv-00903

The Honorable John A. Gibney Jr., United States District Court, Eastern District of Virginia (February 25, 2022): The proposed forms and methods for notifying the proposed Settlement Class Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice...Based on the foregoing, the Court hereby approves the notice plans developed by the Parties and the Settlement Administrator and directs that they be implemented according to the Agreement and the notice plans attached as exhibits.

### WILLIAMS v. APPLE INC.
### Case No. 3:19-cv-0400

The Honorable Laurel Beeler, United States District Court, Northern District of California (February 24, 2022): The Court finds the Email Notice and Website Notice (attached to the Agreement as Exhibits 1 and 4, respectively), and their manner of transmission, implemented pursuant to the Agreement (a) are the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise the Subscriber Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all requirements of applicable law.

### CLEVELAND v. WHIRLPOOL CORPORATION
### Case No. 0:20-cv-01906

The Honorable Wilhelmina M. Wright, United States District Court, District of Minnesota (December 16, 2021): It appears to the Court that the proposed Notice Plan described herein, and detailed in the Settlement Agreement, comports with due process, Rule 23, and all other applicable law. Class Notice consists of email notice and postcard notice when email addresses are unavailable, which is the best practicable notice under the circumstances...The proposed Notice Plan complies with the requirements of Rule 23, Fed. R. Civ. P., and due process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

*RASMUSSEN v. TESLA, INC. d/b/a TESLA MOTORS, INC.*
**Case No. 5:19-cv-04596**

The Honorable Beth Labson Freeman, United States District Court, Northern District of California (December 10, 2021): The Court has carefully considered the forms and methods of notice to the Settlement Class set forth in the Settlement Agreement ("Notice Plan"). The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

*CAMERON v. APPLE INC.*
**Case No. 4:19-cv-03074**

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 16, 2021): The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

*RISTO v. SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS*
**Case No. 2:18-cv-07241**

The Honorable Christina A. Snyder, United States District Court, Central District of California (November 12, 2021):  The Court approves the publication notice plan presented to this Court as it will provide notice to potential class members through a combination of traditional and digital media that will consist of publication of notice via press release, programmatic display digital advertising, and targeted social media, all of which will direct Class Members to the Settlement website...The notice plan satisfies any due process concerns as this Court certified the class under Federal Rule of Civil Procedure 23(b)(1)...

*JENKINS v. NATIONAL GRID USA SERVICE COMPANY, INC.*
**Case No. 2:15-cv-01219**

The Honorable Joanna Seybert, United States District Court, Eastern District of New York (November 8, 2021):  Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan and procedures set forth at Section 8 of the Settlement, including the form and content of the proposed forms of notice to the Settlement Class attached as Exhibits C-G to the Settlement and the proposed procedures for Settlement Class Members to exclude themselves from the Settlement Class or object. The Court finds that the proposed Notice Plan meets the requirements of due process under the United States Constitution and Rule 23, and that such Notice Plan—which includes direct notice to Settlement Class Members sent via first class U.S. Mail and email; the establishment of a Settlement Website (at the URL, www.nationalgridtcpasettlement.com) where Settlement Class Members can view the full settlement agreement, the detailed long-form notice (in English and Spanish),

and other key case documents; publication notice in forms attached as Exhibits E and F to the Settlement sent via social media (Facebook and Instagram) and streaming radio (e.g., Pandora and iHeart Radio). The Notice Plan shall also include a paid search campaign on search engine(s) chosen by Angeion (e.g., Google) in the form attached as Exhibits G and the establishment of a toll-free telephone number where Settlement Class Members can get additional information—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

### *NELLIS v. VIVID SEATS, LLC*
**Case No. 1:20-cv-02486**

The Honorable Robert M. Dow, Jr., United States District Court, Northern District of Illinois (November 1, 2021):  The Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Litigation…(c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

### *PELLETIER v. ENDO INTERNATIONAL PLC*
**Case No. 2:17-cv-05114**

The Honorable Michael M. Baylson, United States District Court, Eastern District of Pennsylvania (October 25, 2021): The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-10 of this Order, meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

### *BIEGEL v. BLUE DIAMOND GROWERS*
**Case No. 7:20-cv-03032**

The Honorable Cathy Seibel, United States District Court, Southern District of New York (October 25, 2021):  The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action…and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

# JUDICIAL RECOGNITION



### QUINTERO v. SAN DIEGO ASSOCIATION OF GOVERNMENTS
### Case No. 37-2019-00017834-CU-NP-CTL

The Honorable Eddie C. Sturgeon, Superior Court of the State of California, County of San Diego (September 27, 2021):  The Court has reviewed the class notices for the Settlement Class and the methods for providing notice and has determined that the parties will employ forms and methods of notice that constitute the best notice practicable under the circumstances; are reasonably calculated to apprise class members of the terms of the Settlement and of their right to participate in it, object, or opt-out; are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet all constitutional and statutory requirements, including all due process requirements and the California Rules of Court.

### HOLVE v. MCCORMICK & COMPANY, INC.
### Case No. 6:16-cv-06702

The Honorable Mark W. Pedersen, United States District Court for the Western District of New York (September 23, 2021):  The Court finds that the form, content and method of giving notice to the Class as described in the Settlement Agreement and the Declaration of the Settlement Administrator: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action…(c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.

### CULBERTSON T AL. v. DELOITTE CONSULTING LLP
### Case No. 1:20-cv-03962

The Honorable Lewis J. Liman, United States District Court, Southern District of New York (August 27, 2021):  The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

### PULMONARY ASSOCIATES OF CHARLESTON PLLC v. GREENWAY HEALTH, LLC
### Case No. 3:19-cv-00167

The Honorable Timothy C. Batten, Sr., United States District Court, Northern District of Georgia (August 24, 2021):  Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot filed on July 2, 2021, and the Settlement Agreement and Release, including notice by First Class U.S. Mail and email to all known Class Members, is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and due process.

# JUDICIAL RECOGNITION

*IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II)*
**Case No. 6:20-md-02977**

The Honorable Robert J. Shelby, United States District Court, Eastern District of Oklahoma (August 23, 2021):  The Court approves the method of notice to be provided to the Settlement Class as set forth in Plaintiffs' Motion and Memorandum of Law in Support of Motion for Approval of the Form and Manner of Class Notice and Appointment of Settlement Administrator and Request for Expedited Treatment and the Declaration of Steven Weisbrot on Angeion Group Qualifications and Proposed Notice Plan...The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class and to apprise them of the Action, the terms and conditions of the Settlement, their right to opt out and be excluded from the Settlement Class, and to object to the Settlement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

*ROBERT ET AL. v. AT&T MOBILITY, LLC*
**Case No. 3:15-cv-03418**

The Honorable Edward M. Chen, United States District Court, Northern District of California (August 20, 2021):  The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as supplemental notice via a social media notice campaign and reminder email and SMS notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of this Action ...(d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process under the U.S. Constitution, and any other applicable law.

*PYGIN v. BOMBAS, LLC*
**Case No. 4:20-cv-04412**

The Honorable Jeffrey S. White, United States District Court, Northern District of California (July 12, 2021):  The Court also concludes that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the Scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court approves the Class Notice and Notice Program and the Claim Form.

*WILLIAMS ET AL. v. RECKITT BENCKISER LLC ET AL.*
**Case No. 1:20-cv-23564**

The Honorable Jonathan Goodman, United States District Court, Southern District of Florida (April 23, 2021):  The Court approves, as to form and content, the Class Notice and Internet Notice submitted by the parties (Exhibits B and D to the Settlement Agreement or Notices

substantially similar thereto) and finds that the procedures described therein meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances. The proposed Class Notice Plan -- consisting of (i) internet and social media notice; and (ii) notice via an established a Settlement Website -- is reasonably calculated to reach no less than 80% of the Settlement Class Members.

### NELSON ET AL. v. IDAHO CENTRAL CREDIT UNION
**Case No. CV03-20-00831, CV03-20-03221**

The Honorable Robert C. Naftz, Sixth Judicial District, State of Idaho, Bannock County (January 19, 2021):  The Court finds that the Proposed Notice here is tailored to this Class and designed to ensure broad and effective reach to it...The Parties represent that the operative notice plan is the best notice practicable and is reasonably designed to reach the settlement class members. The Court agrees.

### IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION
**Case No. 3:20-cv-00812**

The Honorable Edward M. Chen, United States District Court, Northern District of California (December 29, 2020):  The Court finds that the Class Notice and Notice Program satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances.

### IN RE: PEANUT FARMERS ANTITRUST LITIGATION
**Case No. 2:19-cv-00463**

The Honorable Raymond A. Jackson, United States District Court, Eastern District of Virginia (December 23, 2020):  The Court finds that the Notice Program...constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Rule 23(c)(2) and the due process requirements of the Constitution of the United States.

### BENTLEY ET AL. v. LG ELECTRONICS U.S.A., INC.
**Case No. 2:19-cv-13554**

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (December 18, 2020):  The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement, and the Settlement Class Members' rights to object to the Settlement or opt out of the Settlement Class, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

### IN RE: ALLURA FIBER CEMENT SIDING PRODUCTS LIABILITY LITIGATION
**Case No. 2:19-mn-02886**

The Honorable David C. Norton, United States District Court, District of South Carolina (December 18, 2020):  The proposed Notice provides the best notice practicable under the

circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

## *ADKINS ET AL. v. FACEBOOK, INC.*
**Case No. 3:18-cv-05982**

The Honorable William Alsup, United States District Court, Northern District of California (November 15, 2020):  Notice to the class is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co., 399 U.S. 306, 314 (1650).*

## *IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION*
**Case No. 8:16-md-02737**

The Honorable Mary S. Scriven, United States District Court, Middle District of Florida (November 2, 2020):  The Court finds and determines that mailing the Summary Notice  and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members.

## *MARINO ET AL. v. COACH INC.*
**Case No. 1:16-cv-01122**

The Honorable Valerie Caproni, United States District Court, Southern District of New York (August 24, 2020):  The Court finds that the form, content, and method of giving notice to the Settlement Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

# JUDICIAL RECOGNITION



*BROWN v. DIRECTV, LLC*
**Case No. 2:13-cv-01170**

The Honorable Dolly M. Gee, United States District Court, Central District of California (July 23, 2020):  Given the nature and size of the class, the fact that the class has no geographical limitations, and the sheer number of calls at issue, the Court determines that these methods constitute the best and most reasonable form of notice under the circumstances.

*IN RE: SSA BONDS ANTITRUST LITIGATION*
**Case No. 1:16-cv-03711**

The Honorable Edgardo Ramos, United States District Court, Southern District of New York (July 15, 2020):  The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

*KJESSLER ET AL. v. ZAAPPAAZ, INC. ET AL.*
**Case No. 4:18-cv-00430**

The Honorable Nancy F. Atlas, United States District Court, Southern District of Texas (July 14, 2020):  The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the putative Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.

*HESTER ET AL. v. WALMART, INC.*
**Case No. 5:18-cv-05225**

The Honorable Timothy L. Brooks, United States District Court, Western District of Arkansas (July 9, 2020):  The Court finds that the Notice and Notice Plan substantially in the manner and form set forth in this Order and the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

*CLAY ET AL. v. CYTOSPORT INC.*
**Case No. 3:15-cv-00165**

The Honorable M. James Lorenz, United States District Court, Southern District of California (June 17, 2020):  The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the establishment of a Settlement Website, as more fully described in the Agreement and the Claims Administrator's affidavits (docs. no. 222-9, 224, 224-1, and 232-3 through 232-6). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

# JUDICIAL RECOGNITION

*GROGAN v. AARON'S INC.*
**Case No. 1:18-cv-02821**

The Honorable J.P. Boulee, United States District Court, Northern District of Georgia (May 1, 2020):  The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

*CUMMINGS v. BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO, ET AL.*
**Case No. D-202-CV-2001-00579**

The Honorable Carl Butkus, Second Judicial District Court, County of Bernalillo, State of New Mexico (March 30, 2020): The Court has reviewed the Class Notice, the Plan of Allocation and Distribution and Claim Form, each of which it approves in form and substance. The Court finds that the form and methods of notice set forth in the Agreement: (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the New Mexico Rules of Civil Procedure, the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws.

*SCHNEIDER, ET AL. v. CHIPOTLE MEXICAN GRILL, INC.*
**Case No. 4:16-cv-02200**

The Honorable Haywood S. Gilliam, Jr., United States District Court, Northern District of California (January 31, 2020):  Given that direct notice appears to be infeasible, the third-party settlement administrator will implement a digital media campaign and provide for publication notice in People magazine, a nationwide publication, and the East Bay Times. SA § IV.A, C; Dkt. No. 205-12 at ¶¶ 13–23. The publication notices will run for four consecutive weeks. Dkt. No. 205 at ¶ 23. The digital media campaign includes an internet banner notice implemented using a 60-day desktop and mobile campaign. Dkt. No. 205-12 at ¶ 18. It will rely on "Programmatic Display Advertising" to reach the "Target Audience," Dkt. No. 216-1 at ¶ 6, which is estimated to include 30,100,000 people and identified using the target definition of "Fast Food & Drive-In Restaurants Total Restaurants Last 6 Months [Chipotle Mexican Grill]," Dkt. No. 205-12 at ¶ 13. Programmatic display advertising utilizes "search targeting," "category contextual targeting," "keyword contextual targeting," and "site targeting," to place ads. Dkt. No. 216-1 at ¶¶ 9–12. And through "learning" technology, it continues placing ads on websites where the ad is performing well. Id. ¶ 7. Put simply, prospective Class Members will see a banner ad notifying them of the settlement when they search for terms or websites that are similar to or related to Chipotle, when they browse websites that are categorically relevant to Chipotle (for example, a website related to fast casual dining or Mexican food), and when they browse websites that include a relevant keyword (for example, a fitness

website with ads comparing fast casual choices). Id. ¶¶ 9–12. By using this technology, the banner notice is "designed to result in serving approximately 59,598,000 impressions." Dkt. No. 205-12 at ¶ 18.

The Court finds that the proposed notice process is "'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement." Roes, 944 F.3d at 1045 (citation omitted).

### HANLEY v. TAMPA BAY SPORTS AND ENTERTAINMENT LLC
### Case No. 8:19-cv-00550

The Honorable Charlene Edwards Honeywell, United States District Court, Middle District of Florida (January 7, 2020):  The Court approves the form and content of the Class notices and claim forms substantially in the forms attached as Exhibits A-D to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

### CORCORAN, ET AL. v. CVS HEALTH, ET AL.
### Case No. 4:15-cv-03504

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 22, 2019):  Having reviewed the parties' briefings, plaintiffs' declarations regarding the selection process for a notice provider in this matter and regarding Angeion Group LLC's experience and qualifications, and in light of defendants' non-opposition, the Court APPROVES Angeion Group LLC as the notice provider. Thus, the Court GRANTS the motion for approval of class notice provider and class notice program on this basis.

Having considered the parties' revised proposed notice program, the Court agrees that the parties' proposed notice program is the "best notice that is practicable under the circumstances." The Court is satisfied with the representations made regarding Angeion Group LLC's methods for ascertaining email addresses from existing information in the possession of defendants. Rule 23 further contemplates and permits electronic notice to class members in certain situations. See Fed. R. Civ. P. 23(c)(2)(B). The Court finds, in light of the representations made by the parties, that this is a situation that permits electronic notification via email, in addition to notice via United States Postal Service. Thus, the Court APPROVES the parties' revised proposed class notice program, and GRANTS the motion for approval of class notice provider and class notice program as to notification via email and United States Postal Service mail.

### *PATORA v. TARTE, INC.*
### Case No. 7:18-cv-11760

The Honorable Kenneth M. Karas, United States District Court, Southern District of New York (October 2, 2019):  The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

### *CARTER, ET AL. v. GENERAL NUTRITION CENTERS, INC., and GNC HOLDINGS, INC.*
### Case No. 2:16-cv-00633

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (September 9, 2019):  The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Ci vii Procedure, and any other applicable laws.

### *CORZINE v. MAYTAG CORPORATION, ET AL.*
### Case No. 5:15-cv-05764

The Honorable Beth L. Freeman, United States District Court, Northern District of California (August 21, 2019):  The Court, having reviewed the proposed Summary Notice, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

### *MEDNICK v. PRECOR, INC.*
### Case No. 1:14-cv-03624

The Honorable Harry D. Leinenweber, United States District Court, Northern District of Illinois (June 12, 2019):  Notice provided to Class Members pursuant to the Preliminary Class Settlement Approval Order constitutes the best notice practicable under the circumstances, including individual email and mail notice to all Class Members who could be identified

through reasonable effort, including information provided by authorized third-party retailers of Precor. Said notice provided full and adequate notice of these proceedings and of the matter set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and California Constitutions.

### GONZALEZ v. TCR SPORTS BROADCASTING HOLDING LLP, ET AL.
### Case No. 1:18-cv-20048

The Honorable Darrin P. Gayles, United States District Court, Southern District of Florida (May 24, 2019):  The Court finds that notice to the class was reasonable and the best notice practicable under the circumstances, consistent with Rule 23(e)(1) and Rule 23(c)(2)(B).

### ANDREWS ET AL. v. THE GAP, INC., ET AL.
### Case No. CGC-18-567237

The Honorable Richard B. Ulmer Jr., Superior Court of the State of California, County of San Francisco (May 10, 2019):  The Court finds that (a) the Full Notice, Email Notice, and Publication constitute the best notice practicable under the circumstances, (b) they constitute valid, due, and sufficient notice to all members of the Class, and (c) they comply fully with the requirements of California Code of Civil Procedure section 382, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.

### COLE, ET AL. v. NIBCO, INC.
### Case No. 3:13-cv-07871

The Honorable Freda L. Wolfson, United States District Court, District of New Jersey (April 11, 2019):  The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this…, (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

### DIFRANCESCO, ET AL. v. UTZ QUALITY FOODS, INC.
### Case No. 1:14-cv-14744

The Honorable Douglas P. Woodlock, United States District Court, District of Massachusetts (March 15, 2019):  The Court finds that the Notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits 2 and 6 thereto, as amended (the "Notice Program"), is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the

requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION
### Case No. 3:17-md-02777

The Honorable Edward M. Chen, United States District Court, Northern District of California (February 11, 2019):  Also, the parties went through a sufficiently rigorous selection process to select a settlement administrator. See Proc. Guidance for Class Action Sett. ¶ 2; see also Cabraser Decl. ¶¶ 9-10. While the settlement administration costs are significant – an estimated $1.5 million – they are adequately justified given the size of the class and the relief being provided.

In addition, the Court finds that the language of the class notices (short and long-form) is appropriate and that the means of notice – which includes mail notice, electronic notice, publication notice, and social media "marketing" – is the "best notice…practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-5, 9 (addressing class notice, opt-outs, and objections). The Court notes that the means of notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed on February 8, 2019, so that notice will be more targeted and effective. See generally Docket No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via national newswire service, digital and social media marketing designed to enhance notice, and "reminder" first-class mail notice when AEM becomes available).

Finally, the parties have noted that the proposed settlement bears similarity to the settlement in the Volkswagen MDL. See Proc. Guidance for Class Action Sett. ¶ 11.

### RYSEWYK, ET AL. v. SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK AND COMPANY
### Case No. 1:15-cv-04519

The Honorable Manish S. Shah, United States District Court, Northern District of Illinois (January 29, 2019):  The Court holds that the Notice and notice plan as carried out satisfy the requirements of Rule 23(e) and due process. This Court has previously held the Notice and notice plan to be reasonable and the best practicable under the circumstances in its Preliminary Approval Order dated August 6, 2018. (Dkt. 191) Based on the declaration of Steven Weisbrot, Esq. of Angeion Group (Dkt. No. 209-2), which sets forth compliance with the Notice Plan and related matters, the Court finds that the multi-pronged notice strategy as implemented has successfully reached the putative Settlement Class, thus constituting the best practicable notice and satisfying due process.

### MAYHEW, ET AL. v. KAS DIRECT, LLC, and S.C. JOHNSON & SON, INC.
### Case No. 7:16-cv-06981

The Honorable Vincent J. Briccetti, United States District Court, Southern District of New York (June 26, 2018):  In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr.

Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by the parties as it is reasonable and the best practicable option for confirming the class members receive notice.

### IN RE: OUTER BANKS POWER OUTAGE LITIGATION
### Case No. 4:17-cv-00141

The Honorable James C. Dever III, United States District Court, Eastern District of North Carolina (May 2, 2018):  The court has reviewed the proposed notice plan and finds that the notice plan provides the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. Thus, the court approves the proposed notice plan.

### GOLDEMBERG, ET AL. v. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.
### Case No. 7:13-cv-03073

The Honorable Nelson S. Roman, United States District Court, Southern District of New York (November 1, 2017):  Notice of the pendency of the Action as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

### HALVORSON v. TALENTBIN, INC.
### Case No. 3:15-cv-05166

The Honorable Joseph C. Spero, United States District Court, Northern District of California (July 25, 2017):  The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement    Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation;

of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of, the Settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

*IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION*
**MDL No. 2669/Case No. 4:15-md-02669**
The Honorable John A. Ross, United States District Court, Eastern District of Missouri (July 21, 2017):  The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.

The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

*TRAXLER, ET AL. v. PPG INDUSTRIES INC., ET AL.*
**Case No. 1:15-cv-00912**
The Honorable Dan Aaron Polster, United States District Court, Northern District of Ohio (April 27, 2017):  The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the proposed Notice Plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Case 3:13-cv-06792-JD Document 178-1 Filed 08/22/22 Page 80 of 105

*IN RE: THE HOME DEPOT, INC., CUSTOMER DATA SECURITY BREACH LITIGATION*

**Case No. 1:14-md-02583**

The Honorable Thomas W. Thrash Jr., United States District Court, Northern District of Georgia (March 10, 2017): The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement class members.

*ROY v. TITEFLEX CORPORATION t/a GASTITE and WARD MANUFACTURING, LLC*

**Case No. 384003V**

The Honorable Ronald B. Rubin, Circuit Court for Montgomery County, Maryland (February 24, 2017): What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make decision. To me that is a key piece of this deal. *I think the notice provisions are exquisite* [emphasis added].

*IN RE: LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION*

**Case No. 2:08-cv-00051**

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (June 17, 2016): This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and the joint motion for preliminary approval. The Court has reviewed the notices attached as exhibits to the Settlement, the plan for distributing the Summary Notices to the Settlement Class, and the plan for the Publication Notice's publication in print periodicals and on the internet, and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class mail and email. The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy.

### FENLEY v. APPLIED CONSULTANTS, INC.
**Case No. 2:15-cv-00259**

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (June 16, 2016):  The Court would note that it approved notice provisions of the settlement agreement in the proceedings today. That was all handled by the settlement and administrator Angeion. The notices were sent. The class list utilized the Postal Service's national change of address database along with using certain proprietary and other public resources to verify addresses. the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e) (l), and Due Process....

The Court finds and concludes that the mechanisms and methods of notice to the class as identified were reasonably calculated to provide all notice required by the due process clause, the applicable rules and statutory provisions, and that the results of *the efforts of Angeion were highly successful and fulfilled all of those requirements* [emphasis added].

### FUENTES, ET AL. v. UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL SERVICES, ET AL.
**Case No. 1:15-cv-08372**

The Honorable J. Paul Oetken, United States District Court, Southern District of New York (May 16, 2016):  The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B-D, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Actions, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

### IN RE: WHIRLPOOL CORP. FRONTLOADING WASHER PRODUCTS LIABILITY LITIGATION
**MDL No. 2001/Case No. 1:08-wp-65000**

The Honorable Christopher A. Boyko, United States District Court, Northern District of Ohio (May 12, 2016):  The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

### SATERIALE, ET AL. v. R.J. REYNOLDS TOBACCO CO.
**Case No. 2:09-cv-08394**

The Honorable Christina A. Snyder, United States District Court, Central District of California (May 3, 2016):  The Court finds that the Notice provided to the Settlement Class pursuant to

the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

### *FERRERA, ET AL. v. SNYDER'S-LANCE, INC.*
### Case No. 0:13-cv-62496

The Honorable Joan A. Lenard, United States District Court, Southern District of Florida (February 12, 2016):  The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

### *IN RE: POOL PRODUCTS DISTRIBUTION MARKET ANTITRUST LITIGATION*
### MDL No. 2328/Case No. 2:12-md-02328

The Honorable Sarah S. Vance, United States District Court, Eastern District of Louisiana (December 31, 2014):  To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web- based forms of communication in the plan. The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process. The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement. Moreover, the plan to combine notice for the Zodiac and Hayward settlements should streamline the process and avoid confusion that might otherwise be caused by a proliferation of notices for different settlements. Therefore, the Court approves the proposed notice forms and the plan of notice.

### *SOTO, ET AL. v. THE GALLUP ORGANIZATION, INC.*
### Case No. 0:13-cv-61747

The Honorable Marcia G. Cooke, United States District Court, Southern District of Florida (June 16, 2015):  The Court approves the form and substance of the notice of class action settlement described in ¶ 8 of the Agreement and attached to the Agreement as Exhibits A, C and D. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall

constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

*OTT v. MORTGAGE INVESTORS CORPORATION OF OHIO, INC.*
**Case No. 3:14-cv-00645**
The Honorable Janice M. Stewart, United States District Court, District of Oregon (July 20, 2015): The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.

# EXHIBIT C

United States District Court for the Northern District of California

*Lundy, et al. v. Meta Platforms, Inc.*, Case No. 3:18-cv-06793-JD

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**If you are a person who was a Facebook User in the United States and your Location Services setting for the Facebook app was turned off at any time between January 30, 2015 and April 18, 2018, inclusive, you may be eligible for a cash payment from a Class Action Settlement.**

**What Is the Case About?**

This lawsuit alleges that Meta improperly inferred the location of Facebook Users in the United States through their IP addresses, even if a Facebook User had turned off Location Services on their iOS or Android device for their Facebook application. Settlement Class Members include any natural person living in the United States who used Facebook and who turned off Location Services for the Facebook application on their iOS or Android device at any point from January 30, 2015 to April 18, 2018, inclusive. Meta expressly denies any liability or wrongdoing.

**Who Is Part of the Settlement Class?**

The Settlement Class includes all natural persons residing in the United States who used Facebook between January 30, 2015 and April 18, 2018, inclusive ("the Settlement Class Period"), and whose iOS or Android Location Services setting for the Facebook application was turned off at any point during that period, but whose location information was inferred by Facebook via the user's IP Addresses.

**What Does the Settlement Provide?**

If the Settlement is approved by the Court, Facebook will establish a Settlement Fund of thirty-seven million five hundred thousand dollars ($37,500,000.00) to pay all valid claims submitted by the Settlement Class Members, as well as notice and administration costs, attorneys' fees and expenses, and Service Awards for the Settlement Class Representatives.

**How Do I Submit a Claim and Get a Cash Payment?**

Claim Forms may be submitted online at **WEBSITE URL** or printed from the website and mailed to the Settlement Administrator at: [insert address].

**Your Other Options**

If you are a Settlement Class Member and you do nothing, your rights will be affected and you will not receive a settlement payment. If you do not want to be legally bound by the settlement, you must exclude yourself from it by opting out. The deadline to exclude yourself is **Deadline Date**. Unless you exclude yourself, you will give up any right to sue Facebook based on the legal and factual issues that this settlement resolves. If you exclude yourself, you cannot get a payment from this settlement. If you stay in the settlement (i.e., do not exclude yourself), you may object to the settlement or Class Counsel's fees by **Deadline Date**. More information can be found in the

Frequently Asked Questions document and Class Action Settlement Agreement and Release, which are available at **WEBSITE URL**.

**The Court's Final Approval Hearing**

The Court has scheduled a Final Approval Hearing at 10:00 a.m. PST on _____. If the hearing proceeds in person, it will be held at the San Francisco Courthouse, Courtroom 11—19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. If the Court holds the hearing by video conference, you will find a link to the video conference at the following address: https://cand.uscourts.gov/judges/donato-james-jd/.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider whether to approve Class Counsel's request for an award of attorneys' fees and expenses, as well as the Settlement Class Representatives' Service Awards. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement.

**For more information:  Please call 1-XXX-XXX-XXXX or visit <u>WEBSITE URL</u>**



**Angeion Group**
Sponsored · 🌐

· · ·

If you were a Facebook User in the U.S. and your Location Services setting for the Facebook app was turned off at any time between January 30, 2015 and April 18, 2018, you may be eligible for a cash payment from a Class Action Settlement.

example.com

**Facebook Location Services Settlement**

Learn more

👍 Like          💬 Comment          ↪ Share





# EXHIBIT D

United States District Court for the Northern District of California

*Lundy, et al. v. Meta Platforms, Inc.*, Case No. 3:18-cv-06793-JD

## <u>NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION</u>

---

**If you are a person who was a Facebook User in the United States and your Location Services setting for the Facebook app was turned off at any time between January 30, 2015 and April 18, 2018, inclusive, you may be eligible for a cash payment from a Class Action Settlement.**

---

*A federal court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement[1] has been reached between Defendant Meta Platforms, Inc., formerly Facebook, Inc. ("Meta" or "Defendant") and Plaintiffs in a class action lawsuit pending in the United States District Court for the Northern District of California.

- You are included in this Settlement as a Settlement Class Member if you were a Facebook User in the United States whose iOS or Android Location Services setting for the Facebook application was turned off at any point between January 30, 2015 and April 18, 2018, inclusive.

- The lawsuit is known as *Lundy, et al. v. Meta Platforms, Inc.*, Case No. 3:18-cv-06793-JD (N.D. California). Defendant denies that it violated any law but has agreed to the Settlement to avoid the costs and risks associated with continuing this case.

- Your rights are affected whether you act or don't act. Please read this Notice carefully.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive a cash payment from this Settlement is by submitting a timely and properly completed Claim Form that obtains approval from the Settlement Administrator. The Claim Form must be submitted no later than _____. | **_____, 2022** |
| | You can submit your Claim Form online at _____ or download the Claim Form from the Settlement Website and mail it to the Settlement Administrator. You may also call the Settlement Administrator to receive a paper copy of the Claim Form. If your claim is approved by the Settlement Administrator, you will give up the right to sue the Defendant in a separate lawsuit about the legal claims this Settlement resolves. | |

---

[1] All capitalized terms not defined herein have the same meaning as in the Settlement Agreement, which can be viewed at _____ (**website**).

Questions? Call _____ Toll-Free or Visit www._____

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| | For more information see **Question ___.** | |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. You can elect your own legal counsel at your own expense.<br><br>For more information see **Question ___.** | **_____, 2022** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for a payment.<br><br>For more information see **Question ___.** | **_____, 2022** |
| **DO NOTHING** | Unless you opt out of the settlement, you are automatically part of the Settlement. If you do nothing, you will not get a payment from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION ......................................................................................................... 3

WHO IS IN THE SETTLEMENT ......................................................................................... 4

THE SETTLEMENT BENEFITS ......................................................................................... 4

HOW TO GET A PAYMENT—MAKING A CLAIM ...................................................... 5

THE LAWYERS REPRESENTING YOU ........................................................................... 6

 OPTING OUT OF THE SETTLEMENT ........................................................................... 7

COMMENTING ON OR OBJECTING TO THE SETTLEMENT ...................................... 7

THE COURT'S FINAL APPROVAL HEARING ................................................................. 9

IF I DO NOTHING ............................................................................................................... 9

GETTING MORE INFORMATION ..................................................................................... 9

**Questions? Call _____ Toll-Free or Visit www._____**

BASIC INFORMATION

## 1. Why was this Notice issued?

A federal court authorized this Notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The Honorable James Donato of the United States District Court for the Northern District of California is overseeing this class action. The case is called *Lundy, et al. v. Meta Platforms, Inc.*, Case No. 3:18-cv-06793-JD (N.D. Cal.). The people that filed this lawsuit are called the "Plaintiffs" and the company they sued, Meta Platforms, Inc. (formerly Facebook, Inc.), is called the "Defendant."

## 2. What is this lawsuit about?

This lawsuit alleges that Meta improperly inferred the location of Facebook Users in the United States through their IP addresses, even if a Facebook User had turned off Location Services on their iOS or Android device for the Facebook application.  Settlement Class Members include any natural person living in the United States who used Facebook and who turned off Location Services for the Facebook application on their iOS or Android device at any point from January 30, 2015 to April 18, 2018, inclusive.  Meta expressly denies any liability or wrongdoing.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are known as "class representatives." Together, the people included in the class action are called a "class" or "class members." One court resolves the lawsuit for all class members, except for those who opt out from a settlement. In this Settlement, the Settlement Class Representatives are Plaintiffs Brendan Lundy, Myriah Watkins, Elizabeth Childers, Michelle Agnitti, and Robin Hodge.

## 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendant. Defendant denies all claims and that it violated any law. Plaintiffs and Defendant agreed to a Settlement to avoid the costs and risks of a trial,

and to allow the Settlement Class Members to receive payments from the Settlement. The Settlement Class Representatives and their attorneys think the Settlement is best for all Settlement Class Members.

### WHO IS IN THE SETTLEMENT?

| **5. Who is in the Settlement?** |
|---|

The Settlement Class includes all natural persons residing in the United States who used Facebook between January 30, 2015 and April 18, 2018, inclusive ("the Settlement Class Period"), and whose iOS or Android Location Services setting for the Facebook application was turned off at any point during that period, but whose location information was inferred by Facebook via the user's IP Addresses.

You may file a claim if you reside in the United States, used Facebook between January 30, 2015 and April 18, 2018, inclusive, and you believe your iOS or Android Location Services setting for the Facebook application was turned off at any point during that period.

| **6. Are there exceptions to being included?** |
|---|

Yes. The Settlement Class does not include: (i) all persons who are directors, officers, and agents of Defendant or its subsidiaries and affiliated companies or are designated by Defendant as employees of Defendant or its subsidiaries and affiliated companies; (ii) the Court, the Court's immediate family, and Court staff, as well as any appellate court to which this matter is ever assigned, and its immediate family and staff; and (iii) eligible persons who elect to opt out of the Settlement Class.

You may file a claim if you reside in the United States, used Facebook between January 30, 2015 and April 18, 2018, inclusive, and you believe your iOS or Android Location Services setting for the Facebook application was turned off at any point during that period.

If you are not sure whether you are included in the Settlement Class, you can ask for free help by emailing the Settlement Administrator at _____ or calling the Settlement Administrator at _____. You may also view the Settlement Agreement at _____ (**website**).

### THE SETTLEMENT BENEFITS

| **7. What does the Settlement provide?** |
|---|

If the Settlement is approved by the Court, Defendant will establish a Settlement Fund of thirty-seven million five hundred thousand dollars ($37,500,000.00) to pay all valid claims submitted by the Settlement Class Members, as well as notice and administration expenses, attorneys' fees and costs, and Service Awards for the Settlement Class Representatives.

## 8. How much will my payment be?

The total amount distributed to the Settlement Class Members shall be the Settlement Fund, less the Administrative Costs, any amount awarded by the Court for any fee and cost award to Settlement Class Counsel, and any Service Awards. This amount to be distributed to the Settlement Class Members is the Net Settlement Fund. The Net Settlement Fund will be distributed equally amongst the Settlement Class Members who submit valid claims.

The amount of payment will depend on the number of valid claims. By way of example only: assuming a Net Settlement Fund of $25,000,000, an equal distribution of the Settlement Fund would mean that if 1 million Class Members made claims, each claimant would receive approximately $25. As another example, assuming a Net Settlement Fund of $25,000,000, an equal distribution of the Settlement Fund would mean that if 2.5 million Class Members made claims, each claimant would receive approximately $10.

If you submit an approved claim and have not submitted a valid and timely request to opt out of the Settlement Class, you will receive an *equal* share of the Net Settlement Fund. All Settlement Class Members who have not sought to opt out and who have submitted valid and timely claims will be paid equal amounts. No such Settlement Class Member will receive a greater, or lesser, payment than any other Settlement Class Member.

## 9. What claims am I releasing if I stay in the Settlement Class?

Unless you opt out of the Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against the Defendant about any of the legal claims this Settlement resolves. The "Released Claims" section in the Settlement Agreement describes the legal claims that you give up ("release") if you remain in the Settlement Class. The Settlement Agreement can be found at _____ **(website)**.

### HOW TO GET A PAYMENT—MAKING A CLAIM

## 10. How do I submit a claim and get a cash payment?

You may file a claim if you reside in the United States, used Facebook between January 30, 2015 and April 18, 2018, inclusive, and you believe your iOS or Android Location Services setting for the Facebook application was turned off at any point during that period.

Claim Forms may be submitted online at _____ or printed from the website and mailed to the Settlement Administrator at: _____.

You may also contact the Settlement Administrator to request a Claim Form by telephone _____, by email _____, or by U.S. mail at _____.

## 11. What is the deadline for submitting a claim?

If you submit a claim by U.S. mail, the completed and signed Claim Form must be postmarked by _____. If submitting a Claim Form online, you must do so by **11:59 p.m. PST on** _____.

## 12. When will I get my payment?

The Court has scheduled a Final Approval Hearing for the Settlement of this case on _____ at 10:00 a.m. PST to consider: (1) whether to approve the Settlement; (2) any objections; (3) the requests for awards to the Settlement Class Representatives; and (4) the request for an award of attorneys' fees and costs to Settlement Class Counsel for their work in this litigation. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Settlement payments will be distributed as soon as possible if the Court grants Final Approval of the Settlement and after any appeals are resolved.

The briefs and declarations in support of the Final Approval of the Settlement and the requests described above will be posted on the Settlement Website, _____, after they are filed. You may ask to appear at the hearing but you do not have to appear. The date and time of the Final Approval Hearing is also subject to modification by the Court. Please review the Settlement Website for any updated information regarding the final hearing.

### THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in the case?

Yes. The Court has appointed Sabita J. Soneji of Tycko & Zavareei LLP and Barrett J. Vahle of Stueve Siegel Hanson LLP to represent the Settlement Class as Class Counsel. You will not be charged for their services.

## 14. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel works for you. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 15. How will the lawyers be paid?

Class Counsel will ask the Court for an award of attorneys' fees not to exceed 30% of the Settlement Fund, as well as reasonable expenses incurred in the litigation. They will also ask the Court to approve a Service Award for each of the Settlement Class Representatives not to exceed $5,000 each. The Court may award less than these amounts. If approved, these fees, costs and awards will be paid from the Settlement Fund.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

| 16. How do I opt out of the Settlement? |
| --- |

If you do not want to receive any benefits from the Settlement, and you want to keep your right, if any, to separately sue the Defendant about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is called "opting out" of the Settlement Class. The deadline for requesting exclusion from the Settlement is _____.

To exclude yourself from the Settlement, you must submit a completed and signed Opt-Out Form online at _____ or by U.S. mail at the below address. Alternatively, you can submit a written request for exclusion that includes the following information: (i) the case name of the Action, *Lundy, et al. v. Meta Platforms, Inc.*, Case No. 3:18-cv-06793-JD (N.D. Cal.); (ii) your name and current address; (iii) your personal signature; (iv) a statement clearly indicating your intent to be excluded from the Settlement (the request can only be made for you, not on another person's behalf); (v) your Facebook account URL (if reasonably available) and the email address and telephone number associated with your Facebook account; (vi) a statement that (a) you had Location Services disabled on your iOS or Android-based device(s) as to the Facebook application at any point in time between January 30, 2015 and April 18, 2018, inclusive; and (b) you accessed Facebook while Location Services was disabled.

Your request for exclusion must be submitted online at _____, after which you must verify the opt-out at the email address you provide, or via U.S. mail at the address below:

> [insert Settlement Admin address]

If you exclude yourself, you are stating to the Court that you do not want to be part of the Settlement. You will not be eligible to receive a payment if you exclude yourself. You may only exclude yourself – not any other person. Opt-out requests seeking exclusion on behalf of more than one individual will be found invalid by the Settlement Administrator.

If submitted electronically, the Opt-Out Form or any written request to opt-out must be submitted and verified no later than 11:59 p.m. PST on or before _____**, 2022**.

If submitted by U.S. mail, the Opt-Out Form or any written request to opt-out must be postmarked no later than _____**, 2022**.

### COMMENTING ON OR OBJECTING TO THE SETTLEMENT

| 17. How do I tell the Court if I like or do not like the Settlement? |
| --- |

If you are a Settlement Class Member, you can choose (but are not required) to object to the Settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve it. The Court will consider your views.

Your objection must include: (i) the case name and number: *Lundy, et al. v. Meta Platforms, Inc.*, Case No. 3:18-cv-06793-JD (N.D. Cal.); (ii) your full name, address, telephone number, and email address; (iii) your Facebook account URL (if reasonably available) and the email address and telephone number associated with your Facebook account; (iv) a statement that you (a) had Location Services disabled on your iOS or Android-based device(s) as to the Facebook application at any point in time between January 30, 2015 and April 18, 2018, inclusive; and (b) accessed Facebook while Location Services was disabled; (v) the full name, address, telephone number, and email address of the your counsel (if you are represented by counsel); (vi) a statement of the number of times in which you (and, where applicable, your counsel) have objected to a class action settlement within the three years preceding the date that you file the objection, along with the caption of each case in which you made such objection; (vii) a statement of the specific grounds for the objection, including any legal and factual support and any evidence in support of the objection; (viii) a statement of whether you intend to appear at the Final Approval Hearing, and if so, whether personally or through counsel; (ix) a statement of whether your objection applies only to you, to a specific subset of the class, or to the entire class; and (x) your signature.

Any comments or objections from Settlement Class Members regarding the proposed Settlement Agreement must be submitted in writing to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California; or by filing them in person at any location of the United States District Court for the Northern District of California, and they must be filed or postmarked on or before _____.

**Class Action Clerk**
**United States District Court for the Northern District of California**
**450 Golden Gate Avenue, Box 36060**
**San Francisco, CA 94102-3489**

You or your attorney may speak at the Final Approval Hearing about your objection. To do so, you must include a statement in your objection indicating that you or your attorney intend to appear at the Final Approval Hearing, as well as a description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing and copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

## 18. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

**Questions? Call _____ Toll-Free or Visit www._____**

## The Court's Final Approval Hearing

### 19. When is the Court's Final Approval Hearing?

The Court has scheduled a Final Approval Hearing at **10:00 a.m.** PST on _____. If the hearing proceeds **in person**, it will be held at the San Francisco Courthouse, Courtroom 11—19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. If the Court holds the hearing **by video conference**, you will find a link to the video conference at the following address: https://cand.uscourts.gov/judges/donato-james-jd/

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider whether to approve Class Counsel's request for an award of attorneys' fees and expenses, as well as the Settlement Class Representatives' Service Awards. If there are objections, the Court will consider them. Judge Donato will listen to people who have asked to speak at the hearing (see **Question 17** above). After the hearing, the Court will decide whether to approve the Settlement.

The date or time of the Final Approval Hearing may change. Please check the Settlement Website, _____, for any updates, and to find out whether the Final Approval Hearing will be held in person or by video conference.

### 20. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you file an objection, you do not have to come to the Final Approval Hearing to talk about it. If you file your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but such attendance is not necessary for the Court to consider an objection that was filed on time.

### If I Do Nothing

### 21. What happens if I do nothing at all?

If you are a Settlement Class Member and you do nothing, you will give up the rights explained in **Question 9**, including your right to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against the Defendant and the Released Parties about the legal issues resolved by this Settlement. In addition, you will not receive a payment from this Settlement.

GETTING MORE INFORMATION

| **22. How do I get more information?** |
| --- |

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at the Settlement Website, _____.

If you have additional questions, you may contact the Settlement Administrator by email, phone, or mail:

Email: _____

Toll-Free: _____

Mail: _____

Publicly filed documents can also be obtained by visiting the office of the Clerk of the United States District Court for the Northern District of California or reviewing the Court's online docket.

*Please do not contact the Court, its Clerks, or Meta.*

# EXHIBIT E

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*Lundy, et al. v. Meta Platforms, Inc.*, Case No. 3:18-cv-06793-JD

Website URL

## CLAIM FORM INSTRUCTIONS

This Claim Form is for Settlement Class Members. The Settlement Class includes the following: All natural persons residing in the United States who used Facebook between January 30, 2015 and April 18, 2018, inclusive, and whose iOS or Android Location Services setting for the Facebook application was turned off at any point during that period. To receive a payment from the Settlement, you must complete and submit this form.

### How To Complete This Claim Form

1. There are two ways to submit this Claim Form to the Settlement Administrator: (a) online at Website URL; or (b) by U.S. Mail to the following address: Facebook Location Services Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. Your Claim Form must be submitted by **Deadline Date**. If you submit your claim by U.S. mail, make sure the completed and signed Claim Form is postmarked by **Deadline Date**.

2. You must complete the entire Claim Form. Please type or write your responses legibly.

3. If your Claim Form is incomplete or missing information, the Settlement Administrator may contact you for additional information. If you do not respond by the deadline provided by the Settlement Administrator for you to supply any such additional information, your claim will not be processed, and you will waive your right to receive money under the Settlement.

4. You may only submit one Claim Form.

5. Submission of the Claim Form does not guarantee payment. Your Claim Form must be approved by the Settlement Administrator.

6. If you have any questions, please contact the Settlement Administrator by email at Email Address, by telephone at 1-XXX-XXX-XXXX, or by U.S. mail at the address listed above.

7. **You must notify the Settlement Administrator if your contact or payment information changes after you submit your Claim Form. If you do not, even if you submit a valid claim under the Settlement, you may not receive your Settlement payment.**

8. **DEADLINE --** If you submit a claim by U.S. mail, the completed and signed Claim Form must be postmarked by **Deadline Date**. If submitting a Claim Form online, you must do so by **Deadline Date**.

1

<table>
<tr><td>

**Your claim must be submitted online or postmarked by: Deadline Date**

</td><td>

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
*Lundy, et al. v. Meta Platforms, Inc.*, Case No. 3:18-cv-06793-JD
Website URL

# Claim Form

</td><td>

**FLT**

</td></tr>
</table>

## I. YOUR CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this form. NOTE: The personal information you provide below will be processed only for purposes of effectuating the Settlement.

| | |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

| ( )    - | |
|---|---|
| **Current Phone Number** | **Current Email Address** |

## II. DETAILS

| | |
|---|---|
| Did you reside in the United States at any point between January 30, 2015 and April 18, 2018, inclusive? | Yes ☐<br><br>No ☐ |
| Were you a Facebook user at any point between January 30, 2015 and April 18, 2018, inclusive, while you were residing in the United States? | Yes ☐<br><br>No ☐ |
| Did you have Location Services turned off for the Facebook application on your iOS or Android-based device(s) at any point in time between January 30, 2015 and April 18, 2018, inclusive? | Yes ☐<br><br>No ☐ |
| Did you access Facebook while Location Services was disabled for the Facebook application on your iOS or Android-based device(s) between January 30, 2015 and April 18, 2018, inclusive? | Yes ☐<br><br>No ☐ |

| Enter all usernames or URLs for Facebook accounts used by you between January 30, 2015 and April 18, 2018, inclusive: | 1. _____<br>2. _____<br>3. _____<br>4. _____<br>5. _____ |
| --- | --- |
| Email address(es) associated with your Facebook account: | 1. _____<br>2. _____<br>3. _____ |

## III.  PAYMENT SELECTION (choose one)

Please select **<u>one</u>** of the following payment options:

☐ **PayPal** - Enter your PayPal email address: _____

☐ **Venmo** - Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __

☐ **Virtual Prepaid Card** – Enter the email address where you will receive the Virtual Prepaid Card:

_____

☐ **Zelle -** Enter the email address or mobile number associated with your Zelle account:

_____

☐ **Physical Check -** Payment will be mailed to the address provided above.

_____

## IV.  VERIFICATION AND ATTESTATION UNDER OATH

By signing below and submitting this Claim Form, I hereby declare or affirm under penalty of perjury that I am the person identified above and the information provided in this Claim Form is true and correct, and that I have not submitted another Claim Form in connection with this Settlement and know of no other person having done so on my behalf.  I understand that my Claim Form may be subject to audit, verification, or Court review.  Also, I agree to be bound by the provisions of the Settlement Agreement, including granting to Meta and other Released Parties a release of all Released Claims as defined and set forth in the Settlement Agreement and in any Final Order of the Court that may be entered pursuant to the Settlement.

_____       Date: _____
Your signature                                                      MM        DD        YYYY


_____
Your name

3

## **REMINDER CHECKLIST**

1.  Please make sure you answered all the questions on the Claim Form. Be sure to select only **one** payment option.

2.  Please make sure that you signed and dated the Claim Form.

3.  Please keep a copy of your completed claim form for your own records.