SABITA J. SONEJI (SBN 224262)
ssoneji@tzlegal.com
**TYCKO & ZAVAREEI LLP**
The Tower Building
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808

BARRETT J. VAHLE (*pro hac vice*)
vahle@stuevesiegel.com
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100

*Settlement Class Counsel*

*Additional Counsel on Signature Page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BRENDAN LUNDY, MYRIAH WATKINS, ELIZABETH CHILDERS, MICHELLE AGNITTI, and ROBIN HODGE,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:18-cv-6793-JD<br><br>**PLAINTIFFS' RENEWED MOTION AND SUPPLEMENT TO MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>**Date:** Thursday, December 7, 2023<br>**Time:** 10:00 a.m.<br>**Place:** Courtroom 11, San Francisco, 19th Floor |

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................................1

II.     THE COURT SHOULD GRANT CLASS COUNSEL'S REQUESTED FEES ........................3

      A.      Class Counsel's Requested Fees Are Reasonable, Fair, and Appropriate Under the
            Percentage of the Recovery Method.......................................................................4

            1.      Class Counsel Achieved Exceptional Results. ...........................................5

            2.      This Case Presented a Heightened Risk of Total Loss...............................6

            3.      Class Counsel's Hourly Rates are Consistent with Market Rates. .............7

            4.      Class Counsel Represented the Class on a Contingent Basis. ....................8

      B.      Class Counsel's Requested Fee Is Also Reasonable, Fair, and Appropriate Under a
            Lodestar Cross-Check...........................................................................................9

            1.      Class Counsel Spent a Reasonable Number of Hours Successfully Pursuing
                This Litigation. .......................................................................................10

            2.      A 1.24 Multiplier Is Also Reasonable.....................................................11

                 i.      The reputation, ability, and efficiency of Class Counsel supports
                     the requested fees. .......................................................................13

                 ii.     The requested multiplier is reasonable when compared to other
                     similar litigation..........................................................................13

III.    THE COURT SHOULD APPROVE REIMBURSEMENT OF CLASS COUNSEL'S
      REASONABLE LITIGATION EXPENSES.........................................................................14

IV.     THE COURT SHOULD APPROVE REASONABLE SERVICE AWARDS FOR THE
      SETTLEMENT CLASS REPRESENTATIVES...................................................................14

V.      CONCLUSION ...............................................................................................................15

### TABLE OF AUTHORITIES

**CASES**

*Cancilla v. Ecolab, Inc.,*
No. 12-CV-03001-JD, 2016 WL 54113 (N.D. Cal. Jan. 5, 2016).........................................4

*Carlin v. DairyAmerica, Inc.,*
380 F. Supp. 3d 998 (E.D. Cal. 2019) ..................................................................15

*Farrell v. Bank of Am. Corp., N.A.,*
827 F. App'x 628 (9th Cir. 2020)......................................................................13

*Farrell v. Bank of Am., N.A.,*
327 F.R.D. 422 (S.D. Cal. 2018)........................................................................13

*Fox v. Vice,*
563 U.S. 826 (2011)..................................................................................11

*Fraley v. Facebook, Inc.,*
11–1726-RS, 966 F. Supp. 2d 939 (N.D. Cal. 2013) ........................................................6

*Franchek v. Workrite Ergonomics, LLC,*
No. 16-cv-02789-JSW (DMR), 2022 WL 3137928 (N.D. Cal. May 9, 2022)......................................13

*Hensley v. Eckerhart,*
461 U.S. 424 (1983)...................................................................................9

*In re Apple Inc. Device Performance Litig.,*
No. 5:18-md-02827-EJD, 2023 WL 2090981 (N.D. Cal. Feb. 17, 2023) ........................................6

*In re Bank of Am. Credit Prot. Mktg. & Sales Pracs. Litig.,*
No. 11-MD-2269 THE, 2013 WL 174056 (N.D. Cal. Jan. 16, 2013) ..........................................12

*In re Bluetooth Headset Prods. Liab. Litig.,*
654 F.3d 935 (9th Cir. 2011) ..........................................................................9

*In re Capacitors Antitrust Litig.,*
No. 3:14-CV-03264-JD, 2023 WL 2396782 (N.D. Cal. Mar. 6, 2023)..........................................4

*In re Capital One Consumer Data Sec. Breach Litig.,*
2022 WL 17176495 (E.D. Va., November 17, 2022) ........................................................13

*In re Carrier iQ, Inc., Consumer Privacy Litig.,*
2016 WL 4474366 (N.D. Cal. Aug. 25, 2016)..............................................................6

*In re Facebook Internet Tracking Litig.,*
5:12-md-02314-EJD, 2022 WL 16902426 (N.D. Cal. Nov. 10, 2022)..........................................6

*In re GEICO Gen. Ins. Co.,*
No. 19-CV-03768-HSG, 2023 WL 2530931 (N.D. Cal. Mar. 15, 2023)........................................7

*In re High-Tech Emp. Antitrust Litig.,*
No. 11-CV-02509-LHK, 2015 WL 5158730 (N.D. Cal. Sept. 2, 2015) ......................................12

*In re Home Depot, Inc., Customer Data Sec. Breach Litig.,*
2016 WL 11299474 (N.D. Ga. Aug. 23, 2016) ..........................................................13

*In re Intuit Data Litig.,*
No. 15-CV-1778-EJD-SVK, 2019 WL 2166236 (N.D. Cal. May 15, 2019) ..................................15

*In re Lenovo Adware Litig.,*
No. 15-md-02624-HSG, 2019 WL 1791420 (N.D. Cal. Apr. 24, 2019)......................................15

*In re Linkedin User Priv. Litig.*,
    309 F.R.D. 573 (N.D. Cal. 2015) ...................................................................................6

*In re Nat'l Collegiate Athletic Assoc. Athletic Grant-in-Aid Cap Antitrust Litig.*,
    No. 4:14-md-2541-CW, 2017 WL 6040065 (N.D. Cal. Dec. 6, 2017) ..................... 5, 14

*In re Resistors Antitrust Litig.*,
    No. 3:15-CV-03820-JD, 2020 WL 2791940 (N.D. Cal. Mar. 24, 2020) .........................4

*In re Robinhood Outage Litig.*,
    No. 3:20-CV-01626-JD, 2023 WL 5321525 (N.D. Cal. July 28, 2023) .........................4

*In re TikTok, Inc., Consumer Priv. Litig.*,
    617 F. Supp. 3d 904 (N.D. Ill. 2022) ...........................................................................5

*In re Vizio, Inc., Consumer Priv. Litig.*,
    8:16-ml-02693-JLSKES, 2019 WL 12966638 (C.D. Cal. July 31, 2019) .....................6

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) ........................................................................................8

*In re Wells Fargo & Co. S'holder Derivative Litig.*,
    2021 WL 926706 (N.D. Cal. Mar. 4, 2021) ...................................................................8

*In re Zoom Video Commc'ns, Inc. Priv. Litig.*,
    20-cv-02155-LB, 2022 WL 1593389 (N.D. Cal. Apr. 21, 2022) ...................................5

*In re: Facebook, Inc. Consumer Privacy User Profile Litig.*,
    No. 3:18-md-02843 (N.D. Cal. Oct. 10, 2023) ..............................................................7

*In re: T-Mobile Customer Data Security Breach Litig.*,
    No. 4:21-MD-03019 (W.D. Mo. June 29, 2023) ...........................................................7

*Kerr v. Screen Extras Guild, Inc.*,
    526 F.2d 67 (9th Cir. 1975) ................................................................................... 12, 13

*Nitsch v. DreamWorks Animation SKG Inc.*,
    2017 WL 2423161 (N.D. Cal. June 5, 2017) .................................................................8

*Noll v. eBay, Inc.*,
    309 F.R.D. 593 (N.D. Cal. 2015) ...............................................................................14

*Norcia v. Samsung Telecommunications Am., LLC*,
    No. 14-CV-00582-JD, 2021 WL 3053018 (N.D. Cal. July 20, 2021) .........................15

*Perkins v. Linkedin Corp.*,
    No. 13-CV-04303-LHK, 2016 WL 613255 (N.D. Cal. Feb. 16, 2016) ......................14

*Rodriguez v. Marshalls of CA, LLC*,
    No. EDCV181716MWFSPX, 2020 WL 7753300 (C.D. Cal. July 31, 2020) ..............12

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ......................................................................................14

*Sarkisov v. StoneMor Partners L.P.*,
    No. 13-CV-04834-JD, 2015 WL 5769621 (N.D. Cal. Sept. 30, 2015) ..........................4

*Siddle v. Duracell Co.*,
    No. 4:19-CV-00568-JD, 2021 WL 6332775 (N.D. Cal. Apr. 19, 2021) .........................4

*Theodore Broomfield v. Craft Brew All., Inc.*,
    No. 17-cv-01027-BLF, 2020 WL 1972505 (N.D. Cal. Feb. 5, 2020) ..........................12

iii

PLAINTIFFS' RENEWED MOTION AND SUPPLEMENT TO MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
Case No. 3:18-cv-6793-JD

*Vizcaino v. Microsoft Corp.,*
    290 F.3d 1043 (9th Cir. 2002) ................................................................................... 5, 8, 9, 13

**OTHER AUTHORITIES**

*Newberg and Rubenstein on Class Actions* § 15:81 .......................................................................... 9

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on **Thursday, December 7, 2023, at 10:00 a.m.,** or as soon thereafter as this matter may be heard, in Courtroom 11, before the Honorable James Donato, Plaintiffs Brendan Lundy, Elizabeth Childers, Myriah Watkins, Michelle Agnitti, and Robin Hodge ("Plaintiffs" or "Settlement Class Representatives") respectfully move this Court for: (1) approval of an attorneys' fee award of 23.5% of the common fund created by the proposed settlement; (2) reimbursement of the reasonable expenses counsel incurred litigating this action; and (3) service awards of $2,500 for each of the five Settlement Class Representatives. Plaintiffs' motion is based on this Notice, the accompanying Memorandum in Support, the Declaration of Sabita J. Soneji and Barrett J. Vahle in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards ("Class Counsel Decl.", **Exhibit 1** hereto); the Declaration of Paul Wood (**Exhibit 2**, hereto); and the Declaration of Ivy Ngo (**Exhibit 3**, hereto); the complete files and records in this action; and such other evidence as the Court may allow.

PLAINTIFFS' RENEWED MOTION AND SUPPLEMENT TO MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
Case No. 3:18-cv-6793-JD

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Pursuant to the Court's request at the October 19 fairness hearing, Class Counsel welcomes the opportunity to provide the Court with additional detail supporting their Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion") and therefore file this supplement to and renewal of their Motion for the Court's consideration.

*First*, as a threshold matter, Class Counsel's initial Motion (Doc. 201), which is hereby incorporated by reference, sought a 25% fee from the common fund—the benchmark in the Ninth Circuit and the Northern District of California. While recent class settlements in this Court and other courts in the Northern District demonstrate that 25% of the common fund is fair and reasonable regardless of a lodestar cross check, at the Court's urging, Class Counsel now reduce their request to 23.5% of the common fund. Class Counsel wish to underscore the strategy and effort Class Counsel and their co-counsel's lodestar represents. This case was not easy to litigate. Over the last five years, and until the Settlement in June 2022, counsel faced a formidable opponent that resisted discovery at every turn. Beyond the multiple rounds of briefing Meta's motions to dismiss, Class Counsel and their co-counsel had to expend *considerable* time and effort to get the complete discovery requested from Meta, which was represented by two of the top defense firms in the world, Gibson, Dunn & Crutcher LLP and previously Munger, Tolles & Olson LLP. The laborious battles over discovery started in the summer of 2019 in *Heeger*—discovery that was adopted and used in *Lundy*— and concluded just before the mediation in June 2022. *See* **Exhibit 1**, Class Counsel Decl. ¶¶ 9-11, 13-14, 18-19; *see also Heeger* Docs. 50, 65; *Lundy* Docs. 159, 163 (filed discovery letters). At all points, Class Counsel and their co-counsel spent the time necessary to build and defend the best possible case on behalf of the Class.

*Second*, with respect to counsel's lodestar, the Court raised three specific concerns: (1) that time related to the now-dismissed *Heeger* case was included in the lodestar presented; (2) that too many timekeepers were included in the lodestar; and (3) that additional support for counsel's hourly rates underlying the lodestar was required. As to the first concern, *Heeger* and *Lundy* were inextricably intertwined as of December 2019 when the two groups of counsel agreed to work together on their overlapping cases and the cases were related for purposes of coordination. A significant portion of the operative discovery requests in *Lundy* and

negotiation of those requests with Meta's counsel happened under the "*Heeger*" case label. Class Counsel Decl. ¶¶ 56-57. For example, the First and Second Requests for Production and First and Second Interrogatories served in *Heeger* became operative in *Lundy* once the cases were consolidated. *Id.* The search terms negotiated and agreed to in *Lundy* were in response to the Requests served in *Heeger* and Meta produced key documents pursuant to those same Requests—documents that ultimately led to the Settlement before the Court. *Id.* Additionally, the Protective Order, ESI Protocol, and Rule 502(d) Order that were heavily negotiated in *Heeger* were adopted in *Lundy* after the cases were related. *See Heeger* Docs. 52, 55, 57; *Lundy* Docs 117, 118, 119. And, numerous factual and legal theories developed in *Heeger* were used in *Lundy*. Although Class Counsel believes that all time in *Heeger* is appropriately included in the lodestar given the work done in *Heeger* was used in *Lundy* and benefitted the Settlement in *Lundy*, in light of the Court's comments at the hearing, Class Counsel carefully re-reviewed all time included in the lodestar and removed time specifically associated with the now-dismissed *Heeger* complaints and defense thereof, as well as time associated with now-dismissed *Heeger* plaintiffs and *Lundy* defendants, including Google, Alphabet, and Apple, which were named in the original *Lundy* complaint. *See* Class Counsel Decl. ¶ 57 & Attachment B. However, given the *Heeger* discovery was used in *Lundy* and documents pursuant to that discovery were produced in *Lundy*, the time associated with discovery was maintained in the now-reduced lodestar.[1] *See id.*

As to the Court's second concern with lodestar, the vast majority of work conducted in the case was done by Class Counsel Sabita Soneji and Barrett Vahle and co-counsel Paul Wood and Michael Murphy, in addition to key associates at their respective firms. While inclusion of all timekeepers was and remains appropriate in the professional judgment of Class Counsel, at the Court's suggestion and to show that the vast majority of work was done by a small group of attorneys, Class Counsel removed all time associated with timekeepers who billed under 40 hours from the lodestar calculation. *See* Class Counsel Decl. ¶¶ 58-59 & Attachment B. These cuts in addition to the *Heeger* and other above-described cuts, result in 1,307.9 net

---

[1] Discovery work in *Heeger* specifically related to Plaintiff Childers is also included, as that work contributed directly to this case, where Childers is a Class Representative. Further, time associated with substantive negotiation of Plaintiffs' objections to the Facebook's discovery served on plaintiffs in *Heeger*, which became the operative discovery on the *Lundy* plaintiffs inclusive of the negotiated objections and responses, was also maintained. Class Counsel Decl. ¶ 57.

hours and $889,732 in lodestar removed from the original fee motion. *Id.* ¶ 62. Further, the removal of timekeepers who billed less than 40 hours results in 33 remaining timekeepers over the course of five years. *See id.* Additionally, it should be noted that the list of timekeepers is inclusive of the document review team, consisting of 13 attorneys, which reviewed nearly a hundred thousand pages of documents produced by Meta. Moreover, 74.4% of the hours were expended by 8 primary attorneys who worked on the case. Class Counsel Decl. ¶¶ 59-61. The revised lodestar is $7,131,789.6, resulting in a 1.24 multiplier, which readily supports the renewed fee request of 23.5%. *See id.* ¶¶ 62-63.

As to the Court's third concern, Class Counsel and their co-counsel welcome this opportunity to provide further support to the hourly rates used in the lodestar calculation and have done so *infra* and in their accompanying declarations. *See* Exs. 1-3.

**Third**, Class Counsel has provided additional detail on each expense category in Class Counsel's Declaration as well as a new Attachment C, breaking down the requested expenses into more specific and descriptive categories. *See* Class Counsel Decl. ¶¶ 74-77 & Attachment C. Moreover, Class Counsel have removed expenses associated solely with the *Heeger* case, such as the filing fee and research costs associated with the original and first amended complaints and the travel expenses associated with the April 2019 motion to dismiss hearing. Class Counsel Decl. ¶ 75. These deletions result in an expense request of $309,524.79. *Id.* at ¶ 74. Given these revisions and the provision of additional detail, Class Counsel reiterate their request that the Court reimburse the requested, revised reasonable litigation expenses.

**Finally**, there would be no case without the five Class Representatives. These representatives not only assisted in drafting allegations for the operative pleadings and advised as to their approval of the settlement, but also served initial disclosures; responded to numerous document requests and interrogatories; collected and produced over 3,000 pages of documents collectively; and spent considerable time preparing for their depositions. All but one of the Class Representatives were deposed by counsel for Meta. Given the Court's admonishment at the hearing, Class Counsel revise their request to $2,500 for each of the five Settlement Class Representatives. These amounts are warranted and are supported in the Ninth Circuit.

## II.   THE COURT SHOULD GRANT CLASS COUNSEL'S REQUESTED FEES

Class Counsel heard the Court's expressed concern and now request only 23.5% of the Common

Fund amount, or $8,812,500. That is lower than the 30% permitted under the Settlement Agreement and even lower than the District's "benchmark" fee of 25% of the fund. Class Counsel share the Court's view that keeping costs and fees low and running the case efficiently are critical to providing the highest recovery for the class, our shared goal. Class Counsel are confident they have done just that. Class Counsel worked tirelessly on this case and achieved an excellent recovery for the Class despite significant litigation risk, all while keeping fees reasonable in a case of this complexity and longevity against a formidable opponent.

Such commitment, risk, and hard work should be compensated on par with other similar cases and successful recoveries. In light of Class Counsel's tremendous effort on behalf of the Class, and tremendous recovery compared to other similar class settlements as described below, there is no reason to deviate from the benchmark 25% fee award. But, to demonstrate their unflagging commitment to the interests of the Class and their respect for the Court, Class Counsel now request only 23.5% of the common fund and provide to the Court with this Supplement an even leaner lodestar and costs than submitted with our the original Motion.

### A. Class Counsel's Requested Fees Are Reasonable, Fair, and Appropriate Under the Percentage of the Recovery Method.

In a common fund case like this, the Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees." *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003). This Court has repeatedly recognized a 25% percentage-of-recovery as "the benchmark" in the Ninth Circuit and awarded fees accordingly.[2]

The Ninth Circuit has provided district courts with "several factors" they "may consider in assessing a request for attorneys' fees that was calculated using the percentage-of-recovery method." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954 (9th Cir. 2015). These factors include (1) whether class counsel "achieved exceptional results for the class"; (2) whether the case was risky for class counsel; (3) "the range

---

[2] *Accord In re Robinhood Outage Litig.*, No. 3:20-CV-01626-JD, 2023 WL 5321525, at *1 (N.D. Cal. July 28, 2023); *Cancilla v. Ecolab, Inc.*, No. 12-CV-03001-JD, 2016 WL 54113, at *3 (N.D. Cal. Jan. 5, 2016); *Sarkisov v. StoneMor Partners L.P.*, No. 13-CV-04834-JD, 2015 WL 5769621, at *3 (N.D. Cal. Sept. 30, 2015); *see In re Capacitors Antitrust Litig.*, No. 3:14-CV-03264-JD, 2023 WL 2396782, at *1 (N.D. Cal. Mar. 6, 2023); *Siddle v. Duracell Co.*, No. 4:19-CV-00568-JD, 2021 WL 6332775, at *4 (N.D. Cal. Apr. 19, 2021); *In re Resistors Antitrust Litig.*, No. 3:15-CV-03820-JD, 2020 WL 2791940, at *1 (N.D. Cal. Mar. 24, 2020).

of fee awards out of common funds of comparable size"; and (4) the burdens that counsel for class shouldered while litigating the case, and whether they were borne on contingency. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). Each factor supports the requested fee.

### 1.  Class Counsel Achieved Exceptional Results.

By any measure, Class Counsel achieved an exceptional outcome. This Settlement did not come easy; in the face of defense counsel who resisted and fought every effort to get discovery, and the dwindling force of claims that ended in 2018, Class Counsel persisted. It was only well after Class Counsel spent years fighting for discovery and finally gathered compelling evidence for Plaintiffs' claims that serious settlement negotiations began.

And that persistence and commitment to fighting for discovery led directly to this robust $37.5 million settlement fund, which amounts to more than 50% of a possible recovery under a nominal-damages model. Class Counsel Decl. ¶¶ 31, 48; *see In re Nat'l Collegiate Athletic Assoc. Athletic Grant-in-Aid Cap Antitrust Litig.*, No. 4:14-md-2541-CW, 2017 WL 6040065, at *7 (N.D. Cal. Dec. 6, 2017) (finding that a 3.66 multiplier was "strongly support[ed]" where "class members will receive approximately 50% of their damages, a result almost never achieved in large, complex antitrust cases"). Although the estimated class size is large, $37.5 million is a substantial settlement that compares favorably to relief the Class might have secured at trial, especially given Plaintiffs' potentially difficult path to proving damages, and favorably to other similar privacy class settlements. Class Counsel Decl. ¶¶ 28-31, 46-48.

Data privacy settlements, outlined below, had per claimant payouts similar to the Class (~$29). Most notably, all cases cited below awarded Class Counsel at least 25% of the fund.

| Case | Payout per Claimant | Class Size | Fund Amount | Gross Settlement | Fee Award |
|---|---|---|---|---|---|
| *Lundy v. Meta Platforms Inc.* | ~$29 | 70 million | $37.5 million | | - |
| *In re Zoom Video Commc'ns, Inc. Priv. Litig.*, 20-cv-02155-LB, 2022 WL 1593389 (N.D. Cal. Apr. 21, 2022) | $29.68 | 158 million | $85 million | | 25% |
| *In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d 904 (N.D. Ill. 2022), *appeal dismissed sub nom. In re Tiktok Inc., Consumer Priv.* | $27.19 | 89 million | $92 million | | ~33% |

PLAINTIFFS' RENEWED MOTION AND SUPPLEMENT TO MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
Case No. 3:18-cv-6793-JD

| | | | | | |
|---|---|---|---|---|---|
| *Litig.*, No. 22-2682, 2022 WL 19079999 (7th Cir. Oct. 12, 2022) | | | | | |
| *In re Facebook Internet Tracking Litig.*, 5:12-md-02314-EJD, 2022 WL 16902426 (N.D. Cal. Nov. 10, 2022) | $39.21 | 124 million | $90 million | | 29% |
| *In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827-EJD, 2023 WL 2090981 (N.D. Cal. Feb. 17, 2023). | $14.12 | 130 million | | $310 million | 26% |
| *In re Vizio, Inc., Consumer Priv. Litig.*, 8:16-ml-02693-JLSKES, 2019 WL 12966638 (C.D. Cal. July 31, 2019), judgment entered sub nom. *In re VIZIO, Inc., Consumer Priv. Litig.*, 2019 WL 3818854 (C.D. Cal. Aug. 14, 2019) | ~$16.50 | 16 million | $17 million | | ~33% |
| *Fraley v. Facebook, Inc.*, 11–1726-RS, 966 F. Supp. 2d 939 and Doc. 351 (N.D. Cal. 2013), aff'd sub nom. *Fraley v. Batman*, 638 F. App'x 594 (9th Cir. 2016) | $15 | ~150 million | $20 million | | 25% |
| *In re Carrier iQ, Inc., Consumer Privacy Litig.*, 2016 WL 4474366 (N.D. Cal. Aug. 25, 2016) | $138.35 | ~30 million | | $9 million | 25% |
| *In re Linkedin User Priv. Litig.*, 309 F.R.D. 573 (N.D. Cal. 2015) | $14.81 | ~800,000 | | $1.25 million | 25% |

### 2. This Case Presented a Heightened Risk of Total Loss.

Because Class Counsel worked on a contingent basis, "[r]isk is a relevant circumstance." *Vizcaino*, 290 F.3d at 1048. With no guarantee of recovering anything for their efforts, Plaintiffs' counsel advanced 9,839.5 hours and $309,524.79 in expenses, while facing unusually heightened risks of no recovery, for over four years. Class Counsel brought this case knowing that, should the case proceed in litigation, Plaintiffs' claims could be dismissed or narrowed by motions to dismiss—as occurred here—or on summary judgment, at trial, or during a subsequent appeal. Plaintiffs also faced both the risk that class certification could be denied and certain challenges with respect to proving damages based on the discovery obtained in the case. The likelihood of prevailing in this case was uncertain and the case became all the riskier once it was revealed in discovery that Facebook did not track revenue or profits associated with location for purposes of Plaintiffs'

disgorgement damages theory. Class Counsel. Decl. ¶¶ 47-48. Class Counsel's willingness to take on these substantial risks in order to vindicate Plaintiffs' privacy rights must factor into the Court's calculation of Class Counsel's fees.

### 3.    Class Counsel's Hourly Rates are Consistent with Market Rates.

At the fairness hearing, the Court requested further support for the submitted hourly rates. *First*, our firms' hourly rates are reviewed and adjusted annually. Based on our regular monitoring of prevailing market rates charged by attorneys of comparable skill, experience, and qualifications in our home jurisdictions and other major metropolitan areas, we adjust our rates so that they are in line with those charged by counsel performing similar national class action work. Class Counsel Decl. ¶ 66.

*Second*, fee awards supported by our firms' then-current hourly rates and corresponding lodestar are *routinely* approved as reasonable in class litigation in our home jurisdictions and nationwide. For example, Tycko & Zavareei's rates were recently approved as reasonable in this District, where Ms. Soneji's office and regular practice is. *See In re GEICO Gen. Ins. Co.*, No. 19-CV-03768-HSG, 2023 WL 2530931, at *9 (N.D. Cal. Mar. 15, 2023) ("These billing rates are in line with prevailing rates in this district for personnel of comparable experience, skill, and reputation."). And Stueve Siegel's 2022 rate schedule, with partner rates from $825 to $1,125 and associate rates from $475 to $650, was recently approved as reasonable in the firm's home federal court in Kansas City, Missouri. *See In re: T-Mobile Customer Data Security Breach Litig.*, No. 4:21-MD-03019, Docs. 179-1 & 235 pp. 37-38 (W.D. Mo. June 29, 2023) (appeal pending). To conserve space in this motion and for ease of reading, many other such decisions are detailed in our declarations. Class Counsel Decl. ¶¶ 67-69; **Exhibit 2**, Declaration of Paul Wood ¶¶ 6-8; **Exhibit 3**, Declaration of Ivy Ngo ¶¶ 7-8.

*Third*, Judge Chhabria recently approved as reasonable similar rate schedules from our peer firms in privacy litigation against Meta. *See In re: Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 3:18-md-02843, Docs. 1140-5 & 1183 at ¶ 11 (N.D. Cal. Oct. 10, 2023) (approving, *e.g.*, for Keller Rohrback L.L.P. partner rates of $875 to $1,320 and associate rates of $400 to $795).[3] Numerous other decisions in this District have approved as reasonable the comparable rates of other peer firms. *E.g.*, *Nitsch v. DreamWorks Animation SKG*

---

[3] Keller Rohrback's rates were also approved as co-lead counsel with Stueve Siegel in *In re: T-Mobile.*

*Inc.*, No. 14-CV-04062-LHK, 2017 WL 2423161, at *9 (N.D. Cal. June 5, 2017) (awarding rates of up to $870 to $1,200); *In re Wells Fargo & Co. S'holder Derivative Litig.*, 523 F. Supp. 3d 1108, 1118 (N.D. Cal. 2021) (approving rates of up to $1,075 for partners or "of counsel" attorneys and up to $660 for associates).

*Fourth*, our rates are consistent with and almost certainly lower than rates currently charged by national defense firms such as Meta's counsel in this case, Gibson Dunn & Crutcher LLP. For example, the 2017 NLJ Billing Report published by the National Law Journal—collecting data from *six years ago*—identifies Gibson Dunn partner hourly rates ranging from $925 to $1,195 with an average of $1,150; and associate rates ranging from $250 to $875, with an average of $685. Class Counsel Decl. ¶ 71 & Attachment D.

*Fifth*, Stueve Siegel bills and collects from hourly clients in the Kansas City area and nationwide under the same schedule of regular rates. Class Counsel Decl. ¶ 70.

*Finally*, the use of Class Counsel's current, rather than historical, rates is also appropriate given the deferred and contingent nature of counsel's compensation. *See In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994) ("The district court has discretion to compensate delay in payment in one of two ways: (1) by applying the attorneys' current rates to all hours billed during the course of the litigation; or (2) by using the attorneys' historical rates and adding a prime rate enhancement.").

Class Counsel are confident that our billing rates are reasonable and in line with the markets for complex class work in our home jurisdictions and in this District. These reasonable rates support the requested fee for purposes of the percentage analysis and, as discussed below, a lodestar crosscheck.

### 4.    Class Counsel Represented the Class on a Contingent Basis.

Class Counsel agreed to represent the Plaintiffs on a fully contingent basis, knowing that they would have to advance time and out-of-pocket costs with no guarantee of recovery. Given the risk Class Counsel undertook in prosecuting this uncertain case on a fully contingent basis, and the tremendous result achieved for the Class, Class Counsel's request for a fee award of 23.5% of the common fund is reasonable. Here, the requested 23.5% fee is within the range awarded in comparable privacy cases. *See, e.g.*, *Vizcaino*, 290 F.3d at 1046, 1050 (awarding 28% fee from $96.89 million common fund).

More critically, the requested 23.5% (or even 25%) percentage fee would not create a windfall for Class Counsel. The concern that sometimes leads to lower fee percentages in larger settlements is to avoid

8

PLAINTIFFS' RENEWED MOTION AND SUPPLEMENT TO MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
Case No. 3:18-cv-6793-JD

paying counsel too much for too little work. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (referring to "windfall profits for class counsel in light of the hours spent on the case"). That is not the circumstance here. This Settlement did not happen quickly or easily; it was the result of persistent hard work and focused strategy (in the face of unexpected motion to dismiss losses and aggressive discovery practices from Defendant) over more than four years to uncover how Facebook had systematically collected location information of the Class despite user's expressed preferences. Class Counsel should be rewarded for sustained, successful work that increases the total recovery for class members. Finally, the reasonable multiplier confirms that the requested percentage of 23.5% (or even 25%) is not an unearned windfall. Because the multiplier measures the relationship between counsel's work and the requested fee, a reasonable multiplier ensures that the percentage is appropriate, regardless of the size of the common fund. "Given that a high multiplier is the best measuring stick of a windfall, courts ought to use the high multiplier to police windfalls, regardless of the size of the fund, rather than use the size of the fund as a policing mechanism." 5 *Newberg and Rubenstein on Class Actions* § 15:81. As detailed below, Class Counsel's lodestar multiplier is on the low side of the range in comparable settlements.

## B. Class Counsel's Requested Fee Is Also Reasonable, Fair, and Appropriate Under a Lodestar Cross-Check.

The requested fee is eminently reasonable under the applicable percentage-of-recovery method. The Ninth Circuit has "encouraged courts using the percentage-of-recovery method to perform a cross-check by applying the lodestar method to confirm that the percentage-of-recovery amount is reasonable." *In re Optical Disk*, 959 F.3d at 930 (citing *Online DVD-Rental*, 779 F.3d at 949); *see also Vizcaino*, 290 F.3d at 1050 (explaining that lodestar "measures the lawyers' investment of time in the litigation" and "may provide a useful perspective on the reasonableness of a given percentage award"). Class Counsel's reduced requested fees are also reasonable under that lodestar cross-check.

*First*, Class Counsel's reduced lodestar of $7,131,789.60 is the result of the expenditure of reasonable hours multiplied by reasonable hourly market rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (explaining that the lodestar figure is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"). Here, Class Counsel worked a total of 9,839.5 hours (with many more hours worked by timekeepers who have now been cut from the time records) as they persevered at every stage of five years

of litigation. *See* Class Counsel Decl. ¶¶ 59, 62. And, as explained above, Class Counsel's regular rates are reasonable market rates. *See also id.* ¶¶ 64-71.

*Second*, the quality of representation, the novelty and complexity of the issues in the case, the results obtained for the Class, and the contingent risk that Class Counsel undertook easily supports the request for a modest 1.24 multiplier, especially since this multiplier request is well within the range of multipliers regularly awarded in similar consumer cases. *See infra* Section II.B.2.

### 1. Class Counsel Spent a Reasonable Number of Hours Successfully Pursuing This Litigation.

At the Court's direction Class Counsel re-reviewed the time records line-by-line, aggressively cutting the non-discovery time incurred in *Heeger*, time relating to other defendants previously named in *Lundy*, all time for timekeepers who worked fewer than 40 hours on this matter, and otherwise for billing judgment. *See* Class Counsel Decl. ¶ 57. Class Counsel added time incurred after July 31, 2023 and not previously submitted, which was spent on settlement administration, the fee motion, the final approval motion, responding to the now-mooted objection, and preparing for and appearing at the fairness hearing. *Id.* These changes, made pursuant to the Court's admonition, cut 1,307.9 net hours and $889,732 in lodestar from the original fee motion. *Id.* ¶ 62.

The vast majority of work conducted in the case was done by Class Counsel Sabita Soneji and Barrett Vahle and co-counsel Paul Wood and Michael Murphy, in addition to key associates at their respective firms. While inclusion of all timekeepers was and remains appropriate in the professional judgment of Class Counsel, the removal of timekeepers who billed less than 40 hours results in only 33 remaining timekeepers over the course of five years. That list of timekeepers is inclusive of the document review team, consisting of 13 attorneys, which reviewed nearly a hundred thousand pages of documents produced by Meta. Moreover, 74.4% of the hours was expended by 8 primary attorneys who worked on the case. The revised lodestar of $7,131,789.6 results in a 1.24 multiplier, which readily supports the renewed fee request of 23.5%. *See* Class Counsel Decl. ¶¶ 58-63.

In evaluating the reasonableness of the hours spent litigating an action, "trial courts need not, and indeed should not, become green-eyeshade accountants" because "[t]he essential goal in shifting fees (to

PLAINTIFFS' RENEWED MOTION AND SUPPLEMENT TO MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
Case No. 3:18-cv-6793-JD

either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Here, Class Counsel's efforts to date include, without limitation:

- Pre-filing investigation;
- Drafting and filing multiple class action complaints and a consolidated amended complaint;
- Successfully defending against four motions to dismiss;
- Preparing initial disclosures, interrogatories, requests for admission, requests for the production of documents, responses and objections to discovery requests, and third-party subpoenas;
- Reviewing thousands of documents, expert testimony, defending depositions of the class representatives, and deposing Defendant's witnesses, all of which related to Defendant's collection and inference of user location data, damages, and the merits of the claims;
- Working with experts on privacy, location tracking, inference technology, and damages;
- Preparing various routine filings;
- Conducting grueling and lengthy meet and confers with Meta's counsel on discovery requests;
- Drafting a mediation statement and participating in a mediation session;
- Negotiating and drafting the Settlement Agreement along with corresponding documents, including claim forms, summary notice, and long-form notice;
- Filing the motion and renewed motion for preliminary approval, motion for final approval, and supporting documents to each;
- Identifying and investigating potential *cy pres* recipients;
- Supervising the work of the Claims Administrator; and
- Preparing this motion and supporting documentation.

Class Counsel Decl. ¶¶ 6-35, 60-61. The hours spent on these tasks were appropriately expended and necessary to achieve the significant benefits obtained through this litigation. All Plaintiffs' counsel kept contemporaneous time records reported on a monthly basis pursuant to Class Counsel's timekeeping protocol. *Id.* ¶ 54 & Attachment A.

Plaintiffs respectfully submit that the Court can easily find that Class Counsel and their staff expended a reasonable number of hours on this litigation, particularly after the substantial reduction in lodestar proposed following the Court's comments at the fairness hearing.

### 2.    A 1.24 Multiplier Is Also Reasonable.

A modest multiplier of 1.24 is a reasonable adjustment to the lodestar. Multipliers are used to reward efficient and successful resolution of cases—like the one achieved here—and thus serve the policy goals of

settlement and avoiding wasteful litigation. *In re Bank of Am. Credit Prot. Mktg. & Sales Pracs. Litig.*, No. 11-md-2269 TEH, 2013 WL 174056, at *1 (N.D. Cal. Jan. 16, 2013) ("The multiplier of approximately 1.6 is justified by the risk Counsel undertook and the results they achieved for the Class in an efficient manner.").

In assessing whether an "upwards adjustment to a lodestar (through a positive multiplier)" is warranted, *In re Nat'l Collegiate Athletic Assoc.*, 2017 WL 6040065, at *7, courts consider the *Kerr* reasonableness factors, which are:

> (1) the time and labor required, (2) the novelty and difficulty of the question involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Theodore Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027-BLF, 2020 WL 1972505, at *12 (N.D. Cal. Feb. 5, 2020) (citing, inter alia, *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). "Foremost among these considerations, however, is the benefit obtained for the class." *In re Bluetooth*, 654 F.3d at 942. As explained above, the benefit obtained for the Class is significant, awarding class members 53% of the damages they likely could have received at trial under a nominal-damages theory.

In addition, many of the *Kerr* reasonableness factors weigh in favor of giving Class Counsel a slight upward adjustment of the lodestar in this case. Over the course of more than four years, Class Counsel expended significant time and labor litigating the difficult and contentious questions presented in this matter, and did so on a contingent basis. *See* discussion *supra* Section II.A. Multipliers are particularly appropriate in cases, like this one, where the legal issues are uncertain, and thus the risk is high.[4]

Class Counsel's significant efforts led to a resolution of the case before class certification, which saved all parties and the Court from expending resources on further protracted litigation. *See, e.g., Franchek v.*

---

[4] *See Rodriguez v. Marshalls of CA, LLC*, No. ED CV 18-1716-MWF (SPx), 2020 WL 7753300, at *10 (C.D. Cal. July 31, 2020) (granting 1.5 multiplier where risks to the litigation made a favorable outcome uncertain); *Roberts v. Marshalls of CA, LLC*, No. 13-CV-04731-MEJ, 2018 WL 510286, at *16 (N.D. Cal. Jan. 23, 2018) (granting multiplier of 1.65); *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 WL 5158730, at *10 (N.D. Cal. Sept. 2, 2015) (granting Class Counsel a 2.2 multiplier where "the issues presented in the case were sufficiently complex and novel").

*Workrite Ergonomics, LLC,* No. 16-cv-02789-JSW (DMR), 2022 WL 3137928, at *6 (N.D. Cal. May 9, 2022), *report and recommendation adopted,* No. 16-cv-02789-JSW, 2022 WL 3137918 (N.D. Cal. May 31, 2022) (determining that reasonableness of fee petition was supported by the fact that "counsel's significant efforts led to a meaningful early resolution of the case and saved all parties and the court from expending resources on protracted litigation"). For these reasons and those detailed above, the *Kerr* reasonableness factors weigh in favor of an upward adjustment of the lodestar in this case for purposes of a lodestar cross-check.

### i. The reputation, ability, and efficiency of Class Counsel supports the requested fees.

In addition, the experience, reputation, and ability of Class Counsel weigh in favor of an upward adjustment of the lodestar. The firms and attorneys who worked on this matter are among the most well-respected class action lawyers in the country, particularly in privacy and data security cases.[5]

### ii. The requested multiplier is reasonable when compared to other similar litigation.

The modest 1.24 multiplier requested here is also reasonable in light of this Court's and the Ninth Circuit's general approval of similar—if not higher—multipliers.[6] The fact that the multiplier requested here

---

[5] *See, e.g., In re Capital One Consumer Data Sec. Breach Litig.,* 2022 WL 17176495 at *2 (E.D. Va., November 17, 2022) (In approving $190 million settlement secured by Stueve Siegel, Judge Anthony Trenga remarked: "Class Counsel were carefully selected for their skill and experience in a process that featured more than three dozen applications for class leadership. The performance of counsel and the strong result for class members demonstrates Class Counsel's skill and efficiency and validates the Court's selection.") (cleaned up); *Kumar v. Salov N. Am. Corp.,* No. 14-CV-2411-YGR, 2017 WL 2902898, at *7 (N.D. Cal. July 7, 2017), *aff'd,* 737 F. App'x 341 (9th Cir. 2018) ("The Court also finds that [Tycko & Zavareei] represented their clients with skill and diligence and obtained an excellent result for the class, taking into account the possible outcomes at, and risks of proceeding to, trial."); *Farrell v. Bank of Am., N.A.,* 327 F.R.D. 422, 431-432 (S.D. Cal. 2018), aff'd sub nom. *Farrell v. Bank of Am. Corp., N.A.,* 827 F. App'x 628 (9th Cir. 2020) ("As explained above under the settlement fairness analysis, the result obtained here by [Tycko & Zavareei, among others] is remarkable. . . . Class Counsel achieved this result through tenacity and great skill."); *In re Home Depot, Inc., Customer Data Sec. Breach Litig.,* 2016 WL 11299474, at *1 (N.D. Ga. Aug. 23, 2016) (Barrett Vahle served as co-lead counsel in MDL resulting in settlement that presiding judge referred to as an "exceptional result" and was at the time "the most comprehensive settlement achieved in large-scale data breach litigation.").

[6] *See Vizcaino,* 290 F.3d at 1051 n.6 (surveying class action fee awards, and noting that 83% applied multiplier of 1.0-4.0, and 54% applied multiplier of 1.5-3.0); *In re Facebook Biometric Info. Priv. Litig.,* 522 F. Supp. 3d 617, 633 (N.D. Cal. 2021), *aff'd,* No. 21-15553, 2022 WL 822923 (9th Cir. Mar. 17, 2022) (determining that a multiplier of 4.71 was warranted in that case); *In re Apple Inc. Device Performance Litig.,* No. 5:18-md-02827-EJD, 2023 WL 2090981, at *18 (N.D. Cal. Feb. 17, 2023) (approving lodestar multiplier of 2.23 in a dispute

is well within range of multipliers in other cases weighs heavily in favor of the requested fees.

### III.   THE COURT SHOULD APPROVE REIMBURSEMENT OF CLASS COUNSEL'S REASONABLE LITIGATION EXPENSES

Class Counsel additionally requests that the Court grant its application for reimbursement of $309,524.79 in reasonable expenses incurred throughout this litigation. These expenses are set forth by firm and by detailed categories in the attached Declaration of Class Counsel, ¶¶ 74-77 & Attachment C thereto. Given the Court's request, Class Counsel have further refined and specified the categories, including, for example, separating out the expenses associated with each expert and specifying events for which travel costs were incurred. *See* Class Counsel Decl. at Attachment C. Moreover, per the Court's admonishment, expenses associated with the *Heeger* case, including filing and research costs associated with the complaints and travel costs associated with the motion to dismiss hearing, have been removed. *Id.* ¶ 75.

The requested expenses, which include expert costs; filing and other court fees; costs associated with discovery such as document review platform hosting costs and licenses; court and deposition transcripts; travel costs to a deposition, court hearings, and mediation; Plaintiffs' half of the mediator payment; and electronic research expenses, are reasonable should be reimbursed. *See, e.g.*, *In re Nat'l Collegiate Athletic Assoc.*, 2017 WL 6040065, at *11 (finding reasonable  counsel's request to be reimbursed for experts, filing fees, travel expenses, costs of court and depositions transcripts, and computer research expenses).

### IV.   THE COURT SHOULD APPROVE REASONABLE SERVICE AWARDS FOR THE SETTLEMENT CLASS REPRESENTATIVES

Class Counsel respectfully requests that the Court authorize service awards of $2,500 each for the five Settlement Class Representatives. Service awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). Class Counsel have reduced the requested service awards in light of the Court's comments.

---

regarding performance-diminishing software updates); *Perkins v. Linkedin Corp.*, No. 13-CV-04303-LHK, 2016 WL 613255, at *16 (N.D. Cal. Feb. 16, 2016) (holding that "[t]he reported lodestar multiplier—1.45— is within the range of reasonableness"); *Noll v. eBay, Inc.*, 309 F.R.D. 593, 610 (N.D. Cal. 2015) (listing multipliers as high as 5.2 among "the range of acceptable lodestar multipliers").

Here, the Class Representatives did real work and were essential to securing relief for the Class. *See* Class Counsel Decl. ¶¶ 36-44. They undertook personal risk to do so, subjecting themselves to aggressive discovery by the company they accused of violating their privacy, and by producing documents containing personal information and sitting for adversarial depositions. In addition, the Class Representatives communicated and worked with Class Counsel; presented their individual experiences with Facebook to demonstrate common claims; searched for and provided documentation to support their claims; reviewed pleadings; produced thousands of pages of documents; prepared for and sat for lengthy depositions; consulted with Class Counsel regarding potential settlement remedies; and carefully reviewed the Settlement Agreement. *See id.* The Class Representatives' commitment to the Class's interests and desire to hold Meta accountable to the entire Class was essential to the successful and timely prosecution of this class action and warrants the modest service awards requested here.

Service awards between $2,500 and $5,000 are routinely approved in this District where class representatives have participated in ways comparable to the Class Representatives' here.[7] There is no reason to deviate from that benchmark here, particularly where these Class Representatives served the interests of the Class so well. For their commitment and service to the Class and its claims, these Class Representatives should be awarded $2,500 each.

## V.   CONCLUSION

For the foregoing reasons, Class Counsel respectfully requests that the Court approve the requested fee of 23.5% percent of the Common Fund, or $8,812,500, reimbursement of litigation expenses in the amount of $309,524.79, and service awards of $2,500 to each of the five Class Representatives.

---

[7] *See Norcia v. Samsung Telecommunications Am., LLC*, No. 14-CV-00582-JD, 2021 WL 3053018, at *5 (N.D. Cal. July 20, 2021) (awarding class plaintiff $3,000); *In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 634 (N.D. Cal. 2021), aff'd, No. 21-15553, 2022 WL 822923 (9th Cir. Mar. 17, 2022) (awarding $5,000 for class plaintiffs who were "deposed at least twice"); *In re Intuit Data Litig.*, No. 15-CV-1778-EJD-SVK, 2019 WL 2166236, at *2 (N.D. Cal. May 15, 2019) (awarding class plaintiffs $5,000 each to compensate them for their commitments and efforts on behalf of other class members); *In re Lenovo Adware Litig.*, No. 15-md-02624-HSG, 2019 WL 1791420, at *10 (N.D. Cal. Apr. 24, 2019) (finding a $5,000 service award reasonable); *see also Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1024 (E.D. Cal. 2019) ("In the Ninth Circuit, courts have found that $5,000 is a presumptively reasonable service award").

Dated:  November 2, 2023

Respectfully Submitted,

*/s/ Sabita J. Soneji*
SABITA J. SONEJI (SBN 224262)
ssoneji@tzlegal.com
**TYCKO & ZAVAREEI LLP**
The Tower Building
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808

BARRETT J. VAHLE (*pro hac vice*)
vahle@stuevesiegel.com
JILLIAN R. DENT (*pro hac vice*)
dent@stuevesiegel.com
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100

*Settlement Class Counsel*

FRANKLIN D. AZAR (*pro hac vice*)
azarf@fdazar.com
PAUL R. WOOD (*pro hac vice*)
woodp@fdazar.com
MICHAEL D. MURPHY (*pro hac vice*)
murphym@fdazar.com
**FRANKLIN D. AZAR &
ASSOCIATES, P.C.**
14426 East Evans Avenue
Aurora, CO 80014
Telephone: (303) 757-3300

IVY T. NGO (SBN 249860)
ingo@fnf.law
**FREEDMAN NORMAND
FRIEDLAND LLP**
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Telephone: (646) 876-3568

*Counsel for Plaintiffs and the Class*

PLAINTIFFS' RENEWED MOTION AND SUPPLEMENT TO MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
Case No. 3:18-cv-6793-JD