UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN LUNDY, et al.,<br><br>               Plaintiffs,<br><br>    v.<br><br>FACEBOOK INC.,<br><br>               Defendant. | Case No. 18-cv-06793-JD<br><br>**ORDER RE FINAL APPROVAL AND ATTORNEY'S FEES AND COSTS** |

This case was one of two related putative class actions by Facebook users who challenged defendant Facebook, Inc.'s alleged collection of personal location data without permission. The Court dismissed the complaint in the related action, *Heeger v. Facebook* (Case No. 18-6399), for lack of constitutional standing, but allowed this case to proceed to discovery. Dkt. Nos. 130, 145. The case did not entail much motion practice or Court intervention until September 2022, when the parties advised the Court that the case had settled. Dkt. Nos. 173, 174. The initial settlement request raised substantial fairness concerns, particularly because the $37.5 million common fund portended a low dollar recovery per class member relative to the estimated costs of settlement administration. Dkt. No. 182. A revised application was submitted, and the Court granted preliminary approval subject to "a searching review" of additional issues raised by the Court "before final approval is granted or denied in subsequent proceedings." Dkt. No. 199 at 1.

Some of the Court's concerns were exacerbated at the final approval hearing. *See* Dkt. No. 208. The motion for final approval, Dkt. No. 203, indicated a claims rate of less than 2%, and an award of less than $30 per class member. For that rather paltry result, class counsel requested 25% of the settlement fund, which represented a 1.17 multiplier of a bloated lodestar comprising

1  hours worked by 66 timekeepers across five law firms.  *See* Dkt. Nos. 200 & 200-1, Attach. B.
2  The Court disabused class counsel of any notion that such an outsized fee would be awarded for
3  such a modest win for class members.  Dkt. No. 208.  The Court directed the parties to file a full
4  accounting of the share of the fund designated for claims administration, which was more than $1
5  million, as well as additional support for the fee request, including assurances that class counsel
6  was not seeking fees for work performed in the dismissed *Heeger* action.  *Id*.

7  Plaintiffs filed a supplemental declaration about claims administration and a renewed
8  motion for fees, which reduced the number of time keepers to 33 and the fee request to 23.5% of
9  the settlement fund, which is said to represent a 1.24 multiplier of the revised lodestar.  Dkt.
10 Nos. 211-1, 212.  These filings resolved some of the Court's concerns about the proposed
11 settlement, but the claims administrator's declaration indicated that the class notice campaign
12 included paid Facebook advertisements -- meaning the defendant was paying class members with
13 one hand and robbing them with the other.  Dkt. No. 211-1 ¶¶ 6, 14.  The Court advised the parties
14 that no settlement would be approved unless and until the money spent on Facebook
15 advertisements was returned to the class.  Dkt. No. 219.  The Court further indicated that the result
16 did not warrant any lodestar multiplier for class counsel.

17 The parties have advised the Court that the $112,690.20 spent on defendant's Facebook
18 and Instagram platforms has been reimbursed and will be restored to the common fund for
19 distribution to class members.  Dkt. Nos. 218, 220.  On the basis of that representation, the Court
20 grants final approval of the proposed class settlement and an award of attorney's fees and costs, as
21 set forth in this order.  This order is based on a proposed order filed with the Court and modified
22 to in accordance with the Court's practices and conclusions.

### I. FINAL CLASS ACTION SETTLEMENT APPROVAL

1. All terms and definitions used herein have the same meanings as set forth in the Amended Settlement Agreement unless stated otherwise.

2. The Court has jurisdiction over this Action and the Parties and venue is proper.

3. The Notice Plan constituted the best practicable notice under the circumstances to the Settlement Class Members, and complied with the requirements of Federal Rule of Civil

Procedure 23 and due process. The Notice provided sufficient detail to inform Settlement Class Members of their right to exclude themselves from this Settlement.

4. For purposes of the Settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied and certifies the following Settlement Class: "All natural persons residing in the United States who used Facebook between January 30, 2015 and April 18, 2018, inclusive, and whose iOS or Android Location Services setting for the Facebook application was turned off at any point during that period, but whose location information was inferred by Facebook via the user's IP Addresses."

5. Excluded from the Settlement Class are: (i) all persons who are directors, officers, and agents of Defendant or its subsidiaries and affiliated companies or are designated by Defendant as employees of Defendant or its subsidiaries and affiliated companies; (ii) the Court, the Court's immediate family, and Court staff, as well as any appellate court to which this matter is ever assigned, and its immediate family and staff; and (iii) eligible persons who elect to opt out of the Settlement Class.

6. Pursuant to Federal Rule of Civil Procedure 23(e), the Court grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate based on the following factors, among others:

1. The Settlement was the product of arm's length negotiations and a mediation session with a respected mediator; there is no evidence of fraud of collusion. The Court performed its own, independent analysis of the Settlement's fairness, reasonableness, and adequacy pursuant to Federal Rule of Civil Procedure 23(e)(2).

2. The, expense, likely duration, and uncertainty and risk of continued litigation favor settlement. Based on the stage of the proceedings and the amount of investigation and discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed Settlement.

3. The support of Class Counsel and the Settlement Class Representatives, who have participated in this litigation and evaluated the proposed Settlement, favor final approval.

4. The Settlement provides relief to the Settlement Class and falls within the range of reasonable possible recoveries by the Settlement Class Members.

5. The Settlement Class Members have overwhelmingly supported this Settlement. From among the millions of putative Settlement Class Members who received Class Notice, only 106 have opted out of the Settlement Class. One contingent objection was filed to the prospect of a cy pres award, Dkt. No. 206, but that objection is moot because no cy pres award has been approved. The absence of objections indicates strong support among the Settlement Class Members and therefore this factor weighs strongly in favor of final approval.

6. The distribution of pro rata cash payments from the Net Settlement Fund will be economically and administratively feasible.

7. Upon the Effective Date: (i) the Settlement Agreement will be the exclusive remedy for any and all Released Claims of Settlement Class Representatives and Settlement Class Members; and (ii) Settlement Class Representatives and Settlement Class Members stipulate to be and will be permanently barred from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims. Upon the Effective Date, the Released Parties and the Releasing Parties will be bound by the Releases set forth in Section VI of the Amended Settlement Agreement. The Settlement will terminate the Action. Notwithstanding the foregoing, the Releases will not include any claims related to the enforcement of the Settlement.

8. The Action, and all claims asserted therein, is settled and dismissed on the merits with prejudice.

9. Consummation of the Settlement will proceed as described in the Amended Settlement Agreement, and, without affecting the finality of this Final Judgment, the Court reserves jurisdiction over the subject matter and each Party to the Settlement with respect to the administration, interpretation, and implementation of the Settlement for all purposes, including enforcement of any of the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the Settlement or this Order.

10. In the event that any applications for relief are made, such applications will be made to the Court. To avoid doubt, the Final Judgment applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

11. The Settlement and this Order are not admissions of liability or fault by Meta or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Meta or the Released Parties. To the extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, may be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by, the Released Parties.

12. Notwithstanding the foregoing, nothing in this Order should be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Settlement or this Order, or to defend against the assertion of released claims in any other proceeding, or as otherwise required by law.

13. In accordance with this District's Procedural Guidance for Class Action Settlements, the parties shall file a post-distribution accounting within 21 days after the distribution of the Net Settlement Fund, and payment of Attorneys' Fees or Expenses and Service Awards to Class Settlement Representatives, if any. The Court sets a compliance deadline of May 31, 2024, to verify timely filing of the post-distribution accounting. The Parties may request a continuance of this deadline if the Net Settlement fund has not been distributed 14 days before the compliance deadline.

## II. ATTORNEY'S FEES AND COSTS

1. An award of attorneys' fees and expenses is appropriate pursuant to Federal Rule of Civil Procedure 23(e)(2)(C)(iii) and therefore approves such award in the amount of class counsel's lodestar, which is $7,131,789.6, plus $309,524.79 in expenses (the Attorneys' Fees and Expenses Award). For the reasons discussed at the hearing, a multiplier is denied. *See* Dkt. Nos. 214, 219.

1  2. Settlement Class Counsel will distribute the Attorneys' Fees and Expenses Award
2 among Settlement Class Counsel and non-class counsel whose work and time was identified in
3 Plaintiffs' Motion for Attorney's Fees, Expenses, and Service Awards, except that 25% of the
4 attorney's fees award will be held back pending further order, to be issued after counsel have filed
5 the post-distribution accounting required by the District's Procedural Guidance on Class Action
6 Settlements. The amount of the distributions otherwise shall be determined solely by Settlement
7 Class Counsel. No other counsel will be entitled to an independent award of attorneys' fees or
8 expenses.

9  3. Payment of "Service Awards" to the Settlement Class Representatives is approved
10 in the amount of $2,000 for each of the five Settlement Class Representatives.

11 **IT IS SO ORDERED.**

12 Dated: March 11, 2024

JAMES DONATO
United States District Judge