SABITA J. SONEJI (SBN 224262)
ssoneji@tzlegal.com
**TYCKO & ZAVAREEI LLP**
The Tower Building
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: 510.254.6808

JILLIAN R. DENT (*pro hac vice*)
dent@stuevesiegel.com
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: 816.714.7100

*Settlement Class Counsel*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| BRENDAN LUNDY, MYRIAH WATKINS, ELIZABETH CHILDERS, MICHELLE AGNITTI, AND ROBIN HODGE,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:18-cv-6793-JD<br><br>**POST-DISTRIBUTION ACCOUNTING AND NOTICE OF MOTION AND MOTION FOR *CY PRES* DISTRIBUTION AND RELEASE OF REMAINDER OF ATTORNEYS' FEES**<br><br>Hon. James Donato<br>Date: October 10, 2024<br>Time: 10 a.m.<br>Place: Courtroom 11, San Francisco, 19th Floor |

POST-DISTRIBUTION ACCOUNTING AND NOTICE OF MOTION AND MOTION FOR *CY PRES* DISTRIBUTION AND RELEASE OF REMAINDER OF ATTORNEYS' FEES
Case No. 3:18-cv-6793-JD

## I. INTRODUCTION

Pursuant to this Court's order granting final approval, Plaintiffs and the court-appointed claims administrator, Angeion Group, LLC ("Angeion") performed a distribution of the Net Settlement Funds. Dkt. No. 222. Plaintiffs submit the attached Post-Distribution Accounting of that distribution, conforming with the Northern District of California Procedural Guidance for Class Action Settlements ("Northern District's Guidance"), and respectfully request that remaining unclaimed funds be distributed as a *cy pres* award. Angeion has successfully distributed the vast majority of the settlement fund to the Settlement Class Members who made claims. 899,410 payments have been cashed, totaling $28,574,255.7—a cash rate of 99.24% of the Net Settlement Fund ($28,793,951.35).

Despite the successful delivery of the vast majority of the Settlement Fund to claimants, $277,035.99 in unclaimed funds remain. If these unclaimed funds were distributed to claimants as part of a second distribution, the second distribution would be less than $0.30 per claimant before any administrative costs like mailing. Given the fact that it would be economically and administratively infeasible to further distribute these funds to qualified claimants, Plaintiffs request that the Court allow a *cy pres* distribution to the *cy pres* recipients the parties proposed at preliminary approval in the percentages proposed at preliminary approval.[1] Dkt. No. 190, Exhibit 1. Meta does not oppose this request.

Moreover, in compliance with the Court's order granting final approval of the Settlement (Dkt. 222), Plaintiffs withheld 25% of the attorneys' fee award, which the Court ordered was to "be issued after counsel have filed the post-distribution accounting" required by the Northern

---

[1] The proposed *cy pres* recipients include seven privacy-focused entities (ConnectSafely, Rose Foundation, Data & Society Research Institute, National Cybersecurity Alliance, National Consumer Law Center, American Civil Liberties Union, and Center for Democracy and Technology) and four education institutions (Berkman Klein Center for Internet & Society at Harvard University, Internet Policy Research Initiative of Massachusetts Institution of Technology, Information Law Institute of New York University School of Law, and Berkeley Center for Law & Technology). Dkt. 190-1. In line with the distribution the Parties proposed at preliminary approval, and as set forth below, Plaintiffs propose that the seven non-education institutions each receive 12% of the remainder and the four education institutions share equally in 16% of the remainder. *Id.*

POST-DISTRIBUTION ACCOUNTING AND NOTICE OF MOTION AND MOTION FOR *CY PRES* DISTRIBUTION AND RELEASE OF REMAINDER OF ATTORNEYS' FEES
Case No. 3:18-cv-6793-JD
1

District's Guidance. *Id.* at 6. Plaintiffs hereby request, in conjunction with filing this Post-Distribution Accounting, that the Court order the remainder of the attorneys' fees released.

In support of the Post-Distribution Accounting and Motion, Plaintiffs file the supporting Declarations of Jenny Shawver of Angeion and Settlement Class Counsel, as well as a proposed order. *See* Ex. 1, Declaration of Jenny Shawver ("Shawver Decl."); Ex. 2, Declaration of Settlement Class Counsel ("Counsel Decl."); Ex. 3, Proposed Order.

## II. SUMMARY OF POST-DISTRIBUTION ACCOUNTING

On March 11, 2024, this Court issued its Order Re: Final Approval and Attorney's Fees and Costs ("Final Approval Order"), which ordered that *pro rata* cash payments to claimants was economically and administratively feasible. Dkt. No. 222 ¶ 6. Claimants had the option to receive their payment electronically or, if specifically requested, by mailed check. Dkt. 188 at 8. After issuance of the Final Approval Order, Angeion reviewed, audited, and processed the submitted claim forms.

On May 24, 2024, Angeion sent out electronic payments. *See* Shawver Decl. In total, 887,685 electronic payments were issued. *Id.* On May 29, 2024, Angeion mailed out 18,614 paper checks, with a final void date of August 29, 2024. *Id.* In mid-July, Angeion informed Settlement Class Counsel that 19,141 electronic payments were unsuccessful or expired before the recipient accepted the funds. *Id.* Settlement Class Counsel asked that Angeion make a second attempt on these electronic payments, and the unsuccessful payments were re-issued on July 30, 2024, with an expiration date set to coincide with the check void date. *Id.*

In total, 883,741 electronic payments and 15,669 checks were successfully redeemed or cashed, totaling $28,574,255.7 of the Net Settlement Fund. *Id.* 3,944 electronic payments were unsuccessful, despite two attempts, and 2,945 checks remained uncashed after 90 days, totaling $218,863.53 in unclaimed funds. *Id.* Additional unclaimed funds include the interest that has accrued on the Settlement Fund, totaling $57,340.34, and a small rounding error amount of $832.12. *Id.* This leaves a total of $277,035.99 in unclaimed funds. *Id.* Pursuant to the Northern

District's Guidance, Plaintiffs provide a chart reflecting that distribution process below. *See infra* pp. 6-7.

### III. PROPOSED DISTRIBUTION OF REMAINING NET SETTLEMENT FUND TO *CY PRES*

Plaintiffs now request that the Court approve distribution of the small remaining amount of the Net Settlement Fund as a *cy pres* award to be split between proposed *cy pres* recipients. *See* Dkt. No. 190, Exhibit 1. Given that the remaining balance of the Net Settlement Fund is $277,035.99, and the number of claimants who previously accepted their distribution is 899,410, if a supplemental payment was issued to those who received and cashed their initial payment, the payment before deducting additional administration costs would be $0.30. Shawver Decl.; *see also* Dkt. 188-1, Amended Class Action Settlement Agreement and Release ¶ 63 (setting forth that the Net Settlement Fund should be distributed *pro rata* to valid claimants). Therefore, it is not economically feasible to issue a supplemental payment to those who cashed their initial payment. For that reason, Plaintiffs recommend that the Court approve the proposed *cy pres* recipients for *cy pres* distribution of the remaining funds. This is consistent with the Parties' Amended Settlement Agreement, which set forth that, subject to the Court's approval, any remainder of the Net Settlement Fund may be distributed via *cy pres*. Dkt. 188-1, Amended Class Action Settlement Agreement and Release ¶ 68.[2] Plaintiffs met and conferred with Meta, and Meta does not oppose the distribution of the remainder to the proposed *cy pres* recipients.

Here, and as described in detail in Plaintiffs' Renewed Motion for Preliminary Approval of Class Action Settlement (Dkt. 188 at 11-12) and Declaration Regarding Proposed *Cy Pres* Recipients (Dkt. 190), there is "a driving nexus" between the interests of the absent class members

---

[2] One contingent objection was filed based on the prospect that the entire settlement fund would go to the *cy pres* recipients. Dkt. 206; *see* Oct. 19, 2023 Tr. at 3:22–4:4 (confirming objection was to "a hundred percent cy pres" distribution). The Court denied that objection because the Court ordered a pro rata distribution to the class, Dkt. 222 at 4, and also noted that there are instances "where a full award of cy pres would be appropriate," Oct. 19, 2023 Tr. 4:16–5:1. Because the only proposed *cy pres* distribution is for the small remainder that is infeasible to distribute to claimants, the prior objector's concerns remain moot.

POST-DISTRIBUTION ACCOUNTING AND NOTICE OF MOTION AND MOTION FOR *CY PRES* DISTRIBUTION AND RELEASE OF REMAINDER OF ATTORNEYS' FEES
Case No. 3:18-cv-6793-JD
3

and proposed *cy pres* recipients as the proposed recipients seek to preserve the data privacy of the public and are advocates for privacy rights on behalf of consumers like Plaintiffs. *See Richards v. Chime Fin., Inc.*, No. 19-CV-06864-HSG, 2020 WL 6318713, at *9 (N.D. Cal. Oct. 28, 2020) (internal citations and quotation marks omitted); *see* Dkt. No. 190, Exhibit 2. Plaintiffs respectfully submit these organizations are appropriate *cy pres* beneficiaries of any residual funds because they seek to further the objectives of protecting and improving consumer data privacy. *See* Dkt. No. 190, Exhibit 2. Each proposed *cy pres* recipient submitted detailed information in support of their inclusion as a *cy pres* recipient in this case. *See id.* (proposed *cy pres* recipients' submissions).[3] A *cy pres* distribution of unclaimed funds can be made to indirectly benefit the entire class if the distribution is "'the next best distribution' to giving the funds directly to the class members." *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012) (quoting *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1305 (9th Cir. 1990)).

For these reasons, Plaintiffs request that Court order a *cy pres* distribution of the remaining Net Settlement Fund amount of $277,035.99, plus all additional interest that accrues after the filing of this Motion, according to the following schedule:

| Education Institutions (To Share in 16%) | | |
|---|---|---|
| Berkman Klein Center for Internet & Society at Harvard University | 4% | $11,081.43 (as of 9/5/2024) |
| Internet Policy Research Initiative (Massachusetts Institute of Technology) | 4% | $11,081.43 (as of 9/5/2024) |
| Information Law Institute (New York University School of Law) | 4% | $11,081.43 (as of 9/5/2024) |
| Berkeley Center for Law & Technology (University of California, Berkeley, School of Law) | 4% | $11,081.43 (as of 9/5/2024) |
| **Privacy and Consumer Advocacy Groups (Each to Receive 12%)** | | |

---

[3] Each proposed *cy pres* recipient submitted detailed information regarding: "(1) each organization's existing work involving technology, law, and privacy; (2) how the organization's existing work benefits the proposed class; (3) the organization's budget; (4) how the organization would use *cy pres* funds; (5) whether the organization had any connection with the parties, counsel, or the Court; and (6) previous court approvals of the organization as a *cy pres* recipient." Dkt. 190 ¶ 4.

POST-DISTRIBUTION ACCOUNTING AND NOTICE OF MOTION AND MOTION FOR *CY PRES* DISTRIBUTION AND RELEASE OF REMAINDER OF ATTORNEYS' FEES
Case No. 3:18-cv-6793-JD
4

| | | |
|---|---|---|
| ConnectSafely | 12% | $33,244.31 (as of 9/5/2024) |
| Consumer Privacy Rights Fund (part of Rose Foundation for Communities and the Environment) | 12% | $33,244.31 (as of 9/5/2024) |
| Data & Society Research Institute | 12% | $33,244.31 (as of 9/5/2024) |
| National Cybersecurity Alliance | 12% | $33,244.31 (as of 9/5/2024) |
| National Consumer Law Center | 12% | $33,244.31 (as of 9/5/2024) |
| American Civil Liberties Union | 12% | $33,244.31 (as of 9/5/2024) |
| Center for Democracy and Technology | 12% | $33,244.31 (as of 9/5/2024) |

IV.   **POST-DISTRIBUTION ACCOUNTING CHART**

Pursuant to the Northern District's Procedural Guidance for Class Action Settlements, Plaintiffs provide the following post-distribution accounting chart.

| | |
|---|---|
| Total Settlement Fund | $37,500,000 |
| Total Number of Class Members | est. 70 million[4] |
| Total Number of Class Members to Whom Notice Was Sent and Not Returned as Undeliverable | 81.23% of Target Audience Reached an average of 3.24 times each[5] |
| Total Number of Valid Claims | 906,299 |
| Number of Opt-Out Requests Received | 106 |

---

[4] As addressed in the submissions related to Plaintiffs' Renewed Motion for Preliminary Approval, the Parties estimated that the Settlement Class consists of approximately 70 million Facebook Users, which the Han Declaration confirmed as reasonable. Dkt. No. 187 ¶¶ 13-15. Though data limitations precluded assigning a specific "degree of confidence" to this figure, the 70 million estimate was based on the best available data and is believed by Mr. Han to be a reasonable estimate based on his understanding of the underlying data and logging processes. *Id*.

[5] Given that direct notice was not available, Angeion implemented a comprehensive media notice program compromised of programmatic display advertising, social media advertising, and a paid search campaign and publication notice. This notice program, as detailed in its declaration in support of final approval, reached 81.23% of the Target Audience an average of 3.45 times each. Dkt. No. 203-2 ¶ 7. The 81.23% reach is independent from the claim stimulation efforts, the settlement website, and the toll-free hotline, and is separate and apart from supplemental media campaigns that were run. *Id*.

| | |
|---|---|
| Percentage of Class Members Opting Out of Settlements | 0.00015% |
| Number of Objections Received | 1 |
| Percentage of Class Members Objecting to Settlements | 0.00000001% |
| Average Settlement Payment per Claimant | $31.77 |
| Median Settlement Payment per Claimant | $31.77 |
| Largest Amount Paid to a Claimant | $31.77 |
| Smallest Amount Paid to a Claimant | $31.77 |
| Methods of Notice | Web/display advertising, social media campaign, print publication |
| Methods of Payment to Class Members | PayPal, Zelle, Venmo, Virtual Prepaid Card, Check |
| Number of Electronic Payments Not Cashed | 3,944 |
| Value of Electronic Payments Not Cashed | $125,300.88 |
| Number of Checks Not Cashed | 2,945 |
| Value of Checks Not Cashed | $93,562.65 |
| *Cy Pres* Payment (Total) | $277,035.99 |
| • Berkman Klein Center for Internet & Society at Harvard University | $11,081.43 |
| • Internet Policy Research Initiative (Massachusetts Institute of Technology) | $11,081.43 |
| • Information Law Institute (New York University School of Law) | $11,081.43 |
| • Berkeley Center for Law & Technology (University of California, Berkeley, School of Law) | $11,081.43 |
| • ConnectSafely.org | $33,244.31 |
| • Consumer Privacy Rights Fund (part of Rose Foundation for Communities and the Environment) | $33,244.31 |
| • Data & Society Research Institute | $33,244.31 |
| • National Cyber Security Alliance | $33,244.31 |
| • National Consumer Law Center | $33,244.31 |
| • American Civil Liberties Union/ACLU Foundation | $33,244.31 |
| • Center for Democracy and Technology | $33,244.31 |
| Total Administrative Costs | $1,254,734.26 |
| The Five Class Representatives Service Awards ($2,000 each) | $10,000 |
| Approved Attorneys' Fees | $7,131,789.60 |
| • Attorneys' Fees Paid | $5,348,842.2 |
| • Attorneys' Fees Withheld Pursuant to Dkt. 222 Pending Filing of Further Order and Filing of Post-Distribution Accounting | $1,782,947.4 |
| Approved Attorneys' Expenses | $ 309,524.79 |
| Attorneys' Fees as a Percentage of Settlement Fund Before Interest | 19.02% |

| | |
|---|---|
| Attorneys' Fee Multiplier | .96 |
| Attorney's Updated Lodestar Total | $7,418,677.40 |
| Net Settlement Fund | $28,793,951.35 |
| Percentage of Net Settlement Fund Cashed | 99.24% |

Consistent with the Northern District of California's Procedural Guidance, this Post-Distribution Accounting will be posted on the settlement website. Shawver Decl.

## V.    RELEASE OF REMAINDER OF ATTORNEYS' FEES

In its Final Approval Order, the Court held "that 25% of the attorney's fees award will be held back pending further order, to be issued after counsel have filed the post-distribution accounting required by the District's Procedural Guidance on Class Action Settlements." Dkt. 222 at 6. In compliance with the Order, Plaintiffs withheld 25% of the attorneys' fee award. *See* Shawver Decl. and Class Counsel Decl. ¶ 4. With the filing of the above Post-Distribution Accounting, Plaintiffs hereby respectfully request that the Court order the remainder of the attorneys' fees released.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court authorize a *cy pres* distribution of the remaining balance of the Net Settlement Fund to the proposed *cy pres* recipients, and order the withheld Attorneys' Fees be paid to Settlement Class Counsel.

DATED: September 5, 2024                    Respectfully submitted,

*/s/ Sabita J. Soneji*_____

Sabita J. Soneji
Tycko & Zavareei LLP


*/s/ Jillian R. Dent*_____

Jillian R. Dent
Stueve Siegel Hanson LLP

*Settlement Class Counsel*

POST-DISTRIBUTION ACCOUNTING AND NOTICE OF MOTION AND MOTION FOR *CY PRES* DISTRIBUTION AND RELEASE OF REMAINDER OF ATTORNEYS' FEES
Case No. 3:18-cv-6793-JD